1  BLECHER & COLLINS, P.C.
   MAXWELL M. BLECHER (State Bar No. 26202)
2  515 South Figueroa Street, 17th Floor
   Los Angeles, California 90071-3334
3  Telephone:  (213) 622-4222
   Facsimile: (213) 622-1656
4  E-mail:  mblecher@blechercollins.com

5  CUNEO GILBERT & LADUCA, LLP
   JON TOSTRUD (State Bar No. 199502)
6  1801 Century Park East, Suite 2400
   Los Angeles, California  90067
7  Telephone:  (310) 418-8262
   Facsimile:  (310) 556-9622
8  E-mail:  tostrud@yahoo.com

9  CUNEO GILBERT & LADUCA LLP
   JONATHAN W. CUNEO
10 WILLIAM H. ANDERSON
   507 C Street, NE
11 Washington, D.C.  20002

12 CHIMICLES & TIKELLIS LLP
   NICHOLAS E. CHIMICLES
13 MICHAEL D. GOTTSCH
   DENISE DAVIS SCHWARTZMAN
14 361 West Lancaster Avenue
   Haverford, Pennsylvania  19041

15

16 Attorneys for Plaintiff

17

18            UNITED STATES DISTRICT COURT

19        FOR THE CENTRAL DISTRICT OF CALIFORNIA

20                  WESTERN DIVISION

21                                    ED CV 07-287 VAP (ORx)

22 JOHN TRUE, individually and on behalf )  CASE NO.
   of all others similarly situated,     )
23                                        )    **CLASS ACTION**
                  Plaintiff,             )
24                                        )    **COMPLAINT**
            vs.                          )
25                                        )
   AMERICAN HONDA MOTOR CO.,             )   **(DEMAND FOR JURY TRIAL)**
26 INC.,                                 )
                                          )
27            Defendant.                 )

28

DOCKETED ON CM

MAR 15 2007

BY _____ 193

Printed on Recycled Paper

1       Plaintiff John True, individually and on behalf of all others similarly

2 situated, files this class action complaint against Defendant American Honda

3 Motor Co., Inc. ("Honda" or "Defendant"). Plaintiff alleges as follows upon

4 personal knowledge as to his actions and upon information and belief based upon

5 the investigation of his attorneys as to all other facts alleged in the Complaint:

6 **INTRODUCTION**

7     1.     This is a class action brought by Plaintiff on behalf of a Class of all

8 persons who purchased or leased a new Honda Civic Hybrid ("HCH") from

9 Defendant in the United States between March 1, 2003 through March 1, 2007

10 ("Class Period").

11     2.     This case narrowly focuses on the use of false and deceptive

12 advertising by Defendant to sell the HCH. This case does not challenge the EPA

13 testing guidelines, nor does it question the quality or reliability of the non-hybrid

14 Honda Civic. This case challenges the disingenuous way that Honda advertises

15 and markets the HCH, with inaccurate representations of fuel economy that the car

16 simply does not achieve under normal driving conditions. The challenged

17 representations of fuel economy in the marketing and advertising of the HCH are

18 not required by law and they are not put in the appropriate context.

19     3.     Honda first introduced a hybrid car to the U.S. market in 1999,

20 touting its new fuel-friendly engine to be the most immediately available answer

21 to consumers' pressing need for a fuel efficient automobile as the price of gasoline

22 moved steadily upward, eventually rising (for a time) to over $3.00 a gallon.

23     4.     During the Class Period, in order to induce consumers to purchase the

24 HCH, Honda advertised the HCH with false statements of its fuel efficiency and

25 the cost savings realizable from its purchase, specifically advertising remarkable

26 overall efficiency of 49-50 miles per gallon of gasoline ("MPG") when Honda

27 knew, or by the exercise of reasonable care should have known, but omitted to

28 state, that such statements were untrue, deceptive, or materially misleading, and

BLECHER & COLLINS
A PROFESSIONAL CORPORATION
ATTORNEYS AT LAW

- 1 -

*Printed on Recycled Paper*

1   that the actual performance for the HCH is and was up to 53% below the miles per

2   gallon of fuel efficiency or cost savings that Honda advertised.  A real world

3   driving test reported by *Consumer Reports* in October 2005 indicated that in city

4   driving, despite a claim of 49 MPG, the HCH got only 26 MPG – 53% below the

5   advertised fuel economy.

6       5.      Honda's advertisements with their untrue, materially misleading or

7   deceptive statements concerning fuel efficiency and cost savings were

8   communicated to every consumer who purchased an HCH from Defendant during

9   the Class Period.  Honda's misrepresentations of the HCH's fuel economy are a

10  substantial factor, if not the controlling factor, in inducing Plaintiff and each

11  member of the Class to purchase the HCH.

12      6.      Plaintiff asserts claims against Defendant under the Unfair

13  Competition Law ("UCL"), Cal. Bus. & Prof. Code § 17200, *et seq.*, False

14  Advertising Law ("FAL"), Bus. & Prof. Code § 17500, *et seq.*, the Consumer

15  Legal Remedies Act ("CLRA"), Cal. Civil Code § 1750, *et seq.*, and for common

16  law Unjust Enrichment.

17      7.      Honda's actions with respect to the Plaintiff and the Class have been

18  generally applicable to the Class, making final injunctive relief appropriate.  If an

19  injunction is not entered, Honda will continue to engage in the illegal behavior

20  described in this Complaint.

21      8.      Plaintiff seeks actual, compensatory, and punitive damages,

22  restitution, and equitable relief, including disgorgement of profits and injunction,

23  and attorney's fees and costs.

24                              **THE PARTIES**

25      9.      Plaintiff John True ("Plaintiff") resides in Ontario, California in this

26  District.  Plaintiff purchased an HCH on April 16, 2006, from Penske

27  Honda-Ontario, California for $28,706.  In approximately 6,000 miles of driving,

28

- 2 -

BLECHER & COLLINS
A PROFESSIONAL CORPORATION
ATTORNEYS AT LAW

1 Plaintiff has averaged only 32 MPG in mixed highway and city driving in his
2 HCH, significantly below the 49-50 MPG advertised by Honda.

3     10.     Defendant American Honda Motor Company, Inc. ("American
4 Honda") is a California corporation with its principal executive offices located at
5 1919 Torrance Blvd., Torrance, California 90501.  American Honda, a wholly
6 owned U.S. subsidiary of Honda Motor Company ("HMC"), markets Honda's
7 automobile products in the United States through a sales network of over 1200
8 authorized independent local automobile dealers.  American Honda is the affiliate
9 or franchisor of the Honda dealerships.

10                    **JURISDICTION AND VENUE**

11     11.     This Court has subject-matter jurisdiction pursuant to 28 U.S.C.
12 § 1332(d).  The matter in controversy exceeds $5,000,000 exclusive of interests
13 and costs, and this matter is a class action in which certain class members are
14 citizens of States other than Defendant's state of citizenship.  This Court also has
15 supplemental jurisdiction pursuant to 28 U.S.C. § 1367(a).

16     12.     Venue is proper in this Court because the Plaintiff and Defendant
17 reside in this District, and a substantial part of the events alleged in this Complaint
18 giving rise to Plaintiff's claims, including the dissemination of the false and
19 misleading advertising alleged herein, occurred in and were directed from this
20 District.

21 **FACTUAL ALLEGATIONS**

22 Background

23     13.     Since their appearance on the market in the late 1990s, hybrid car
24 sales have risen consistently.  California strongly outpaces all other states for
25 purchases, registering more than five times the number of hybrids as the second
26 place state, Florida.  The Arizona Republic reports that 26.5% of all hybrid cars
27 are purchased in California, which is unsurprising given that California is one of
28 the most expensive states in the Country for gasoline.  Los Angeles is the top

BLECHER & COLLINS
A PROFESSIONAL CORPORATION
ATTORNEYS AT LAW

Printed on Recycled Paper

1  metropolitan market for hybrids.  Exxon-Mobil estimates hybrid cars will

2  eventually claim 30% of the new car market.   www.hybridcars.com, 10/16/06.

3         14.    The HCH has been phenomenally successful.  Honda posted sales of

4  21,839 HCHs for the 2006 model year by August 2006.  John Mendel, senior vice

5  president of auto operations for American Honda was quoted in a March 2006

6  www.wardsauto.com article as saying that HCH units were "well under short

7  supply – three days on the lot essentially."  Mendel also stated that the success of

8  the entire Honda Civic line is boosted by sales of the HCH.

9         15.    During the Class Period, the HCH is and was in all respects identical

10  to the standard engine Honda Civic *except* for its hybrid engine, but an HCH will

11  typically sell at a premium of nearly $7,000 over a standard engine Honda Civic

12  similarly equipped.  For the 2007 model year, the base price for the standard

13  engine Honda Civic with an automatic transmission is $15,810; for an HCH with

14  automatic transmission, the base price is $22,600.

15  Monroney Stickers or "Stickers"

16         16.    The Monroney Sticker – named for Senator Almer Stillwell

17  Monroney who proposed the Automobile Information Disclosure Act of 1958 –

18  requires a statement on a window sticker placed on all new vehicles sold in the

19  U.S. stating a fuel economy range for city and highway driving for automobiles of

20  that particular type.  Additionally, the Monroney Sticker provides an estimate of

21  the costs for operating the specific automobile offered for sale.  40 C.F.R.

22  § 600.306-86(a).  Governing regulations for the language of the Monroney Sticker

23  require the disclaimer, "Actual mileage *will vary* with options, driving conditions,

24  driving habits, and [vehicle] condition . . ." 40 C.F.R. § 600.307-86(a)(ii)(A)

25  (emphasis added).

26         17.    At point of sale, each new HCH is required to have affixed to its

27  window the Monroney Sticker, reciting fuel estimates for the automobile as

28  calculated according to the method mandated by the Environmental Protection

BLECHER & COLLINS
A PROFESSIONAL CORPORATION
ATTORNEYS AT LAW

*Printed on Recycled Paper*

1  Agency ("EPA"). The requirement that an EPA mileage estimate be on that

2  sticker for all vehicles sold in the United States can be found at 15 U.S.C. § 1232,

3  49 U.S.C. § 32904, and the accompanying regulations. Each individual car

4  manufacturer typically conducts the actual testing, with the EPA spot auditing test

5  results. The fuel economy numbers that Honda *advertised* in print, TV, and on the

6  worldwide web for the HCH are those measured pursuant to the EPA laboratory

7  testing methods. However, Honda knew at all times relevant, or by exercise of

8  reasonable judgment should have known, that the fuel efficiency numbers

9  advertised were grossly inflated, and that the HCH did not achieve performance

10  levels or costs savings consistent with the EPA estimates. Despite changes in the

11  EPA testing guidelines that will significantly decrease the fuel economy posted on

12  the 2008 model year stickers, Honda continues to market the HCH with the older

13  fuel economy numbers they know to be deceptive and inaccurate.

14      18.    EPA fuel estimates frequently overstate the actual fuel efficiency for

15  most automobiles because, as set out in the relevant statutes and regulations, and

16  as Defendant knew, the EPA fuel economy calculations for the Sticker do not

17  include on-the-road testing or real-world driving experience. According to David

18  Champion, Senior Director of Consumer Reports' Auto Test Center, however,

19  while EPA fuel estimates may at times overstate actual fuel efficiency for most

20  cars, "the discrepancy for Hybrids is much, much bigger."

21  www.weeklystandard.com, January 2006.

22      19.    Honda knew, or by the exercise of reasonable care should have

23  known, that the fuel economy numbers stated in Honda's advertising, even though

24  parroting the Sticker, were not placed in the appropriate context and, as a result,

25  were and are materially false, untrue, and deceptive. The Honda advertising

26  changed the federally mandated disclaimer language "[a]ctual mileage *will vary*"

27  language to a more deceptive "[a]ctual mileage *may vary*" and in some cases failed

28  to include even the weakened disclaimer in the advertising of the HCH.

- 5 -

*Printed on Recycled Paper*

BLECHER & COLLINS
A PROFESSIONAL CORPORATION
ATTORNEYS AT LAW

BLECHER & COLLINS
A PROFESSIONAL CORPORATION
ATTORNEYS AT LAW

**False Advertising of the HCH**

20.    The HCH is advertised for sale to all consumers on the basis of materially untrue, deceptive, and misleading representations or omissions of its fuel efficiency and the cost savings realized from this efficiency.  This purported fuel economy, expressed in miles per gallon of gasoline consumed or cost savings realized on that fuel consumption, differentiated the HCH from the standard engine Honda Civic (and other comparable automobiles).  In Defendant's advertising in print media, on their website, and on television, Defendant's claims for the HCH of 50 MPG fuel efficiency (49 city/51 highway) are repeated and emphasized.  Honda's advertising was directed to all consumers and potential consumers throughout the United States intending to result in sales of the HCH. For example,

a.    In *Time*, *Newsweek*, and other large national publications, since at least 2003, and as recently as November 2006, Honda purchased two-page advertisements making claims about the HCH.  One such advertisement makes the following assertion about the HCH, "[w]ith up to 650 miles to every tank of gas, it's America's fuel-economy marvel."  Advertisement *Time*, November 24, 2003. Another ad stated in bold that Honda is "The most fuel-efficient auto company in America . . . like the 2006 50 MPG Civic Hybrid."  Advertisement *Time*, October 2, 2006.

b.    A mainstay ad for the HCH on Honda's website for months, if not years, has referred to the car's "world changing advances in fuel economy," going on to say, "[y]ou'll feel the benefits of the refined gasoline-electric powertrain on the Civic Hybrid right there in your wallet at fill-up time."  Honda then goes on to refer to the 49/51 city highway EPA estimated fuel economy,

Printed on Recycled Paper

again using the "actual mileage *may vary*" language, omitting the language that is requisite on the Monroney Sticker.

c.   Additionally, Honda's *website* leads prospective HCH purchasers to "Calculate The Fuel Savings" without providing any caveat:

> Pulling up to the pump less often is about the only adjustment Civic Hybrid drivers find they have to make. And with gas mileage of up to 51 MPG, you can just imagine the savings. But why just imagine when you can arrive at a figure? Simply enter a bit of data below and let our Savings Calculator do the rest.

After following the link, the fuel calculator then invites the consumer to determine his/her fuel savings to the penny in a five and 10 year window, helping them determine what they will save if they use the HCH in lieu of their current vehicle. Prospective customers are directed to input their commuting distance in miles per day (or week), price paid for gasoline, and the fuel economy of their current vehicle.

|  | CAR X | HCH 2007 |
|---|---|---|
| commuting distance | 80 miles | 80 miles |
| gasoline per gallon | $2.50 | $2.50 |
| savings (5 years) |  | $8,051.47 |
| savings (10 years) |  | $16,102.94 |

The chart above summarizes the savings indicated by the fuel calculator for the HCH compared to a Volvo S60 mid-sized sedan. This result is again presented with a reference to the EPA testing and the language "actual mileage *may vary*" as

- 7 -

*Printed on Recycled Paper*

BLECHER & COLLINS

A PROFESSIONAL CORPORATION
ATTORNEYS AT LAW

<table>
<tr><td>1</td><td>opposed to the language "actual mileage <em>will vary</em>" as on the</td></tr>
<tr><td>2</td><td>Monroney Sticker.</td></tr>
</table>

1     opposed to the language "actual mileage *will vary*" as on the

2     Monroney Sticker.

3     d.     On page 21 of the brochure for the 2007 HCH, which

4     Defendant provides to all prospective purchasers and lessees of

5     the HCH, Honda states that the HCH gets 49 MPG in city

6     driving. Above the 49 MPG is a small five (5) indicating a

7     footnote, taking the prospective consumer to page 34, where,

8     buried in small print midway down a column in a foldout, there

9     is disclaimer that mileage is based on EPA estimates.

10     21.     It is difficult to rectify Honda's claims with the October 2005

11 investigation and road test by the well-respected publication *Consumer Reports*

12 reporting that in real-world city driving, where a hybrid should excel, the HCH got

13 only *26 MPG*, not 49 MPG as stated in Honda's advertising.

14     22.     Complaints from angry HCH owners have resounded for all model

15 years during the Class Period, with no response from Honda. For example, on

16 April 30, 2004, AK, the owner of a 2004 HCH, recorded the following complaint

17 on the website of NHTSA (National Highway Traffic Safety Administration):

18     The advertised MPG of my Honda Hybrid for city

19     driving is 48 MPG. I have never gotten better than 38

20     MPG. Honda says there's nothing they can do about it

21     and just advertising that it will get 48 MPG doesn't mean

22     it will get that actual mileage. I believe it should at least

23     be close, not 20% less than advertised. I paid extra to

24     buy a hybrid automobile that is supposed to perform

25     much better than it does. False or misleading advertising

26     for any consumer purchase should not be permitted,

27     especially when it is a major purchase for an average

28     consumer to make. *AK

Printed on Recycled Paper

BLECHER & COLLINS
A PROFESSIONAL CORPORATION
ATTORNEYS AT LAW

1    Complaint No. 10086133.

2    23.    Likewise, complaints from HCH owners all around the United States

3  reported on the worldwide web at www.autos.yahoo.com demonstrate a common

4  frustration and anger regarding the fuel efficiency and cost savings not realized on

5  the purchase of an HCH.  For example,

6        a.    Jayne from Monroe, CT (8/30/06)

7             This car is very unattractive and the worst part about it is

8             that the mileage isn't much above my Buick Century's

9             mileage of 22 MPG.  C'mon guys you can give the

10            American public a better product than this.

11       b.    Dwon from San Jose, CA (8/20/06)

12            There seems to be some discrepancies on the true

13            mileage that a HCH is getting. I'd like to share my

14            personal experience. I drive a *2004* model and after 60K

15            miles, average only between 33-35 MPG! My mileage is

16            based directly from the odometer MPG read out. My

17            HCH always carries about 10 pounds of my "office"

18            supplies around and a Yakima bike rack on top. My

19            driving is mixed about 50/50, city and highway, and I

20            don't accelerate fast. I usually keep at 65-75 mph on the

21            freeways. I use only 87 gasoline. 80% of the time I drive

22            with the A/C on. I've tried different oils, a new air filter

23            and tried different ways to get the most fuel efficiency

24            out of my hybrid, but still I get about 35 miles per gallon

25            at best.

26       c.    wrangler from Los Angeles, CA (4/22/06)

27

28

BLECHER & COLLINS
A PROFESSIONAL CORPORATION
ATTORNEYS AT LAW

*Printed on Recycled Paper*

With in excess of 25,000 miles, the advertising is false.

Honda knows it is false and does nothing about it. This

car will average 35 MPG city/highway. I contacted

Honda Customer Service and they have a pat list of

questions to ask you in order to turn it away from the fact

that the listed MPG is a fiction.

d.    Michael W. Hutko from Augusta-Martinez, GA (3/16/06)

The car looks nice and rides smooth. Advertisement of

49-51 MPG (which is the sole and MAIN reason I was

attracted to this car, is very, very, very deceptive and

something should be done about this! (My MAXIMUM

MPG after 2000 plus miles is 33, not even close to the

49-51 MPG advertised). Essentials like floor mats and

trunk mat are tagged as optional items and must be paid

for in addition to the OUT-THE-DOOR-COST. I want to

return the vehicle to the dealer as I am NOT getting what

I paid for (MPG IN THE HIGH 40s RANGE) In Georgia

and South Carolina, Honda Dealers and Honda Service

Centers do not have satisfactory answers for MPG

questions. I thought I was contributing environmentally

to the fuel consumption problem when I bought this car,

but find that this is not the case with this vehicle. I wish

Honda would provide an acceptable solution to the

problem of non performance in the MPG area. Where

must I go within the Honda Organization to have the

vehicle returned and get refunded for non-performance?

e.    J Reynolds from Redding, CA (1/15/06)

Printed on Recycled Paper

BLECHER & COLLINS
A PROFESSIONAL CORPORATION
ATTORNEYS AT LAW

I have had my car for three months and I am only getting 34.5 MPG instead of the advertised 49/51. I drive normally staying within the speed limit and normal acceleration. Definitely not worth the difference in price from a normal Honda Civic. My mom has a normal Civic and she gets 34 MPG as she has kept track. I am extremely disappointed.

    f.    Craig A Guntz from Tampa, Fla. (12/19/05)

I have *2005* Civic Hybrid and I do not get the gas mileage that is advertised 46/51. My average miles in the city is 33.6. I've been calculating the gas miles for about 6 months and I'm not impressed. I paid an extra $2000.00 to $3000.00 on the cost of the car.

24.    Particularly noteworthy in these complaints is the fact that in real world driving the HCH gets only marginally better fuel mileage than the standard engine Honda Civic. While the HCH website boasts about its fuel efficiency, the website for the standard engine Honda Civic contains no such boasting, referring only to the EPA mileage estimates via its detailed specifications link. Honda has deliberately downplayed fuel efficiency claims for the standard engine Honda Civic in an effort to increase sales of the more expensive HCH, omitting to state on the websites or in advertising that the *cheaper standard engine Honda Civic has fuel performance practically equivalent to the HCH.*

24.    Throughout the Class Period, Honda deliberately omitted to state in its advertising that the HCH does not perform up to the mileage estimates or cost savings on the Sticker, or that the experience of drivers of the HCH has not been merely "varied" but significantly lower.

25.    Honda's statements and omissions regarding the fuel economy of the HCH are untrue, deceptive, and misleading, have the capacity or tendency to

Printed on Recycled Paper

BLECHER & COLLINS
A PROFESSIONAL CORPORATION
ATTORNEYS AT LAW

1  mislead or confuse, and were made to all consumers nationwide to induce

2  purchase of the HCH.

3                    **CLASS ACTION ALLEGATIONS**

4          26.    Plaintiff brings this action as a class action pursuant to Federal Rule

5  of Civil Procedure 23 on behalf of himself and the following Class:

6                  a.    All persons residing in the United States who purchased or

7                        leased new Honda Civic Hybrid between March 1, 2003 and

8                        March 1, 2007.  Expressly excluded from the Class are

9                        Defendant and their subsidiaries, affiliates, officers, directors,

10                       and employees ("Class").

11        27.    Certification of the Class is appropriate pursuant Fed. R. Civ. P.

12  23(a).  The members of the Class are so numerous that joinder of all members

13  would be impracticable.  Honda sales records indicate that there are tens of

14  thousands of purchasers of the HCH dispersed throughout the United States.

15        28.    There are common questions of law or fact, among others, including:

16                 a.    Whether Honda knew, or by the exercise of reasonable care

17                       should have known that the HCH actual fuel efficiency was

18                       significantly below the figures Honda advertised;

19                 b.    Whether Honda advertised the HCH to the Class throughout

20                       the United States with materially deceptive, untrue, or

21                       misleading statements of fuel efficiency expressed in miles per

22                       gallon or cost savings;

23                 c.    Whether Honda made materially untrue or misleading

24                       statements of fact to the Class concerning the fuel efficiency of

25                       the HCH;

26                 d.    Whether Honda concealed from or omitted to state material

27                       facts to the Class concerning the actual fuel efficiency of the

28                       HCH;

- 12 -

BLECHER & COLLINS
A PROFESSIONAL CORPORATION
ATTORNEYS AT LAW

*Printed on Recycled Paper*

e.    Whether Honda knew, or by the exercise of reasonable care should have known, that the materially misleading statements of fact made to the Class about the fuel economy and fuel cost savings of the HCH had the capacity or tendency to confuse and mislead;

f.    Whether, by the misconduct as set forth in this Complaint, Honda engaged in unfair or unlawful business practices with respect to the advertising, marketing and sale of the HCH pursuant to California Business and Professions Code § 17200, *et seq.*;

g.    Whether, by the misconduct as set forth in this Complaint, Honda engaged in unfair, deceptive, untrue or misleading advertising relative to the HCH pursuant to California Business & Professions Code § 17500, *et seq.*;

h.    Whether, by the misconduct as set forth in this Complaint, Defendant engaged in unfair methods of competition and unfair or deceptive acts or practices intended to result in the sale or lease of goods to consumers in violation of California Civil Code § 1750;

i.    Whether, as a result of Honda's misconduct as set forth in this Complaint, Plaintiff and the Class are entitled to damages, restitution, equitable relief and other relief, and the amount and nature of such relief;

j.    Whether Honda has acted on grounds generally applicable to the Class, making injunctive relief appropriate;

k.    Whether a Class can be certified pursuant to Fed. R. Civ. P. 23(b)(3); and

l.    Whether, alternatively, a Class can be certified pursuant to Fed.

*Printed on Recycled Paper*

BLECHER & COLLINS
A PROFESSIONAL CORPORATION
ATTORNEYS AT LAW

1    R. Civ. P. 23(b)(2).

2    29.    Plaintiff's claims are typical of the claims of the Class, because

3    Plaintiff and all members of the Class were injured economically by the same

4    wrongful practices of Honda as described in this Complaint. Plaintiff's claims

5    arise from the same practices and course of conduct that gave rise to the claims of

6    the Class members, and are based on the same legal theories. The only difference

7    between Plaintiff and individual members of the Class could be the amount of

8    damages sustained, which is an amount that can be readily determined, and does

9    not bar or in any way impair class certification.

10    30.    Plaintiff will fairly and adequately represent the interests of the

11    members of the Class. Plaintiff's interests are the same as, and not in conflict

12    with, the other members of the Class. Plaintiff's counsel is experienced in class

13    action and complex litigation.

14    31.    Questions of law or fact common to the members of the Class

15    predominate and a class action is superior to other available methods for the fair

16    and efficient adjudication of this lawsuit, because individual litigation of the

17    claims of all members of the Class is economically unfeasible and procedurally

18    impracticable. While the aggregate damages sustained by Class members are

19    likely to be in the millions of dollars, the individual damages incurred by each

20    Class member resulting from Honda's wrongful conduct are, as a general matter,

21    too small to warrant the expense of individual suits. The likelihood of individual

22    members of the Class prosecuting separate claims is remote and, even if every

23    Class member could afford individual litigation, the court system would be unduly

24    burdened by individual litigation of such cases. Individualized litigation would

25    also present the potential for varying, inconsistent, or contradictory judgments and

26    would magnify the delay and expense to all parties and to the court system

27    resulting from multiple trials of the same factual issues. Plaintiff knows of no

28    difficulty to be encountered in the management of this action that would preclude

- 14 -

*Printed on Recycled Paper*

BLECHER & COLLINS
A PROFESSIONAL CORPORATION
ATTORNEYS AT LAW

1  its maintenance as a class action and certification of the Class under Rule 23(b)(3)

2  is proper.

3      32.    Relief concerning Plaintiff's rights under the laws herein alleged and

4  with respect to the Class would be proper.  Honda has acted or refused to act on

5  grounds generally applicable to the Class, thereby making appropriate final

6  injunctive relief or corresponding declaratory relief with regard to members of

7  each Class as a whole and certification of the Class under Rule 23(b)(2) is proper.

8                                  **COUNT I**

9        ***For Violations of the UCL, Bus. & Prof. Code § 17200***

10      33.    Plaintiff repeats and realleges the allegations set forth above as if

11  fully contained herein.

12      34.    Defendant has engaged in unfair, unlawful, and fraudulent business

13  acts or practices as described in this Complaint, including but not limited to,

14  disseminating or causing to be disseminated from the State of California, unfair,

15  deceptive, untrue, or misleading advertising as set forth above in this Complaint.

16      35.    By engaging in the above-described acts and practices, Defendant

17  committed one or more acts of unfair competition within the meaning of Unfair

18  Competition Law, Cal. Bus. & Prof. Code § 17200, *et seq.*

19      36.    Defendant's acts and practices have deceived or are likely to continue

20  to deceive members of the Class throughout the United States and impact the

21  public interest.  The material misrepresentations and omissions described in this

22  Complaint are substantial and were made to all members of the Class with the

23  purpose and intent of inducing members of the Class to purchase an HCH.

24      37.    Plaintiff and all members of the Class suffered injury in fact as a

25  result of Defendant's unfair methods of competition when each purchased an

26  HCH, paying a premium for the HCH vehicle, which does not perform as

27  advertised.

28      38.    Plaintiff, on behalf of himself and on behalf of the Class, seeks an

- 15 -

*Printed on Recycled Paper*

BLECHER & COLLINS
A PROFESSIONAL CORPORATION
ATTORNEYS AT LAW

1  order of this Court against Defendant awarding restitution, disgorgement,

2  injunctive relief and all other relief allowed under § 17200, et seq., plus interest,

3  attorneys' fees and costs, pursuant to, *inter alia*, Cal. Code of Civ. Proc. § 1021.5.

### COUNT II

### *For Violations of the FAL, Bus. & Prof. Code § 17500, et seq.*

6      39.  Plaintiff repeats and realleges the allegations set forth above as if

7  fully contained herein.

8      40.  Plaintiff brings this cause of action on behalf of himself and on behalf

9  of the Class.

10      41.  Defendant American Honda Motor Company, Inc. is a California

11  company disseminating advertising from California throughout the United States,

12  which advertising was planned in California with Honda's California advertising

13  agency, Rubin Postaer & Assoc., Santa Monica, California.  Defendant

14  disseminated or caused to be disseminated the materially untrue and misleading or

15  omissive advertising described in this Complaint with the intent to directly or

16  indirectly induce Plaintiff and members of the Class to purchase the HCH.

17      42.  The advertising misrepresenting the fuel efficiency and cost savings

18  for the HCH, or omitting to state that EPA estimates were not accurate, grossly

19  inflated, and are untrue, false, misleading, and deceptive as set forth in this

20  Complaint.

21      43.  When Defendant disseminated the advertising described herein, they

22  knew, or by the exercise of reasonable care should have known, that the

23  statements concerning fuel efficiency and cost savings made for the HCH were

24  untrue or misleading, or omitted to state the truth about HCH fuel consumption

25  and gasoline costs for the vehicle, in violation of the Fair Advertising Law, Cal.

26  Bus. & Prof. Code § 17500, *et seq.*

27

28

- 16 -

BLECHER & COLLINS
A PROFESSIONAL CORPORATION
ATTORNEYS AT LAW

44. Plaintiff, on behalf of himself and on behalf of the Class, seeks restitution, disgorgement, injunctive relief, and all other relief allowable under § 17500, *et seq.*

## COUNT III

### *FOR UNJUST ENRICHMENT AGAINST DEFENDANT*
### *FOR VIOLATIONS ALLEGED IN COUNTS I AND II*

45. Plaintiff repeats and realleges the allegations set forth above as if fully contained herein.

46. As a direct and proximate result of the misconduct set forth above, Defendant has been unjustly enriched.

47. Through deliberate misrepresentations or omissions in connection with the advertising, marketing, promotion, and sale of the HCH, Defendant reaped benefits which resulted in their wrongful receipt of profits. Accordingly, Defendant will be unjustly enriched unless ordered to disgorge those profits for the benefit of Plaintiff and the Class.

## COUNT IV

### *Against Defendant*
### *For Violations of CLRA, Civil Code § 1750, et seq.*

48. Plaintiff realleges and incorporates the foregoing allegations by reference as if set forth herein at length except for the definition of the Class in paragraph 28(a). For purposes of this Count IV, the Class shall be defined as:

> All persons residing in the United States who purchased
> or leased in California a new Honda Civic Hybrid
> primarily for personal, family, or household purposes
> between March 1, 2004 and March 1, 2007.

49. The acts and practices described in this Complaint were intended to result in the sale of goods, specifically a motor vehicle, in a consumer transaction.

BLECHER & COLLINS
A PROFESSIONAL CORPORATION
ATTORNEYS AT LAW

- 17 -

1  The Defendant's acts and practices violated, and continue to violate, the Consumer

2  Legal Remedies Act ("CLRA") in at least the following respects:

3              a.     Representing the HCH to have characteristics, uses or benefits

4                   that it does not have, in violation of § 1770(a)(5) of the CLRA;

5              b.     Representing the HCH to be of particular standard, quality or

6                   grade, when it is of another, in violation of § 1770(a)(7) of the

7                   CLRA; and

8              c.     Advertising the HCH with the intent not to sell the HCH as

9                   advertised in violation of § 1770(a)(9) of the CLRA.

10       50.     Plaintiff gave notice to Defendant more than thirty (30) days prior to

11  the commencement of this action for damages of the acts and practices and

12  particular violations of the law of which Plaintiff complains. Plaintiffs sent their

13  demand letter on December 9, 2006 and received a letter from attorney Roy M.

14  Brisbois of Lewis Brisbois Bisgaard and Smith LLP on December 29, 2006,

15  refusing to take actions to remedy the violations alleged herein.

16       51.     Plaintiff seeks and is entitled to equitable relief on behalf of the

17  members of the Class in the form of an order (a) enjoining Defendant from

18  continuing to engage in the practices described in this Complaint in California, or

19  when directed from California; (b) requiring Defendant to make full restitution of

20  all monies wrongfully obtained as a result of the conduct described in this

21  Complaint; (c) requiring the Defendant to provide public notice of the true nature

22  of the HCH fuel efficiency; (d) actual damages; and (e) punitive damages.

23                            **PRAYER FOR RELIEF**

24       WHEREFORE, Plaintiff prays:

25       a.     That this matter be certified as a class action with the Class defined as

26  set forth above under Fed. R. Civ. P. 23(b)(3), or in the alternative Fed. R. Civ. P.

27  23(b)(2), and that the Plaintiff be appointed Class Representative, and his

28  attorneys be appointed Class Counsel.

BLECHER & COLLINS
A PROFESSIONAL CORPORATION
ATTORNEYS AT LAW

*Printed on Recycled Paper*

1   b.  That the Court enter an order requiring Defendant to immediately

2 cease the wrongful conduct as set forth above; enjoining Defendant from

3 continuing to falsely advertise or conceal material information and conduct

4 business via the unlawful and unfair business acts and practices complained of

5 herein; and ordering Defendant to engage in a corrective notice campaign;

6   c.  That judgment be entered against Defendant in an amount

7 undetermined for Unjust Enrichment, including disgorgement of profits received

8 by Defendant as a result of said purchases, appropriate equitable relief and costs of

9 suit including attorney's fees;

10   d.  That judgment be entered against Defendant for damages, statutory,

11 damages, punitive damages, cost of suit, and attorneys' fees, and injunction; and

12   e.  For such other damages, equitable relief and pre- and post-judgment

13 interest as the Court may deem just and proper.

14 Dated: March 9, 2007    BLECHER & COLLINS, P.C.
                 MAXWELL M. BLECHER

15

16                 CUNEO GILBERT & LADUCA, LLP
                 JON TOSTRUD

17                 CUNEO GILBERT & LADUCA, LLP
                 JONATHAN W. CUNEO

18                 WILLIAM H. ANDERSON

19                 CHIMICLES & TIKELLIS
                 NICHOLAS E. CHIMICLES

20                 MICHAEL D. GOTTSCH
                 DENISE DAVIS SCHWARTZMAN

21

22

23        By: _____
               MAXWELL M. BLECHER

24                Attorneys for Plaintiff

25

26

27

28

Printed on Recycled Paper

BLECHER & COLLINS
A PROFESSIONAL CORPORATION
ATTORNEYS AT LAW

## **DEMAND FOR JURY TRIAL**

Plaintiff hereby demands a jury trial as provided for in Rule 38, Fed. R. Civ. P. and pursuant to Rule 3.4.10.1 of the Local Rules of the U.S. District Court for the Central District of California.

Dated:   March 9, 2007

BLECHER & COLLINS, P.C.
MAXWELL M. BLECHER

CUNEO GILBERT & LADUCA, LLP
JON TOSTRUD

CUNEO GILBERT & LADUCA, LLP
JONATHAN W. CUNEO
WILLIAM H. ANDERSON

CHIMICLES & TIKELLIS
NICHOLAS E. CHIMICLES
MICHAEL D. GOTTSCH
DENISE DAVIS SCHWARTZMAN

By: _____
    MAXWELL M. BLECHER
    Attorneys for Plaintiff

Printed on Recycled Paper

# United States District Court

## Central District of California

JOHN TRUE, individually and on behalf of all
others similarly situated,

Plaintiff,                        **SUMMONS IN A CIVIL CASE**

AMERICAN HONDA MOTOR CO., INC.,        CASE NUMBER: EDCV 07-287 VAP(OPx)

Defendant.

**TO:** (Name and address of Defendant)

**YOU ARE HEREBY SUMMONED** and required to serve on PLAINTIFF'S ATTORNEY (name and address)

MAXWELL M. BLECHER, ESQ.
BLECHER & COLLINS, P.C.
515 SOUTH FIGUEROA STREET
17TH FLOOR
LOS ANGELES, CALIFORNIA 90071-3334
TELEPHONE: (213) 622-4222

an answer to the complaint which is served on you with this summons, within <u>TWENTY (20)</u> days after service of this summons on you, exclusive of the day of service. If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint. Any answer that you serve on the parties to this action must be filed with the Clerk of this Court within a reasonable period of time after service.

SHERRI R. CARTER

SEAL

MELONI WARREN

_____
CLERK

_____
(By) DEPUTY CLERK

DATE     [- 9 MAR 2007



DOCKETED ON CM
MAR 15 2007
BY _____ 193

AO-440

AO 440 (Rev. 8/01) Summons in a Civil Action

## RETURN OF SERVICE

| | DATE |
|---|---|
| Service of the Summons and complaint was made by me [1] | |
| NAME OF SERVER *(PRINT)* | TITLE |

*Check one box below to indicate appropriate method of service*

☐ Served personally upon the defendant. Place where served: _____

☐ Left copies thereof at the defendant's dwelling house or usual place of abode with a person of suitable age and discretion then residing therein.
Name of person with whom the summons and complaint were left: _____

☐ Returned unexecuted: _____

_____

_____

☐ Other (specify): _____

_____

_____

## STATEMENT OF SERVICE FEES

| TRAVEL | SERVICES | TOTAL |
|---|---|---|
| | | |

## DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Return of Service and Statement of Service Fees is true and correct.

Executed on _____        _____
                          Date                                          *Signature of Server*

                                                    _____
                                                    *Address of Server*

FOR OFFICE USE ONLY

(1) As to who may serve a summons see Rule 4 of the Federal Rules of Civil Procedure.

ORIGINAL

UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA
CIVIL COVER SHEET

| I (a) PLAINTIFFS (Check box if you are representing yourself ☐) | DEFENDANTS |
|---|---|
| JOHN TRUE, individually and on behalf of all others similarly situated, | AMERICAN HONDA MOTOR CO., INC. |

| (b) County of Residence of First Listed Plaintiff (Except in U.S. Plaintiff Cases): SAN BERNARDINO | County of Residence of First Listed Defendant (In U.S. Plaintiff Cases Only): ONTARIO |
|---|---|

| (c) Attorneys (Firm Name, Address and Telephone Number. If you are representing yourself, provide same.) | Attorneys (If Known) |
|---|---|
| MAXWELL M. BLECHER (SB # 26202)<br>BLECHER & COLLINS, P.C.<br>515 SOUTH FIGUEROA STREET<br>17TH FLOOR<br>LOS ANGELES, CALIFORNIA 90071-3334<br>TELEPHONE: (213) 622-4222 | |

**II. BASIS OF JURISDICTION** (Place an X in one box only.)

☐ 1 U.S. Government Plaintiff    ☒ 3 Federal Question (U.S. Government Not a Party)

☐ 2 U.S. Government Defendant    ☐ 4 Diversity (Indicate Citizenship of Parties in Item III)

**III. CITIZENSHIP OF PRINCIPAL PARTIES** - For Diversity Cases Only
(Place an X in one box for plaintiff and one for defendant.)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business in this State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business in Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

**IV. ORIGIN** (Place an X in one box only.)

☒ 1 Original Proceeding    ☐ 2 Removed from State Court    ☐ 3 Remanded from Appellate Court    ☐ 4 Reinstated or Reopened    ☐ 5 Transferred from another district (specify):    ☐ 6 Multi-District Litigation    ☐ 7 Appeal to District Judge from Magistrate Judge

**V. REQUESTED IN COMPLAINT: JURY DEMAND:** ☒ Yes  ☐ No (Check 'Yes' only if demanded in complaint.)

**CLASS ACTION under F.R.C.P. 23:** ☒ Yes  ☐ No        ☐ **MONEY DEMANDED IN COMPLAINT: $** _____

**VI. CAUSE OF ACTION** (Cite the U.S. Civil Statute under which you are filing and write a brief statement of cause. Do not cite jurisdictional statutes unless diversity.)

DIVERSITY

**VII. NATURE OF SUIT** (Place an X in one box only.)

| OTHER STATUTES | CONTRACT | TORTS PERSONAL INJURY | TORTS PERSONAL PROPERTY | PRISONER PETITIONS | LABOR |
|---|---|---|---|---|---|
| ☐ 400 State Reapportionment | ☐ 110 Insurance | ☐ 310 Airplane | ☐ 370 Other Fraud | ☐ 510 Motions to Vacate Sentence Habeas Corpus | ☐ 710 Fair Labor Standards Act |
| ☐ 410 Antitrust | ☐ 120 Marine | ☐ 315 Airplane Product Liability | ☐ 371 Truth in Lending | | ☐ 720 Labor/Mgmt. Relations |
| ☐ 430 Banks and Banking | ☐ 130 Miller Act | ☐ 320 Assault, Libel & Slander | ☐ 380 Other Personal Property Damage | ☐ 530 General | ☐ 730 Labor/Mgmt. Reporting & Disclosure Act |
| ☐ 450 Commerce/ICC Rates/etc. | ☐ 140 Negotiable Instrument | | ☐ 385 Property Damage Product Liability | ☐ 535 Death Penalty | |
| ☐ 460 Deportation | ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Fed. Employers' Liability | | ☐ 540 Mandamus/Other | ☐ 740 Railway Labor Act |
| ☐ 470 Racketeer Influenced and Corrupt Organizations | | ☐ 340 Marine | BANKRUPTCY | | ☐ 790 Other Labor Litig. |
| ☐ 480 Consumer Credit | ☐ 151 Medicare Act | ☐ 345 Marine Product Liability | ☐ 422 Appeal 28 USC 158 | ☐ 550 Civil Rights | ☐ 791 Empl. Ret. Inc. Security Act |
| ☐ 490 Cable/Sat TV | ☐ 152 Recovery of Defaulted Student Loan (Excl. Veterans) | ☐ 350 Motor Vehicle | ☐ 423 Withdrawal 28 USC 157 | ☐ 555 Prison Condition | PROPERTY RIGHTS |
| ☐ 810 Selective Service | | ☐ 355 Motor Vehicle Product Liability | | FORFEITURE/PENALTY | ☐ 820 Copyrights |
| ☐ 850 Securities/Commodities/ Exchange | ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 360 Other Personal Injury | CIVIL RIGHTS | ☐ 610 Agriculture | ☐ 830 Patent |
| ☐ 875 Customer Challenge 12 USC 3410 | ☐ 160 Stockholders' Suits | | ☐ 441 Voting | ☐ 620 Other Food & Drug | ☐ 840 Trademark |
| ☐ 890 Other Statutory Actions | ☐ 190 Other Contract | ☐ 362 Personal Injury-Med Malpractice | ☐ 442 Employment | ☐ 625 Drug Related Seizure of Property 21 USC 881 | SOCIAL SECURITY |
| ☐ 891 Agricultural Act | ☐ 195 Contract Product Liability | ☐ 365 Personal Injury-Product Liability | ☐ 443 Housing/Acco-mmodations | | ☐ 861 HIA (1395ff) |
| ☐ 892 Economic Stabilization Act | ☐ 196 Franchise | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 444 Welfare | ☐ 630 Liquor Laws | ☐ 862 Black Lung (923) |
| ☐ 893 Environmental Matters | REAL PROPERTY | | ☐ 445 American with Disabilities - Employment | ☐ 640 R.R. & Truck | ☐ 863 DIWC/DIWW (405(g)) |
| ☐ 894 Energy Allocation Act | ☐ 210 Land Condemnation | | ☐ 446 American with Disabilities - Other | ☐ 650 Airline Regs | ☐ 864 SSID Title XVI |
| ☐ 895 Freedom of Info. Act | ☐ 220 Foreclosure | | | ☐ 660 Occupational Safety/Health | ☐ 865 RSI (405(g)) |
| ☐ 900 Appeal of Fee Determina-tion Under Equal Access to Justice | ☐ 230 Rent Lease & Ejectment | | ☐ 440 Other Civil Rights | ☒ 690 Other | FEDERAL TAX SUITS |
| ☐ 950 Constitutionality of State Statutes | ☐ 240 Torts to Land | | | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) |
| | ☐ 245 Tort Product Liability | | | | ☐ 871 IRS - Third Party 26 USC 7609 |
| | ☐ 290 All Other Real Property | | | | |

**VIII(a). IDENTICAL CASES:** Has this action been previously filed and dismissed, remanded or closed? ☒ No  ☐ Yes

If yes, list case number(s):

*ED CV 07-287*

**FOR OFFICE USE ONLY:** Case Number: _____

| CV-71 (07/05) | CIVIL COVER SHEET | Page 1 of 2 |
|---|---|---|
| | | CCD-JS44 |

UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA
CIVIL COVER SHEET

**AFTER COMPLETING THE FRONT SIDE OF FORM CV-71, COMPLETE THE INFORMATION REQUESTED BELOW.**

**VIII(b). RELATED CASES:** Have any cases been previously filed that are related to the present case? ☒ No ☐ Yes

If yes, list case number(s): _____

**Civil cases are deemed related if a previously filed case and the present case:**

(Check all boxes that apply) ☐ A. Arise from the same or closely related transactions, happenings, or events; or

☐ B. Call for determination of the same or substantially related or similar questions of law and fact; or

☐ C. For other reasons would entail substantial duplication of labor if heard by different judges; or

☐ D. Involve the same patent, trademark or copyright, _and_ one of the factors identified above in a, b or c also is present.

**IX. VENUE:** List the California County, or State if other than California, in which **EACH** named plaintiff resides (Use an additional sheet if necessary)

☐ Check here if the U.S. government, its agencies or employees is a named plaintiff.

SAN BERNARDINO

List the California County, or State if other than California, in which **EACH** named defendant resides. (Use an additional sheet if necessary).

☐ Check here if the U.S. government, its agencies or employees is a named defendant.

ONTARIO

**List the California County,** or State if other than California, in which **EACH** claim arose. (Use an additional sheet if necessary)

**Note:** In land condemnation cases, use the location of the tract of land involved.

THROUGHOUT THE UNITED STATES EMINATING FROM CALIFORNIA

**X. SIGNATURE OF ATTORNEY (OR PRO PER):** _Maxwell [signature]_ Date MARCH 9, 2007

MAXWELL M. BLECHER

**Notice to Counsel/Parties:** The CV-71 (JS-44) Civil Cover Sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law. This form, approved by the Judicial Conference of the United States in September 1974, is required pursuant to Local Rule 3-1 is not filed but is used by the Clerk of the Court for the purpose of statistics, venue and initiating the civil docket sheet. (For more detailed instructions, see separate instructions sheet.)

Key to Statistical codes relating to Social Security Cases:

| Nature of Suit Code | Abbreviation | Substantive Statement of Cause of Action |
|---|---|---|
| 861 | HIA | All claims for health insurance benefits (Medicare) under Title 18, Part A, of the Social Security Act, as amended. Also, include claims by hospitals, skilled nursing facilities, etc., for certification as providers of services under the program. (42 U.S.C. 1935FF(b)) |
| 862 | BL | All claims for "Black Lung" benefits under Title 4, Part B, of the Federal Coal Mine Health and Safety Act of 1969. (30 U.S.C. 923) |
| 863 | DIWC | All claims filed by insured workers for disability insurance benefits under Title 2 of the Social Security Act, as amended; plus all claims filed for child's insurance benefits based on disability. (42 U.S.C. 405(g)) |
| 863 | DIWW | All claims filed for widows or widowers insurance benefits based on disability under Title 2 of the Social Security Act, as amended. (42 U.S.C. 405(g)) |
| 864 | SSID | All claims for supplemental security income payments based upon disability filed under Title 16 of the Social Security Act, as amended. |
| 865 | RSI | All claims for retirement (old age) and survivors benefits under Title 2 of the Social Security Act, as amended. (42 U.S.C. (g)) |