

ENTERED
CLERK, U.S. DISTRICT COURT

JUN 25 2007

CENTRAL DISTRICT OF CALIFORNIA
EASTERN DIVISION        BY DEPUTY

FILED
CLERK, U.S. DISTRICT COURT

JUN 2 2 2007

CENTRAL DISTRICT OF CALIFORNIA
EASTERN DIVISION        BY DEPUTY

Priority
Send
Enter
Closed
JS-5/JS-6
JS-2/JS-3
Scan Only

THIS CONSTITUTES NOTICE OF ENTRY
AS REQUIRED BY FRCP, RULE 77(D).

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

JOHN TRUE, etc.,

                    Plaintiff,

        v.

AMERICAN HONDA MOTOR
CO., INC.,

                    Defendant.

Case No. EDCV 07-287-VAP
(OPx)

**[Motion filed on April 20, 2007]**

**ORDER DENYING DEFENDANT'S MOTION TO DISMISS**

Defendant's Motion to Dismiss came before the Court for hearing on June 18, 2007. After reviewing and considering all papers filed in support of, and in opposition to, the Motion, as well as the arguments advanced by counsel at the hearing, the Court DENIES Defendant's Motion to Dismiss.

## I. BACKGROUND

### A.   Procedural History

On March 9, 2007, Plaintiff John True ("Plaintiff"), on behalf of himself and all others similarly situated, filed a Class Action Complaint ("Compl.") against

1   Defendant American Honda Motor Co., Inc. ("Defendant"),

2   asserting four state law claims:  (1) violation of

3   California Business & Professions Code ("B&P") § 17200

4   ("Unfair Competition Law" or "UCL"); (2) violation of B&P

5   § 17500 ("False Advertising Law" or "FAL"); (3) unjust

6   enrichment as a result of violation of B&P §§ 17200 and

7   17500; and (4) violation of California Civil Code § 1750

8   ("California Legal Remedies Act" or "CLRA").  (Compl. at

9   15-18.)  Plaintiff asserts injuries based on allegedly

10  false and deceptive advertisements by Defendant regarding

11  the fuel efficiency and cost savings of its Honda Civic

12  Hybrid automobile.  (Id. ¶¶ 2, 4-5.)

13

14      On April 20, 2007, Defendant filed this Motion to

15  Dismiss ("Mot.").  Defendants contend that (1)

16  Plaintiff's claims are preempted by the federal Energy

17  Policy and Conservation Act of 1975 ("EPCA"); (2)

18  Plaintiff's state law claims are deficient in light of

19  California Proposition 64 and Civil Code § 1780; (3) the

20  Complaint fails to plead fraud with sufficient

21  particularity under Rule 9(b); and (4) Rule 12(e)

22  requires a more definite statement of Plaintiff's claims.

23  On June 4, 2007, Plaintiffs filed an Opposition

24  ("Opp'n").  On June 11, 2007, Defendants filed a Reply.

25  ///

26  ///

27  ///

28

## B.  Plaintiff's Allegations

Plaintiff brings this action on behalf of himself and a putative class of "all persons who purchased or leased a new Honda Civic Hybrid ("HCH") from Defendant in the United States between March 1, 2003 [and] March 1, 2007 ("Class Period")."  (Compl. ¶ 1.)  During the Class Period, Defendant advertised the HCH with allegedly false statements of its fuel efficiency and the prospective cost savings to the consumer.  (Id. ¶ 4.)  The actual fuel efficiency of the HCH is and was up to 53 percent below the mileage per gallon ("MPG") and cost savings that Defendant advertised.  (Id.)  For example, Plaintiff has averaged 32 MPG in mixed highway and city driving in his HCH over six months, compared to the 49-50 MPG advertised by Defendant.  (Id. ¶ 9.)  Further, an October 2005 Consumer Reports magazine article reported that the publication's own road-test of the HCH yielded only 26 MPG in the city.  (Id. ¶ 21.)

Defendant communicated these allegedly misleading or deceptive statements to every consumer who purchased an HCH during the Class Period, and the advertisements were a substantial factor, if not the controlling factor, in inducing Plaintiff and the putative class members to purchase the HCH.  (Id. ¶ 5.)  Federal law requires that each new HCH display a so-called "Monroney Sticker" at its point-of-sale, reciting fuel estimates based on

1  methods mandated by the Environmental Protection Agency

2  ("EPA").  (Id. ¶ 17.)  While federal law requires that

3  the Monroney Stickers disclaim these estimates with the

4  words, "[a]ctual mileage will vary," Defendant's print

5  and Internet advertising materials either (1) weakened

6  the disclaimer to read, "[a]ctual mileage may vary," or

7  (2) omitted the disclaimer entirely.  (Id. ¶ 19-20.)

8

9                    **II.  LEGAL STANDARD**

10 **A.    Motion to Dismiss for Failure to State a Claim Upon**

11       **Which Relief Can Be Granted Under Rule 12(b)(6)**

12       Under Rule 12(b)(6), a party may bring a motion to

13 dismiss for failure to state a claim upon which relief

14 can be granted.  Dismissal is appropriate "only if it is

15 clear that no relief could be granted under any set of

16 facts that could be proved consistent with the

17 allegations."  Swierkiewicz v. Sorema N.A., 534 U.S. 506,

18 514 (2002); Kwai Fun Wong v. United States, 373 F.3d 952,

19 956-57 (9th Cir. 2004).

20

21       The Court must view all allegations in the complaint

22 in the light most favorable to the non-moving party and

23 must accept all material allegations — as well as any

24 reasonable inferences to be drawn from them — as true.

25 See Doe v. United States, 419 F.3d 1058, 1062 (9th Cir.

26 2005); ARC Ecology v. U.S. Dep't of Air Force, 411 F.3d

27 1092, 1096 (9th Cir. 2005).

28

                                4

1    The scope of review under Rule 12(b)(6) is generally

2 limited to the contents of the complaint.  Clegg v. Cult

3 Awareness Network, 18 F.3d 752, 754 (9th Cir. 1994).

4 Nevertheless, "a document is not 'outside' the complaint

5 if the complaint specifically refers to the document and

6 if its authenticity is not questioned."  Branch v.

7 Tunnell, 14 F.3d 449, 453 (9th Cir. 1993), overruled on

8 other grounds by Galbraith v. Santa Clara, 307 F.3d 1119,

9 1125-27 (9th Cir. 2002).  The Court may also consider

10 exhibits submitted with the complaint, Hal Roach Studios

11 v. Richard Feiner & Co., 896 F.2d 1542, 1555 n.19 (9th

12 Cir. 1990), and "take judicial notice of matters of

13 public record outside the pleadings," Mir v. Little Co.

14 of Mary Hosp., 844 F.2d 646, 649 (9th Cir. 1988)

15 (quotation marks omitted).

16

17 **B.    Motion to Dismiss Under Rule 9(b)**

18    Federal Rule of Civil Procedure 9(b) requires that

19 "in all averments of fraud or mistake, the circumstances

20 constituting fraud or mistake shall be stated with

21 particularity."  Fed. R. Civ. P. 9(b).  Fraud allegations

22 must "be specific enough to give defendants notice of the

23 particular misconduct . . . so that they can defend

24 against the charge and not just deny that they have done

25 anything wrong."  Vess v. Ciba-Geigy Corp. USA, 317 F.3d

26 1097, 1106 (9th Cir. 2003) (internal quotations omitted).

27

28

1    To meet this standard, the pleading must provide "the
2  who, what, when, where, and how of the misconduct
3  charged." Id. (citations and quotations omitted).  A
4  plaintiff must set forth "what is false or misleading
5  about a statement and why it is false." Id. at 1106
6  (citations and quotations omitted).  The court may
7  dismiss a claim that fails to comply with Rule 9(b).  Id.
8  at 1107-08.  Dismissal for failure to comply with Rule
9  9(b) should ordinarily be without prejudice.  Id. at
10  1108.

11

12  C.  **Motion for a More Definite Statement Under Rule 12(e)**
13    Pursuant to Rule 12(e), a party may move for a more
14  definite statement where the complaint "is so vague or
15  ambiguous that a party cannot reasonably be required to
16  frame a responsive pleading[.]" See Fed. R. Civ. P.
17  12(e).  "A Rule 12(e) motion is proper only where the
18  complaint is so indefinite that the defendant cannot
19  ascertain the nature of the claim being asserted." Sagan
20  v. Apple Computer, Inc., 874 F. Supp. 1072, 1077 (C.D.
21  Cal. 1994) (citing Famolare, Inc. v. Edison Bros. Stores,
22  Inc., 525 F. Supp. 940, 949 (E.D. Cal. 1981)).  "Parties
23  are expected to use discovery, not the pleadings, to
24  learn the specifics of the claims being asserted." Id.;
25  see also Famolare, 525 F. Supp. at 949 ("[W]here the
26  information sought by the moving party is available
27  ///

28

1  and/or properly sought through discovery the motion

2  should be denied.").

3

4      "A Rule 12(e) motion is more likely to be granted

5  where the complaint is so general that ambiguity arises

6  in determining the nature of the claim or the parties

7  against whom it is being made." _Sagan_, 874 F. Supp. at

8  1077 (citing _Van Dyke Ford, Inc. v. Ford_, 399 F. Supp.

9  277, 284 (E.D. Wis. 1975)).  "Such a motion is likely to

10 be denied where the substance of the claim has been

11 alleged, even though some of the details are omitted."

12 _Id._ (citing _Boxall_, 464 F. Supp. at 1113-14).

13

14                    **III. DISCUSSION**

15 **A.    Preemption**

16     Defendant moves for dismissal of the entire action.

17 It argues that all of Plaintiff's state law claims are

18 preempted by federal law, specifically the Energy Policy

19 and Conservation Act ("EPCA"), 49 U.S.C. § 32901 _et seq._

20 (Mot. at 3-8.)  Defendant relies on a theory of implied

21 conflict preemption, under which state law is "nullified

22 to the extent it actually conflicts with federal law."

23 _Hillsborough v. Automated Med. Labs._, 471 U.S. 707, 712

24 (1985).  Plaintiff opposes, pointing out that a

25 presumption against preemption exists in areas

26 traditionally regulated by the states.  (Opp'n at 7.)

27 According to Plaintiff, Defendant has failed utterly to

28

1  support its contention that enforcement of California's

2  false advertising and unfair competition laws would

3  conflict with federal enforcement of the EPCA.  (Id.)

4

5     In accordance with the Supremacy Clause, state law is

6  preempted when it conflicts with federal law.  See Geier

7  v. Am. Honda Motor Co., 529 U.S. 861, 873 (2000).

8  Preemption "can occur in one of three ways: express pre-

9  emption by statute, occupation of the field, or conflict

10 between state and federal regulation."  Air Conditioning

11 and Refrigeration Inst. v. Energy Resources Conservation

12 and Dev., 410 F.3d 492, 496 (9th Cir. 2005) (citing

13 English v. Gen. Elec. Co., 496 U.S. 72, 78-79 (1990)).

14 Conflict preemption of a state law occurs when

15 "compliance with both state and federal law is

16 impossible, or when the state law 'stands as an obstacle

17 to the accomplishment and execution of the full purposes

18 and objective of Congress.'"  U.S. v. Locke, 529 U.S. 89,

19 109 (2000) (quoting California v. ARC America Corp., 490

20 U.S. 93, 100-101 (1989)).  The Supreme Court has noted

21 that "Congressional purpose is the 'ultimate touchstone'

22 of our inquiry'" on conflict preemption.  Lorillard

23 Tobacco Co. v. Reilly, 533 U.S. 525, 541 (2001) (quoting

24 Cipollone v. Liggett Group, Inc., 505 U.S. 504, 516

25 (1992)).

26

27

28

8

1    There always exists an "'assumption that the historic
2  police powers of the States were not to be superseded by
3  the Federal Act unless that was the clear and manifest
4  purpose of Congress.'" Watters v. Wachovia Bank, N.A.,
5  127 S. Ct. 1559, 1578 (2007) (quoting Rice v. Santa Fe
6  Elevator Corp., 331 U.S. 218 (1947)).  The Supreme Court
7  in Lorillard recognized the field of advertising as one
8  falling under traditional state regulation.  Further,
9  states traditionally have regulated unfair business
10 practices.  Thus, the Court's inquiry begins with a
11 presumption against preemption.
12
13    Section 32908(b) of Title 49, U.S.C., requires
14 automobile manufacturers to display Monroney Stickers,
15 containing certain information, on each vehicle.
16 Further, dealers are required to make available for
17 prospective buyers a booklet containing information on a
18 vehicle's fuel economy.  49 U.S.C. § 32908(c).  EPA
19 regulations require that the Monroney Stickers contain
20 the phrase "your actual mileage will vary depending on
21 how you drive and maintain your vehicle."  40 C.F.R. §
22 600.307-08 (4).  Nothing in the EPCA or its accompanying
23 regulations purports to regulate advertising of fuel
24 economy beyond the requirements regarding these stickers
25 and booklets.  Congress enacted the EPCA in 1975 to
26 address the country's "chronic energy supply shortages,
27 particularly petroleum supply shortages, experienced
28

1  . . . in the early 1970's."  H.R. REP. No. 106-359, at 2
2  (1999).  The EPCA was created in part to "provide for
3  improved energy efficiency of motor vehicles" and to
4  "provide a means for verification of energy data to
5  assure the reliability of energy data."  42 U.S.C. §
6  6201.

7

8      Requiring the display of fuel efficiency information
9  could further this Congressional purpose, i.e., it could
10 help consumers make wiser choices in selecting a vehicle
11 that uses less petroleum.  But 15 U.S.C. § 1901 regulates
12 in this field only to the extent of requiring display of
13 a vehicle's fuel efficiency on a label affixed upon a
14 vehicle and provision of an information booklet with
15 comparative fuel efficiency ratings.  Thus, a reasonable
16 inference exists that Congress intended to preempt State
17 regulation in these two areas, i.e., the labeling of
18 vehicles and the mandated provision of an information
19 booklet.  It would be an unreasonable assumption,
20 however, that Congress intended to preempt states from
21 regulating false or misleading advertising of a vehicle's
22 fuel efficiency and cost savings.

23

24     Defendant characterizes Plaintiff's complaint as a
25 challenge to EPA testing guidelines, but the Plaintiff's
26 complaint does not challenge the EPA figures or the
27 manner in which those figures are calculated.  (Compl. ¶
28

1  2.)  Instead, Plaintiff's complaint challenges the manner
2  in which Defendant advertised the Honda Civic Hybrid in
3  mediums other than the Monroney Sticker and information
4  booklet.  (Id.)  As no clear and manifest Congressional
5  intent to regulate advertising exists, the Court must
6  adhere to the presumption that Congress intended to leave
7  the regulation of false advertising, and unfair business
8  practices of auto manufacturers, to the state.  In fact,
9  allowing the States to regulate false advertising and
10 unfair business practices perhaps may further the goals
11 of the EPCA.

12

13     Accordingly, California's regulation of false
14 advertising does not stand as an "obstacle to the
15 accomplishment and execution of the full purposes and
16 objectives of Congress."  U.S. v. Locke, 529 U.S. 89, 109
17 (2000) (quoting California v. ARC America Corp., 490 U.S.
18 93, 100-101 (1989)).  Plaintiff's claims are not
19 preempted.

20

21 **B.   Failure to State a Claim Under State Law**
22     According to Defendant, Plaintiff's claims must fail
23 because he failed to allege that he actually read and
24 relied on any misleading advertisements; unless he in
25 fact so read and relied, he did not suffer injury "as a
26 result of" Defendant's conduct, as required by Business &
27 Professions Code §§ 17204 and 17535, and California Civil
28

1   Code § 1780.   (Mot. at 9-13.)   In response, Plaintiff

2   argues that current California law contains no such

3   reliance requirement.   (Opp'n at 10.)

4

5       In its Motion, Defendant cites not a single case in

6   support of its contention that Plaintiff must plead and

7   prove actual reliance to succeed on his claims.   In a

8   footnote, Defendant directs the Court to the California

9   Court of Appeal's decision in <u>Pfizer Inc. v. Superior</u>

10  <u>Court</u>, <u>previously published at</u> 45 Cal. Rptr. 3d 840 (Ct.

11  App. 2d Dist. 2006), <u>rev. granted</u>, 51 Cal. Rptr. 3d 707

12  (Cal. Nov. 1, 2006).   That decision, however, no longer

13  is valid authority, because as Defendant acknowledges,

14  the California Supreme Court vacated the lower court's

15  ruling when it granted review.   <u>See</u> Cal. Rules of Ct.,

16  Rules 976(d), 977(a).

17

18      Nevertheless, most courts that have confronted this

19  issue since the passage of Proposition 64 have concluded

20  that B&P §§ 17204 and 17535 impose a requirement that a

21  UCL/FAL plaintiff actually was exposed to and relied on

22  the misleading advertisements.   <u>See</u> <u>Laster v. T-Mobile</u>

23  <u>USA, Inc.</u>, 407 F. Supp. 2d 1181, 1194 (S.D. Cal. 2005);

24  <u>Cattie v. Wal-Mart Stores, Inc.</u>, 2007 WL 935582, at *8

25  (S.D. Cal. Mar. 21, 2007); <u>Pfizer</u>, 45 Cal. Rptr. 3d 840,

26  852-53.   <u>But see</u> <u>Anunziato v. eMachines, Inc.</u>, 402 F.

27

28

1  Supp. 2d 1133, 1137 (C.D. Cal. 2005).[1]  The Court finds

2  the majority view more persuasive, particularly in light

3  of a California Court of Appeal's recent citation to

4  Lester with approval.  See McAdams v. Monier, Inc., __

5  Cal Rptr. 3d __, 2007 WL 154072, at *9 (Cal. App. 3d

6  Dist. May 30, 2007).  In any event, however, the Court

7  need not resolve this split of authority, for the reasons

8  discussed below.

9

10     With respect to Plaintiff's CLRA claim for false

11  advertising, California law clearly holds that causation,

12  in the form of reliance, likewise is an essential element

13  of such claims.  See Caro v. Procter & Gamble Co., 18

14  Cal. App. 4th 644, 668 (1993); Wilens v. TD Waterhouse

15  Group, Inc., 120 Cal. App. 4th 746, 754 (2003); accord

16  Cattie, 2007 WL 925582, at *6; Anunziato, 402 F. Supp. 2d

17  at 1137.  A plaintiff is entitled to a presumption of

18  reliance, however, when the alleged misrepresentation is

19  "material."  See Vasquez v. Superior Court, 4 Cal. 3d

20  800, 814 (1971) ("[I]f the trial court finds material

21  misrepresentations were made to the class members, at

22  least an inference of reliance would arise as to the

23  entire class.").  "A misrepresentation of fact is

24

25       [1] Plaintiff incorrectly asserts that Anunziato is of
26  more "precedential value" to the Court than Pfizer.
    (Opp'n at 10.)  To the contrary, the Court is not bound
27  to follow either of these decisions, and is free to adopt
    the reasoning of either (or neither) to the extent that
28  the Court finds it persuasive.

1  material if it induced the plaintiff to alter his
2  position to his detriment.  Stated in terms of reliance,
3  materiality means that without the misrepresentation, the
4  plaintiff would not have acted as he did."  <u>Caro</u>, 18 Cal.
5  App. 4th at 668; <u>Faigman v. Cingular Wireless, LLC</u>, 2007
6  WL 708554, at *5 (N.D. Cal. Mar. 2, 2007).

7

8      Although neither party cites to it, the California
9  Court of Appeal's recent decision in <u>McAdams</u> further held
10 that UCL/FAL plaintiffs may avail themselves of the
11 inferred reliance principle where the misrepresentation
12 is "material."  <u>McAdams</u>, 2007 WL 154072, at *11 ("[I]f
13 the principle of inferred reliance is sufficient to
14 satisfy the element of reliance/causation as to a CLRA
15 fraud-based class action, in which damages can be
16 awarded, it certainly is sufficient to satisfy that
17 element for a similar UCL class action where the remedies
18 are essentially limited to injunctive and restitutionary
19 relief.").  Thus, under the CLRA, as well as the UCL and
20 FAL, a plaintiff satisfies the reliance element with an
21 allegation that a false or deceptive advertisement
22 "induced the plaintiff to alter his position to his
23 detriment."  <u>Caro</u>, 18 Cal. App. 4th at 668.

24

25     Here, Plaintiff alleges that Defendant "communicated"
26 misleading or deceptive advertisements "to every consumer
27 who purchased an HCH during the Class Period, and theads
28

1    were a substantial factor, if not the controlling factor,

2    in inducing Plaintiff and the putative class members to

3    purchase the HCH." (Compl. ¶ 5.) Assuming that the

4    allegations of Plaintiff's Complaint are true for the

5    purposes of this Motion, and drawing all reasonable

6    inferences therefrom, <u>Doe</u>, 419 F.3d at 1062, Plaintiff's

7    state law claims are alleged adequately under Rule

8    12(b)(6), regardless of whether reliance is a required

9    element of his UCL and FAL claims. <u>McAdams</u>, 2007 WL

10   154072, at *11. The Court thus denies Defendant's Rule

11   12(b)(6) motion.

12

13   **C.    Rule 9(b)**

14       Defendant argues that the Complaint must meet the

15   heightened pleading requirements of Rule 9(b) because

16   Plaintiff's claims "are exclusively grounded in fraud."

17   (Mot. at 15.) Although the Complaint alleges the "who,"

18   according to Defendant, it fails to allege the "what,

19   when, where, and how," and therefore must be dismissed.

20   (<u>Id.</u> (quoting <u>Vess</u>, 317 F.3d at 1106).) Plaintiff

21   responds that even if his claims are grounded in fraud,

22   he "has more than adequately satisfied the standard of

23   Rule 9(b)." (Opp'n at 15.)

24

25       Here, Plaintiff's allegations are sufficient to give

26   Defendant fair notice of the particular misconduct that

27   forms the basis of his claims. <u>Vess</u>, 317 F.3d at 1106.

28

1 Plaintiff alleges that between March 1, 2003, and March
2 1, 2007 (when),  Defendant advertised the HCH in print
3 and on the Internet (how) to consumers (who) throughout
4 the United States (where) with statements of its fuel
5 efficiency and the prospective cost savings to the
6 consumer that were up to 53 percent below actual figures,
7 while omitting or softening the "[a]ctual mileage will
8 vary" disclaimer (what).  (Compl. ¶¶ 1, 4, 19-20.)
9
10 Although Plaintiff's Complaint alleges only in
11 general terms that the advertisements induced Plaintiff
12 to purchase the HCH, Plaintiff's knowledge and state of
13 mind are not subject to Rule 9(b).  See Fed. R. Civ. P.
14 9(b) ("Malice, intent, knowledge, and other condition of
15 mind of a person may be averred generally.") (emphasis
16 added).  Thus, Defendant's argument that Plaintiff must
17 demonstrate which particular advertisements induced him
18 to purchase the HCH is premature at the pleading stage.
19 Defendant's motion under Rule 9(b) is denied.
20
21 **D.    Rule 12(e)**
22 Plaintiff's Complaint is not "so vague or ambiguous
23 that a party cannot reasonably be required to frame a
24 responsive pleading[.]"  See Fed. R. Civ. P. 12(e); see
25 also Sagan, 874 F. Supp. at 1077 ("Parties are expected
26 to use discovery, not the pleadings, to learn the
27 specifics of the claims being asserted.").  As discussed
28

1  above, the Complaint gives fair notice of the basis for

2  Plaintiff's state law claims.  Accordingly, the Court

3  denies Defendant's motion under Rule 12(e) for a more

4  definite statement.

5

6  **IV. CONCLUSION**

7       For the foregoing reasons, the Court hereby DENIES

8  Defendant's Motion to Dismiss.

9

10

11  Dated: _June 22, 2007_           _Virginia A Phillips_

12                                   VIRGINIA A. PHILLIPS
                                    United States District Judge

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28