BLECHER & COLLINS, PC
MAXWELL M. BLECHER (State Bar No. 26202)
515 South Figueroa Street, 17th Floor
Los Angeles, California 90071
Telephone: (213) 622-4222
Facsimile: (213) 622-1656
E-mail: mblecher@blechercollins.com

CUNEO GILBERT & LADUCA, LLP
JON TOSTRUD (State Bar No. 199502)
1801 Century Park East, Suite 2400
Los Angeles, CA 90067
Telephone: (310) 418-8262
Facsimile: (310) 556-9622
E-mail: tostrud@yahoo.com

CUNEO GILBERT & LADUCA LLP
JONATHAN W. CUNEO (*pro hac vice*)
WILLIAM H. ANDERSON (*pro hac vice*)
507 C Street, NE
Washington, DC 20002

CHIMICLES & TIKELLIS LLP
NICHOLAS E. CHIMICLES (*pro hac vice*)
MICHAEL D. GOTTSCH (*pro hac vice*)
DENISE DAVIS SCHWARTZMAN (*pro hac vice*)
361 West Lancaster Avenue
Haverford, PA 19041

Attorneys for Plaintiffs

FILED
CLERK, U.S. DISTRICT COURT

NOV 19 2007

CENTRAL DISTRICT OF CALIFORNIA
EASTERN DIVISION        BY DEPUTY

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

EASTERN DIVISION

JOHN TRUE and Gonzalo M. Delgado,
individually and on behalf
of all others similarly situated,

                    Plaintiffs,

          v.

AMERICAN HONDA MOTOR CO.,
INC.,

                    Defendant.

CASE NO.  07-cv-0287-VAP-OP

The Hon. Virginia A. Phillips

**CLASS ACTION**
**FIRST AMENDED COMPLAINT**

**(DEMAND FOR JURY TRIAL)**

*Printed on Recycled Paper*

**FIRST AMENDED CLASS ACTION COMPLAINT**

Plaintiffs John True and Gonzalo M. Delgado, individually and on behalf of all others similarly situated, file this class action against Defendant, American Honda Motor Co., Inc. ("Honda" or "Defendant"). Plaintiffs allege as follows upon personal knowledge as to their actions and upon information and belief based upon the investigation of their attorneys as to all other facts alleged in the Complaint:

## INTRODUCTION

1.    This is a class action brought by Plaintiffs on behalf of a Class of all persons who purchased or leased a new Honda Civic Hybrid ("HCH") from Defendant in the United States between March 1, 2003 through June 1, 2007 ("Class Period").

2.    This case narrowly focuses on the use of false and deceptive advertising by Defendant to sell the HCH. This case does not challenge the EPA testing guidelines, nor does it question the quality or reliability of the non-hybrid Honda Civic. This case challenges the disingenuous way that Honda advertises and markets the HCH, with inaccurate representations of fuel economy that the car simply does not achieve under normal driving conditions. The challenged representations of fuel economy in the marketing and advertising of the HCH are not required by law and they are not put in the appropriate context.

3.    Honda first introduced a hybrid car to the U.S. market in 1999, touting its new fuel friendly engine to be the most immediately available answer to consumers' pressing need for a fuel efficient automobile as the price of gasoline moved steadily upward, eventually rising (for a time) to over $3.00 a gallon.

4.    During the Class Period, in order to induce consumers to purchase the HCH, Honda advertised the HCH with false statements of its fuel efficiency and the cost savings realizable from its purchase, specifically advertising remarkable overall efficiency of 49-50 miles per gallon of gasoline ("MPG") when Honda

-1-

Printed on Recycled Paper

BLECHER & COLLINS
A PROFESSIONAL CORPORATION
ATTORNEYS AT LAW

1  knew, or by the exercise of reasonable care should have known, but omitted to
2  state, that such statements were untrue, deceptive, or materially misleading, and
3  that the actual performance for the HCH is and was up to 53% below the miles per
4  gallon of fuel efficiency or cost savings that Honda advertised.  A real world
5  driving test reported by Consumer Reports in October 2005 indicated that in city
6  driving, despite a claim of 49 MPG, the HCH got only 26 MPG - 53% below the
7  advertised fuel economy.

8      5.    Honda's advertisements with their untrue, materially misleading or
9  deceptive statements concerning fuel efficiency and cost savings were
10  communicated to every consumer who purchased an HCH from Defendant during
11  the Class Period.  Honda's misrepresentations of the HCH's fuel economy are a
12  substantial factor, if not the controlling factor, in inducing Plaintiffs and each
13  member of the Class to purchase the HCH.

14      6.    Plaintiffs assert claims against Defendant under the Unfair
15  Competition Law ("UCL"), Cal. Bus. & Pro. Code § 17200, et seq., False
16  Advertising Law ("FAL"), Bus. & Pro. Code § 17500, et seq., the Consumer Legal
17  Remedies Act ("CLRA"), Cal. Civil Code § 1750, et seq., and for common law
18  Unjust Enrichment.

19      7.    Honda's actions with respect to the Plaintiffs and the Class have been
20  generally applicable to the Class, making final injunctive relief appropriate.  If an
21  injunction is not entered, Honda will continue to engage in the illegal behavior
22  described in this Complaint.

23      8.    Plaintiffs seek actual, compensatory, and punitive damages,
24  restitution, and equitable relief, including disgorgement of profits and injunction,
25  and attorney's fees and costs.

26                          **THE PARTIES**

27      9.    (a)    Plaintiff John True (" True") resides in Ontario, California in
28  this District.  True purchased an HCH on April 16, 2006, from Penske- Honda-

Printed on Recycled Paper

1  Ontario, California for $28,706.  In approximately 6,000 miles of driving, True has

2  averaged only 32 MPG in mixed highway and city driving in his HCH,

3  significantly below the 49-50 MPG advertised by Honda.

4  (b)  Plaintiff Gonzalo M. Delgado ("Delgado") resides in Chino

5  Hills, California.  Delgado purchased a 2007 HCH on May 28, 2007 from Metro

6  Honda in Ontario, California.  Delgado purchased his HCH induced by Honda's

7  advertising of combined city/highway fuel consumption of 50 MPG. In regular

8  driving of his HCH, Delgado's gas mileage has been 30-31 MPG, not 50 MPG as

9  advertised.

10  10.  Defendant American Honda Motor Company, Inc. ("American

11  Honda") is a California corporation with its principal executive offices located at

12  1919 Torrance Blvd., Torrance, California 90501.  American Honda, a wholly

13  owned U.S. subsidiary of Honda Motor Company ("HMC"), markets Honda's

14  automobile products in the United States through a sales network of over 1200

15  authorized independent local automobile dealers.  American Honda is the affiliate

16  or franchisor of the Honda dealerships.

17  **JURISDICTION AND VENUE**

18  11.  This Court has subject matter jurisdiction pursuant to 28 U.S.C. §

19  1332(d).  The matter in controversy exceeds $5,000,000 exclusive of interests and

20  costs, and this matter is a class action in which certain class members are citizens

21  of States other than Defendant's state of citizenship.  This Court also has

22  supplemental jurisdiction pursuant to 28 U.S.C. § 1367(a).

23  12.  Venue is proper in this Court because the Plaintiffs and Defendant

24  reside in this District, and a substantial part of the events alleged in this Complaint

25  giving rise to Plaintiffs' claims, including the dissemination of the false and

26  misleading advertising alleged herein, occurred in and were directed from this

27  District.

28

BLECHER & COLLINS
A PROFESSIONAL CORPORATION
ATTORNEYS AT LAW

*Printed on Recycled Paper*

1
2

## FACTUAL ALLEGATIONS

Background

3    13.    Since their appearance on the market in the late 1990s, hybrid
4    car sales have risen consistently. California strongly outpaces all other states for
5    purchases, registering more than five times the number of hybrids as the second
6    place state, Florida. The Arizona Republic reports that 26.5% of all hybrid cars
7    are purchased in California, which is unsurprising given that California is one of
8    the most expensive states in the Country for gasoline. Los Angeles is the top
9    metropolitan market for hybrids. Exxon Mobil estimates hybrid cars will
10    eventually claim 30% of the new car market. www.hybridcars.com, 10/16/06.

11    14.    The HCH has been phenomenally successful. Honda posted sales of
12    21,839 HCHs for the 2006 model year by August 2006. John Mendel, senior vice
13    president of auto operations for American Honda was quoted in a March 2006
14    www.wardsauto.com article as saying that HCH units were "well under short
15    supply - three days on the lot essentially." Mendel also stated that the success of
16    the entire Honda Civic line is boosted by sales of the HCH.

17    15.    During the Class Period, the HCH is and was in all respects identical
18    to the standard engine Honda Civic except for its hybrid engine, but an HCH will
19    typically sell at a premium of nearly $7,000 over a standard engine Honda Civic
20    similarly equipped. For the 2007 model year, the base price for the standard
21    engine Honda Civic with an automatic transmission is $15,810; for an HCH with
22    automatic transmission, the base price is $22,600.

23    Monroney Stickers or "Stickers"

24    16.    The Monroney Sticker - named for Senator Almer Stillwell
25    Monroney who proposed the Automobile Information Disclosure Act of 1958 -
26    requires a statement on a window sticker placed on all new vehicles sold in the
27    U.S. stating a fuel economy range for city and highway driving for automobiles of
28    that particular type. Additionally the Monroney Sticker provides an estimate of

BLECHER & COLLINS
A PROFESSIONAL CORPORATION
ATTORNEYS AT LAW

Printed on Recycled Paper

1  the costs for operating the specific automobile offered for sale.  40 C.F.R. §

2  600.306 86(a).  Governing regulations for the language of the Monroney Sticker

3  require the disclaimer, "Actual mileage will vary with options, driving conditions,

4  driving habits, and [vehicle] condition . . ."  40 C.F.R. § 600.307 86(a)(ii)(A)

5  (emphasis added).

6       17.    At point of sale, each new HCH is required to have affixed to its

7  window the Monroney Sticker, reciting fuel estimates for the automobile as

8  calculated according to the method mandated by the Environmental Protection

9  Agency ("EPA").  The requirement that an EPA mileage estimate be on that sticker

10  for all vehicles sold in the U.S. can be found at 15 U.S.C. § 1232, 49 U.S.C. §

11  32904, and the accompanying regulations.  Each individual car manufacturer

12  typically conducts the actual testing, with the EPA spot auditing test results.  The

13  fuel economy numbers that Honda advertised in print, TV, and on the worldwide

14  web for the HCH are those measured pursuant to the EPA laboratory testing

15  methods.  However, Honda knew at all times relevant, or by exercise of reasonable

16  judgment should have known, that the fuel efficiency numbers advertised were

17  grossly inflated, and that the HCH did not achieve performance levels or costs

18  savings consistent with the EPA estimates.  Despite changes in the EPA testing

19  guidelines that will significantly decrease the fuel economy posted on the 2008

20  model year Stickers, Honda continues to market the HCH with the older fuel

21  economy numbers they know to be deceptive and inaccurate.

22       18.    EPA fuel estimates frequently overstate the actual fuel efficiency for

23  most automobiles because, as set out in the relevant statutes and regulations, and

24  as Defendant knew, the EPA fuel economy calculations for the Sticker do not

25  include on the road testing or real world driving experience.  According to David

26  Champion, Senior Director of Consumer Reports' Auto Test Center, however,

27  while EPA fuel estimates may at times overstate actual fuel efficiency for most

28

BLECHER & COLLINS
A PROFESSIONAL CORPORATION
ATTORNEYS AT LAW

Printed on Recycled Paper

1    cars, "the discrepancy for Hybrids is much, much bigger."

2    www.weeklystandard.com, January 2006.

3         19.    Honda knew, or by the exercise of reasonable care should have

4    known, that the fuel economy numbers stated in Honda's advertising, even though

5    parroting the Sticker, were not placed in the appropriate context and, as a result,

6    were and are materially false, untrue, and deceptive.  The Honda advertising

7    changed the federally mandated disclaimer language "[a]ctual mileage will vary"

8    language to a more deceptive "[a]ctual mileage may vary" and in some cases failed

9    to include even the weakened disclaimer in the advertising of the HCH.

10   False Advertising of the HCH

11        20.    The HCH is advertised for sale to all consumers on the basis of

12   materially untrue, deceptive, and misleading representations or omissions of its

13   fuel efficiency and the cost savings realized from this efficiency.  This purported

14   fuel economy, expressed in miles per gallon of gasoline consumed or cost savings

15   realized on that fuel consumption, differentiated the HCH from the standard

16   engine Honda Civic (and other comparable automobiles).  In Defendant's

17   advertising in print media, on their website, and on television, Defendant's claims

18   for the HCH of 50 MPG fuel efficiency (49 city/51 highway) are repeated and

19   emphasized.  Honda's advertising was directed to all consumers and potential

20   consumers throughout the United States intending to result in sales of the HCH.

21   For example,

22             a.    In Time, Newsweek, and other large national

23        publications, since at least 2003, and as recently as November 2006,

24        Honda purchased two page advertisements making claims about the

25        HCH.  One such advertisement makes the following assertion about

26        the HCH, "[w]ith up to 650 miles to every tank of gas, it's America's

27        fuel-economy marvel."  Advertisement Time, November 24, 2003.

28        Another ad stated in bold that Honda is "The most fuel-efficient auto

BLECHER & COLLINS
A PROFESSIONAL CORPORATION
ATTORNEYS AT LAW

-6-

BLECHER & COLLINS
A PROFESSIONAL CORPORATION
ATTORNEYS AT LAW

1  company in America . . . like the 2006 50 MPG Civic Hybrid."

2  Advertisement Time, October 2, 2006.

3         b.     A mainstay ad for the HCH on Honda's website for months, if

4  not years, has referred to the car's "world changing advances in fuel

5  economy," going on to say, "[y]ou'll feel the benefits of the refined gasoline

6  electric powertrain on the Civic Hybrid right there in your wallet at fill up

7  time." Honda then goes on to refer to the 49/51 city highway EPA

8  estimated fuel economy, again using the "actual mileage may vary"

9  language, omitting the language that is requisite on the Monroney Sticker.

10        c.     Additionally, Honda's website leads prospective HCH

11  purchasers to "Calculate The Fuel Savings" without providing any

12  caveat:

13              Pulling up to the pump less often is about the only

14              adjustment Civic Hybrid drivers find they have to make.

15              And with gas mileage of up to 51 MPG, you can just

16              imagine the savings. But why just imagine when you

17              can arrive at a figure? Simply enter a bit of data below

18              and let our Savings Calculator do the rest.

19  After following the link, the fuel calculator then invites the consumer to

20  determine his/her fuel savings to the penny in a five and 10 year window,

21  helping them determine what they will save if they use the HCH in lieu of

22  their current vehicle. Prospective customers are directed to input their

23  commuting distance in miles per day (or week), price paid for gasoline, and

24  the fuel economy of their current vehicle.

25

26

27

28

-7-

|  | CAR X | HCH 2007 |
|---|---|---|
| commuting distance | 80 miles | 80 miles |
| gasoline per gallon | $2.50 | $2.50 |
| savings (5 years) |  | $8,051.47 |
| savings (10 years) |  | $16,102.94 |

The chart above summarizes the savings indicated by the fuel calculator for the HCH compared to a Volvo S60 mid-sized sedan. This result is again presented with a reference to the EPA testing and the language "actual mileage may vary" as opposed to the language "actual mileage will vary" as on the Monroney Sticker.

   d. On page 21 of the brochure for the 2007 HCH, which Defendant provides to all prospective purchasers and lessees of the HCH, Honda states that the HCH gets 49 MPG in city driving. Above the 49 MPG is a small five (5) indicating a footnote, taking the prospective consumer to page 34, where, buried in small print midway down a column in a foldout, there is disclaimer that mileage is based on EPA estimates.

  21. It is difficult to rectify Honda's claims with the October 2005 investigation and road test by the well respected publication Consumer Reports reporting that in real world city driving, where a hybrid should excel, the HCH got only 26 MPG, not 49 MPG as stated in Honda's advertising.

  22. Complaints from angry HCH owners have resounded for all model years during the Class Period, with no response from Honda. For example, on April 30, 2004, AK, the owner of a 2004 HCH, recorded the following complaint on the website of NHTSA (National Highway Traffic Safety Administration):

   The advertised MPG of my Honda Hybrid for city driving is 48 MPG. I have never gotten better than 38 MPG. Honda says there's nothing they can do about it and just advertising that it will get 48 MPG

Printed on Recycled Paper

doesn't mean it will get that actual mileage. I believe it should at least

be close, not 20% less than advertised. I paid extra to buy a hybrid

automobile that is supposed to perform much better than it does.

False or misleading advertising for any consumer purchase should not

be permitted, especially when it is a major purchase for an average

consumer to make. *AK

Complaint No. 10086133.

23.    Likewise, complaints from HCH owners all around the United States

reported on the worldwide web at www.autos.yahoo.com demonstrate a common

frustration and anger regarding the fuel efficiency and cost savings not realized on

the purchase of an HCH. For example,

a.    Jayne from Monroe, CT (8/30/06)

This car is very unattractive and the worst part about it is that the

mileage isn't much above my Buick Century's mileage of 22 MPG.

C'mon guys you can give the American public a better product than

this.

b.    Dwon from San Jose, CA (8/20/06)

There seems to be some discrepancies on the true mileage that a HCH

is getting. I'd like to share my personal experience. I drive a 2004

model and after 60K miles, average only between 33-35 MPG! My

mileage is based directly from the odometer MPG read out. My HCH

always carries about 10 pounds of my "office" supplies around and a

Yakima bike rack on top. My driving is mixed about 50/50, city and

highway, and I don't accelerate fast. I usually keep at 65-75 mph on

the freeways. I use only 87 gasoline. 80% of the time I drive with the

A/C on. I've tried different oils, a new air filter and tried different

BLECHER & COLLINS
A PROFESSIONAL CORPORATION
ATTORNEYS AT LAW

Printed on Recycled Paper

BLECHER & COLLINS
A PROFESSIONAL CORPORATION
ATTORNEYS AT LAW

1   ways to get the most fuel efficiency out of my hybrid, but still I get

2   about 35 miles per gallon at best.

3         c.     wrangler from Los Angeles, CA (4/22/06)

4   With in excess of 25,000 miles, the advertising is false. Honda knows

5   it is false and does nothing about it. This car will average 35 MPG

6   city/highway. I contacted Honda Customer Service and they have a

7   pat list of questions to ask you in order to turn it away from the fact

8   that the listed MPG is a fiction.

9         d.     Michael W. Hutko from Augusta-Martinez, GA (3/16/06)

10   The car looks nice and rides smooth. Advertisement of 49-51 MPG

11   (which is the sole and MAIN reason I was attracted to this car, is

12   very, very, very deceptive and something should be done about this!

13   (My MAXIMUM MPG after 2000 plus miles is 33, not even close to

14   the 49-51 MPG advertised). Essentials like floor mats and trunk mat

15   are tagged as optional items and must be paid for in addition to the

16   OUT-THE-DOOR-COST. I want to return the vehicle to the dealer as

17   I am NOT getting what I paid for (MPG IN THE HIGH 40s RANGE)

18   In Georgia and South Carolina, Honda Dealers and Honda Service

19   Centers do not have satisfactory answers for MPG questions. I

20   thought I was contributing environmentally to the fuel consumption

21   problem when I bought this car, but find that this is not the case with

22   this vehicle. I wish Honda would provide an acceptable solution to

23   the problem of non performance in the MPG area. Where must I go

24   within the Honda Organization to have the vehicle returned and get

25   refunded for non-performance?

26         e.     J Reynolds from Redding, CA (1/15/06)

27   I have had my car for three months and I am only getting 34.5 MPG

28   instead of the advertised 49/51. I drive normally staying within the

-10-

1    speed limit and normal acceleration. Definitely not worth the

2    difference in price from a normal Honda Civic. My mom has a normal

3    Civic and she gets 34 MPG as she has kept track. I am extremely

4    disappointed.

5         f.      Craig A Guntz from Tampa, Fla. (12/19/05)

6    I have 2005 Civic Hybrid and I do not get the gas mileage that is

7    advertised 46/51. My average miles in the city is 33.6. I've been

8    calculating the gas miles for about 6 months and I'm not impressed. I

9    paid an extra $2000.00 to $3000.00 on the cost of the car.

10   24.    Particularly noteworthy in these complaints is the fact that in real

11   world driving the HCH gets only marginally better fuel mileage than the standard

12   engine Honda Civic.  While the HCH website boasts about its fuel efficiency, the

13   website for the standard engine Honda Civic contains no such boasting, referring

14   only to the EPA mileage estimates via its detailed specifications link.  Honda has

15   deliberately downplayed fuel efficiency claims for the standard engine Honda

16   Civic in an effort to increase sales of the more expensive HCH, omitting to state

17   on the websites or in advertising that the cheaper standard engine Honda Civic has

18   fuel performance practically equivalent to the HCH.

19   24.    Throughout the Class Period, Honda deliberately omitted to state in

20   its advertising that the HCH does not perform up to the mileage estimates or cost

21   savings on the Sticker, or that the experience of drivers of the HCH has not been

22   merely "varied" but significantly lower.

23   25.    Honda's statements and omissions regarding the fuel economy of the

24   HCH are untrue, deceptive, and misleading, have the capacity or tendency to

25   mislead or confuse, and were made to all consumers nationwide to induce

26   purchase of the HCH.

27

28

BLECHER & COLLINS
A PROFESSIONAL CORPORATION
ATTORNEYS AT LAW

Printed on Recycled Paper

**CLASS ACTION ALLEGATIONS**

26.    Plaintiffs bring this action as a class action pursuant to Federal Rule of Civil Procedure 23 on behalf of himself and the following Class:

a.    All persons residing in the United States who purchased or leased new Honda Civic Hybrid between March 1, 2003 through June 1, 2007. Expressly excluded from the Class are Defendant and their subsidiaries, affiliates, officers, directors, and employees ("Class").

27.    Certification of the Class is appropriate pursuant Fed. R. Civ. P. 23(a).  The members of the Class are so numerous that joinder of all members would be impracticable.  Honda sales records indicate that there are tens of thousands of purchasers of the HCH dispersed throughout the United States.

28.    There are common questions of law or fact, among others, including:

a.    Whether Honda knew, or by the exercise of reasonable care should have known that the HCH actual fuel efficiency was significantly below the figures Honda advertised;

b.    Whether Honda advertised the HCH to the Class throughout the United States with materially deceptive, untrue, or misleading statements of fuel efficiency expressed in miles per gallon or cost savings;

c.    Whether Honda made materially untrue or misleading statements of fact to the Class concerning the fuel efficiency of the HCH;

d.    Whether Honda concealed from or omitted to state material facts to the Class concerning the actual fuel efficiency of the HCH;

e.    Whether Honda knew, or by the exercise of reasonable care should have known, that the materially misleading statements of fact made to the Class about the fuel economy and fuel cost savings of the HCH had the capacity or tendency to confuse and mislead;

f.    Whether, by the misconduct as set forth in this Complaint, Honda engaged in unfair or unlawful business practices with respect to the

BLECHER & COLLINS
A PROFESSIONAL CORPORATION
ATTORNEYS AT LAW

*Printed on Recycled Paper*

1  advertising, marketing and sale of the HCH pursuant to California Business and

2  Professions Code § 17200, et seq.;

3          g.      Whether, by the misconduct as set forth in this Complaint,

4  Honda engaged in unfair, deceptive, untrue or misleading advertising relative to

5  the HCH pursuant to California Business & Professions Code § 17500, et seq.;

6          h.      Whether, by the misconduct as set forth in this Complaint,

7  Defendant engaged in unfair methods of competition and unfair or deceptive acts

8  or practices intended to result in the sale or lease of goods to consumers in

9  violation of California Civil Code § 1750;

10          i.      Whether, as a result of Honda's misconduct as set forth in this

11  Complaint, Plaintiffs and the Class are entitled to damages, restitution, equitable

12  relief and other relief, and the amount and nature of such relief;

13          j.      Whether Honda has acted on grounds generally applicable to

14  the Class, making injunctive relief appropriate;

15          k.      Whether a Class can be certified pursuant to Fed. R. Civ.

16  P. 23(b)(3); and

17          l.      Whether, alternatively, a Class can be certified pursuant to Fed.

18  R. Civ. P. 23(b)(2).

19      29.    Plaintiffs' claims are typical of the claims of the Class, because

20  Plaintiffs and all members of the Class were injured economically by the same

21  wrongful practices of Honda as described in this Complaint.  Plaintiffs' claims

22  arise from the same practices and course of conduct that gave rise to the claims of

23  the Class members, and are based on the same legal theories.  The only difference

24  between Plaintiffs and individual members of the Class could be the amount of

25  damages sustained, which is an amount that can be readily determined, and does

26  not bar or in any way impair class certification.

27      30.    Plaintiffs will fairly and adequately represent the interests of the

28  members of the Class.  Plaintiffs' interests are the same as, and not in conflict

BLECHER & COLLINS
A PROFESSIONAL CORPORATION
ATTORNEYS AT LAW

Printed on Recycled Paper

1  with, the other members of the Class.  Plaintiffs' counsel is experienced in class

2  action and complex litigation.

3        31.    Questions of law or fact common to the members of the Class

4  predominate and a class action is superior to other available methods for the fair

5  and efficient adjudication of this lawsuit, because individual litigation of the

6  claims of all members of the Class is economically unfeasible and procedurally

7  impracticable.  While the aggregate damages sustained by Class members are

8  likely to be in the millions of dollars, the individual damages incurred by each

9  Class member resulting from Honda's wrongful conduct are, as a general matter,

10  too small to warrant the expense of individual suits.  The likelihood of individual

11  members of the Class prosecuting separate claims is remote and, even if every

12  Class member could afford individual litigation, the court system would be unduly

13  burdened by individual litigation of such cases.  Individualized litigation would

14  also present the potential for varying, inconsistent, or contradictory judgments and

15  would magnify the delay and expense to all parties and to the court system

16  resulting from multiple trials of the same factual issues.  Plaintiffs know of no

17  difficulty to be encountered in the management of this action that would preclude

18  its maintenance as a class action and certification of the Class under Rule 23(b)(3)

19  is proper.

20        32.    Relief concerning Plaintiffs' rights under the laws herein alleged and

21  with respect to the Class would be proper.  Honda has acted or refused to act on

22  grounds generally applicable to the Class, thereby making appropriate final

23  injunctive relief or corresponding declaratory relief with regard to members of

24  each Class as a whole and certification of the Class under Rule 23(b)(2) is proper.

25  **COUNT I**

26  ***For Violations of the UCL, Bus. & Prof. Code § 17200***

27        33.    Plaintiffs repeat and reallege the allegations set forth above as

28  if fully contained herein.

BLECHER & COLLINS
A PROFESSIONAL CORPORATION
ATTORNEYS AT LAW

Printed on Recycled Paper

34.   Defendant has engaged in unfair, unlawful, and fraudulent business acts or practices as described in this Complaint, including but not limited to, disseminating or causing to be disseminated from the State of California, unfair, deceptive, untrue, or misleading advertising as set forth above in this Complaint.

35.   By engaging in the above-described acts and practices, Defendant committed one or more acts of unfair competition within the meaning of Unfair Competition Law, Cal. Bus. & Prof. Code § 17200, et seq.

36.   Defendant's acts and practices have deceived or are likely to continue to deceive members of the Class throughout the United States and impact the public interest.  The material misrepresentations and omissions described in this Complaint are substantial and were made to all members of the Class with the purpose and intent of inducing members of the Class to purchase an HCH.

37.   Plaintiffs and all members of the Class suffered injury in fact as a result of Defendant's unfair methods of competition when each purchased an HCH, paying a premium for the HCH vehicle, which does not perform as advertised.

38.   Plaintiffs, on behalf of themselves and on behalf of the Class, seek an order of this Court against Defendant awarding restitution, disgorgement, injunctive relief and all other relief allowed under § 17200, et seq., plus interest, attorneys' fees and costs, pursuant to, inter alia, Cal. Code of Civ. Proc. § 1021.5.

## COUNT II

### *For Violations of the FAL, Bus. & Prof. Code § 17500, et seq.*

39.   Plaintiffs repeat and reallege the allegations set forth above as if fully contained herein.

40.   Plaintiffs bring this cause of action on behalf of themselves and on behalf of the Class.

41.   Defendant American Honda Motor Company, Inc. is a California company disseminating advertising from California throughout the United States,

Printed on Recycled Paper

1  which advertising was planned in California with Honda's California advertising

2  agency, Rubin Postaer & Assoc., Santa Monica, California. Defendant

3  disseminated or caused to be disseminated the materially untrue and misleading or

4  omissive advertising described in this Complaint with the intent to directly or

5  indirectly induce Plaintiffs and members of the Class to purchase the HCH.

6      42.    The advertising misrepresenting the fuel efficiency and cost savings

7  for the HCH, or omitting to state that EPA estimates were not accurate, grossly

8  inflated, and are untrue, false, misleading, and deceptive as set forth in this

9  Complaint.

10     43.    When Defendant disseminated the advertising described herein, they

11  knew, or by the exercise of reasonable care should have known, that the

12  statements concerning fuel efficiency and cost savings made for the HCH were

13  untrue or misleading, or omitted to state the truth about HCH fuel consumption

14  and gasoline costs for the vehicle, in violation of the Fair Advertising Law, Cal.

15  Bus. & Prof. Code § 17500, et seq.

16     44.    Plaintiffs, on behalf of themselves and on behalf of the Class, seek

17  restitution, disgorgement, injunctive relief, and all other relief allowable under §

18  17500, et seq.

19                              **COUNT III**

20                  ***For Unjust Enrichment Against Defendant for***

21                    ***Violations alleged in Counts I and II***

22     45.    Plaintiffs repeat and reallege the allegations set forth above as if fully

23  contained herein.

24     46.    As a direct and proximate result of the misconduct set forth above,

25  Defendant has been unjustly enriched.

26     47.    Through deliberate misrepresentations or omissions in connection

27  with the advertising, marketing, promotion, and sale of the HCH, Defendant

28  reaped benefits which resulted in their wrongful receipt of profits. Accordingly,

BLECHER & COLLINS
A PROFESSIONAL CORPORATION
ATTORNEYS AT LAW

*Printed on Recycled Paper*

1  Defendant will be unjustly enriched unless ordered to disgorge those profits for

2  the benefit of Plaintiffs and the Class.

3  **COUNT IV**

4  ***Against Defendant***

5  ***For Violations of CLRA, Civil Code § 1750, et seq.***

6  48.    Plaintiffs reallege and incorporate the foregoing allegations by

7  reference as if set forth herein at length except for the definition of the Class in

8  paragraph 28(a).  For purposes of this Count IV, the Class shall be defined as.

9  All persons residing in the United States who purchased or leased in

10  California a new Honda Civic Hybrid primarily for personal, family,

11  or household purposes between March 1, 2004 through June 1, 2007.

12  49.    The acts and practices described in this Complaint were intended to

13  result in the sale of goods, specifically a motor vehicle, in a consumer transaction.

14  The Defendant's acts and practices violated, and continue to violate, the Consumer

15  Legal Remedies Act ("CLRA") in at least the following respects:

16  a.    Representing the HCH to have characteristics, uses or benefits

17  that it does not have, in violation of § 1770(a)(5) of the CLRA;

18  b.    Representing the HCH to be of particular standard, quality or

19  grade, when it is of another, in violation of § 1770(a)(7) of the CLRA; and

20  c.    Advertising the HCH with the intent not to sell the HCH as

21  advertised in violation of § 1770(a)(9) of the CLRA.

22  50.    Plaintiffs gave notice to Defendant more than thirty (30) days prior to

23  the commencement of this action for damages of the acts and practices and

24  particular violations of the law of which Plaintiffs complain.  Plaintiff sent their

25  demand letter on December 9, 2006 and received a letter from attorney Roy M.

26  Brisbois of Lewis Brisbois Bisgaard and Smith LLP on December 29, 2006,

27  refusing to take actions to remedy the violations alleged herein.

28

BLECHER & COLLINS
A PROFESSIONAL CORPORATION
ATTORNEYS AT LAW

*Printed on Recycled Paper*

51.    Plaintiffs seek and are entitled to equitable relief on behalf of the members of the Class in the form of an order (a) enjoining Defendant from continuing to engage in the practices described in this Complaint in California, or when directed from California; (b) requiring Defendant to make full restitution of all monies wrongfully obtained as a result of the conduct described in this Complaint; (c) requiring the Defendant to provide public notice of the true nature of the HCH fuel efficiency; (d) actual damages; and (e) punitive damages.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs pray:

a.    That this matter be certified as a class action with the Class defined as set forth above under Fed. R. Civ. P. 23(b)(3), or in the alternative Fed. R. Civ. P. 23(b)(2), and that the Plaintiffs be appointed Class Representatives, and their attorneys be appointed Class Counsel.

b.    That the Court enter an order requiring Defendant to immediately cease the wrongful conduct as set forth above; enjoining Defendant from continuing to falsely advertise or conceal material information and conduct business via the unlawful and unfair business acts and practices complained of herein; and ordering Defendant to engage in a corrective notice campaign;

c.    That judgment be entered against Defendant in an amount undetermined for Unjust Enrichment, including disgorgement of profits received by Defendant as a result of said purchases, appropriate equitable relief and costs of suit including attorney's fees;

d.    That judgment be entered against Defendant for damages, statutory, damages, punitive damages, cost of suit, and attorneys' fees, and injunction; and

e.    For such other damages, equitable relief and pre- and post-judgment interest as the Court may deem just and proper.

(Signature on following page)

Printed on Recycled Paper

BLECHER & COLLINS
A PROFESSIONAL CORPORATION
ATTORNEYS AT LAW

Dated:  November 16, 2007          BLECHER & COLLINS, PC
                                   MAXWELL M. BLECHER
                                   CUNEO GILBERT & LADUCA, LLP
                                   JON TOSTRUD

                                   CUNEO GILBERT & LADUCA, LLP
                                   JONATHAN W. CUNEO
                                   WILLIAM H. ANDERSON

                                   CHIMICLES & TIKELLIS LLP
                                   NICHOLAS E. CHIMICLES
                                   MICHAEL D. GOTTSCH
                                   DENISE DAVIS SCHWARTZMAN

                                   By: _____
                                        MAXWELL M. BLECHER
                                        Attorneys for Plaintiffs

-19-

# DEMAND FOR JURY TRIAL

Plaintiffs hereby demand a jury trial as provided for in Rule 38, Fed. R. Civ. P. and pursuant to Rule 3.4.10.1 of the Local Rules of the U.S. District Court for the Central District of California.

Dated:  November 16, 2007          BLECHER & COLLINS, PC
                                   MAXWELL M. BLECHER
                                   CUNEO GILBERT & LADUCA, LLP
                                   JON TOSTRUD

                                   CUNEO GILBERT & LADUCA, LLP
                                   JONATHAN W. CUNEO
                                   WILLIAM H. ANDERSON

                                   CHIMICLES & TIKELLIS LLP
                                   NICHOLAS E. CHIMICLES
                                   MICHAEL D. GOTTSCH
                                   DENISE DAVIS SCHWARTZMAN

                                   By: _____
                                        MAXWELL M. BLECHER
                                        Attorneys for Plaintiffs

BLECHER & COLLINS
A PROFESSIONAL CORPORATION
ATTORNEYS AT LAW

-20-

Printed on Recycled Paper