1  CUNEO GILBERT & LADUCA LLP
2   Jonathan W. Cuneo (*pro hac vice*)
    William H. Anderson (*pro hac vice*)
3  507 C Street, NE
4  Washington, DC 20002

5  CHIMICLES & TIKELLIS LLP
    Nicholas E. Chimicles (*pro hac vice*)
6   Denise Davis Schwartzman (*pro hac vice*)
7  361 West Lancaster Avenue
   Haverford, PA 19041
8
9  *Attorneys for Plaintiffs*

10 LATHAM & WATKINS LLP
    Alan B. Clark
11 633 West Fifth Street, Suite 4000
12 Los Angeles, California 90071-2007
   E-mail:  alan.clark@lw.com
13
   LATHAM & WATKINS LLP
14  Mark S. Mester (*pro hac vice*)
15  Livia M. Kiser (*pro hac vice*)
   233 S. Wacker Drive, Suite 5800
16 Chicago, Illinois 60606
17 *Attorneys for Defendant American Honda Motor Co., Inc.*

18          **UNITED STATES DISTRICT COURT**
19          **CENTRAL DISTRICT OF CALIFORNIA**
             **EASTERN DIVISION – RIVERSIDE**
20
21 JOHN TRUE, et al.,                    )
                            Plaintiffs,  )
22      v.                               )
23                                       )   CASE NO. 5:07-cv-00287-VAP-OP
   AMERICAN HONDA MOTOR CO.,             )
24 INC.,                                 )
                            Defendant.   )
25                                       )
26
27     **CLASS ACTION SETTLEMENT AGREEMENT AND RELEASE**
28

# TABLE OF CONTENTS

I. DEFINITIONS ................................................................................................ 3

II. PRELIMINARY CERTIFICATION OF SETTLEMENT CLASS ................ 9

III. BENEFITS TO QUALIFYING SETTLEMENT CLASS MEMBERS ....... 10

IV. OTHER RELIEF TO SETTLEMENT CLASS MEMBERS ........................ 14

V. CLAIM FORMS AND SETTLEMENT ADMINISTRATION
PROCEDURES ......................................................................................... 15

VI. CLASS NOTICE AND OPT-OUT PROCEDURES ................................... 17

VII. CONFIDENTIALITY OF INFORMATION ............................................... 19

VIII. ATTORNEYS' FEE AWARD ..................................................................... 20

IX. SETTLEMENT APPROVAL PROCESS ..................................................... 21

X. FINAL ORDER AND JUDGMENT ............................................................ 25

XI. WITHDRAWAL FROM OR TERMINATION OF SETTLEMENT ......... 30

XII. EFFECTIVE DATE ..................................................................................... 32

XIII. ADDITIONAL PROVISIONS ..................................................................... 33

i

## STIPULATION OF CLASS ACTION SETTLEMENT

This Class Action Settlement Agreement ("Agreement") is entered into by, between and among (1) John True and Gonzalo Delgado ("Named Plaintiffs"), on behalf of themselves and as representatives of the Settlement Class defined in Paragraphs I.LL and II.I below (collectively, "Plaintiffs"); and (2) American Honda Motor Co., Inc. ("AHM"). Plaintiffs and AHM are each a "Party" and collectively referred to herein as "the Parties."

This Agreement is entered into in order to effect a full and final settlement and dismissal with prejudice of all claims against AHM in <u>True, et al. v. American Honda Motor Co., Inc.</u>, Case No. 5:07-cv-00287-VAP-OP (C.D. Cal.) (the "Lawsuit") on the terms set forth below and to the full extent reflected herein, subject to the approval of the Court.

## RECITALS

WHEREAS, on March 9, 2007, Named Plaintiff John True brought the above-captioned Lawsuit on behalf of himself and a proposed class of purchasers and lessees of Honda Civic Hybrid ("HCH") vehicles during the time period of March 1, 2003 through March 1, 2007, and on November 16, 2007, a First Amended Complaint was filed adding Named Plaintiff Gonzalo Delgado and extending the class period to June 1, 2007;

WHEREAS, the Lawsuit alleges generally, among other things, that the fuel economy estimates calculated in accordance with regulations promulgated by the United States Environmental Protection Agency and which AHM advertised for the HCH could not be achieved in normal driving conditions;

WHEREAS, AHM denies the allegations in the Lawsuit; denies that it has engaged in any wrongdoing; and denies that its advertising for the HCH was in any respect false or misleading; and

WHEREAS, the Parties conducted a thorough examination and investigation of the facts and law relating to the matters set forth in the Lawsuit (which included, inter alia, review by Plaintiffs' counsel of approximately twenty thousand pages of documents produced by AHM, Named Plaintiffs' production of personal financial and driving records and responses to interrogatories, and the taking of six depositions), conducted extensive settlement negotiations and reached this Agreement at arms' length, after consultation with their independent experts and attorneys, in order conclusively to resolve these disputes without the uncertainty, expense and delay of further litigation pursuant to the terms set forth herein;

WHEREAS, the Named Plaintiffs and their counsel have examined the benefits to be obtained under the terms of this Agreement; have considered the risks associated with the continued prosecution of the Lawsuit and the likelihood of success on the merits of the Lawsuit; and believe that, after considering all of the circumstances, the proposed settlement set forth in this Agreement is fair, reasonable, adequate and in the best interests of the Named Plaintiffs and the Settlement Class;

WHEREAS, the Parties agree that neither this settlement nor this Agreement shall be construed as an admission by AHM of any wrongdoing or violation of any statute or law or liability on the claims or allegations in the Lawsuit;

WHEREAS, the Parties agree and understand that neither this settlement nor this Agreement shall be construed or admissible as an admission by AHM that the Named Plaintiffs' claims or any similar claims are suitable for class treatment;

WHEREAS, the Parties desire to compromise and settle all issues and claims that have been brought or could have been brought against AHM and the Releasees in the Lawsuit.

NOW, THEREFORE, in consideration of the mutual covenants and agreements herein, the Parties hereto agree as follows, subject to preliminary and final approval of the Court:

## I.  DEFINITIONS

The following words and terms used in this Agreement or the attached Exhibits shall have the definitions set forth below:

A.  "Attorneys' Fee Award" shall mean the award of attorneys' fees, costs and expenses sought by Class Counsel defined in Paragraph VII.31.

B.  "CAFA Notice" shall mean the notice required by the Class Action Fairness Act ("CAFA"), 28 U.S.C. § 1715, and which will be without material alteration from Exhibit A.

C.  "Claim Form" shall mean the claim form Settlement Class Members will complete and submit in order to be eligible for the additional benefits as described below, which shall be without material alteration from Exhibit B.

D.  "Class Counsel" shall mean the counsel identified in Paragraph II.2 below.

E.  "Class List" shall mean the complete listing of the names and addresses on record at AHM of all persons AHM determines, after a good-faith search, are members of the Settlement Class and thereby eligible to receive the Mailed Notice.

F.  "Class Vehicle" shall mean a Honda Civic Hybrid of model years 2003 through 2008, inclusive, purchased or leased by a Settlement Class Member in the United States including the District of Columbia.

G.  "Complaining Settlement Class Member" shall mean a Settlement Class Member who made a Complaint concerning the fuel economy of his/her Class Vehicle on or before the date of filing of the motion for preliminary approval of this settlement to (1) AHM and for which AHM has a written record which was

created in the ordinary course of business, (2) an authorized AHM dealer who, in turn, contacted AHM with respect to the complaint in question and for which AHM has a written record which was created in the ordinary course of business and/or (3) Class Counsel, for which Class Counsel has a written record which was created in the ordinary course of business.

H.     "Complaint" shall mean a statement made by a Complaining Settlement Class Member expressing dissatisfaction with or concern about the fuel economy of his/her Class Vehicle, which was made on or before the date of filing of the motion for preliminary approval of this settlement and for which written, contemporaneous documentation exists in the business records of AHM or Class Counsel, as applicable, to one or more of the following: (a) a service technician at an authorized Honda dealer who, in turn, contacted AHM with respect to the complaint in question and for which AHM has a written record which was created in the ordinary course of business; (b) directly to AHM's Customer Relations Department or (c) Class Counsel, who was contacted by the Settlement Class Member with respect to filing a claim, individually or in a representative capacity, concerning the fuel economy obtained by the Settlement Class Member for his/her Class Vehicle.

I.     "Defense Counsel" shall mean AHM's counsel of record in the Lawsuit.

J.     "Effective Date" shall mean the date defined in Paragraph XII.39.

K.     "Eligible Honda Vehicle" shall mean a new model year 2009 or 2010 Honda or Acura, excluding the Honda Fit, Honda Insight, HCH or any Honda Certified Used Car or Acura Certified Pre-Owned Vehicle.

L.     "Final" shall mean final as defined in Paragraph XII.40.

M.     "Final Approval Hearing" shall mean the hearing defined in Paragraph X.34.

N.   "Final Order and Judgment" shall mean the order defined in Paragraph X.34, which shall be without material alteration from Exhibit C.

O.   "Fuel Economy Video" shall mean the video for Settlement Class Members prepared by AHM at its sole expense containing information concerning how Settlement Class Members can drive and maintain their vehicles, including the HCH, in order to maximize and optimize their fuel economy.

P.   "HCH Fuel Economy Website" shall mean the dedicated website created and maintained by AHM on which AHM will post this Agreement, the Website Notice and the Fuel Economy Video, and will provide the means by which Settlement Class Members access the Claim Form.

Q.   "Information" shall mean the materials defined in Paragraph VII.29.

R.   "Lessee Settlement Class Member" shall mean a Settlement Class Member who was or is a lessee of a new Class Vehicle from an authorized Honda dealer.

S.   "Mailed Notice" shall mean the notice of the settlement provided to each Settlement Class Member by first class mail, which shall be without material alteration from Exhibit D.

T.   "Mailed Notice Date" shall mean the date on which the Settlement Administrator completes the mailing by first class mail to each person on the Class List of a copy of the Mailed Notice. Such date shall be no later than forty-five (45) days after the Preliminary Approval Date.

U.   "Named Plaintiffs' Incentive Awards" shall mean the incentive awards defined in Paragraph VII.31.B.

V.   "Notice Plan" shall mean the processes and procedures the Settlement Administrator shall use to provide full and fair notice to the Settlement Class and which shall be submitted to and approved by the Court.

5

W.     "Options A or B Claims Period" shall mean the period during which Settlement Class Members may claim Option A or claim Option B, which period shall be up to and including June 30, 2011.

X.     "Option C Claims Period" shall mean the period during which Complaining Settlement Class Members may claim Option C, which period shall be up to and including sixty (60) days from the date the Fuel Economy Video is posted on the HCH Fuel Economy Website.

Y.     "Opt-Out" shall mean a Settlement Class Member who properly and timely submits a request for exclusion from the Settlement Class as set forth in Paragraph VI.26.

Z.     "Opt-Out List" shall mean the list of all persons who timely requested exclusion from the Settlement Class.

AA.     "Payment Eligible Complaining Settlement Class Member" shall have the meaning ascribed to it in Paragraph III.8.A.

BB.     "Preassigned Claim Number" shall mean the unique number provided to a Settlement Class Member upon viewing the Fuel Economy Video which the Settlement Class Member will put on his/her Claim Form.

CC.     "Preliminary Approval Date" shall mean the date of entry of the Preliminary Approval Order on the docket of the Litigation.

DD.     "Preliminary Approval Order" shall mean the order defined in Paragraph IX.33 and attached hereto without material alteration as Exhibit E.

EE.     "Purchaser Settlement Class Member" shall mean a Settlement Class Member who purchased a new Class Vehicle from an authorized Honda dealer.

FF.     "Qualifying Preconditions" shall mean the preconditions identified in Paragraph III.5.

GG.     "Release" shall mean the release and discharge, as of the Effective Date, by the Named Plaintiffs and all members of the Settlement Class and their

assignees who have not excluded themselves from the Settlement Class of the Releasees of and from all Released Claims and shall include the agreement and commitment by the Named Plaintiffs and all members of the Settlement Class to not now or hereafter initiate, maintain or assert against the Releasees or any of them any and all causes of action, claims, rights, demands, actions, claims for damages, equitable, legal and/or administrative relief, interest, demands or rights, including without limitation, claims for all damages of any kind, including those in excess of actual damages, and claims for bodily injury, mental anguish, whether based on federal, state or local law, statute, ordinance, regulation, contract, common law or any other sources that have been, could have been, may be or could be alleged or asserted now or in the future by the Named Plaintiffs or any members of the Settlement Class against the Releasees or any of them in the Lawsuit or in any other court action or before any administrative body (including any regulatory entity or organization), tribunal, arbitration panel or other adjudicating body on the basis of, connected with, arising out of or related to the Released Claims.

HH.    "Released Claims" shall mean any and all claims, actions, causes of action, rights, demands, suits, debts, liens, contracts, agreements, offsets or liabilities, including but not limited to claims for breach of contract, breach of the duty of good faith and fair dealing, negligence, bad faith, breach of statutory duties, actual or constructive fraud, misrepresentations, fraudulent inducement, statutory and consumer fraud, breach of fiduciary duty, unfair business or trade practices, restitution, rescission, compensatory and punitive damages, bodily injury, mental or emotional distress, injunctive or declaratory relief, attorneys' fees, interests, costs, penalties and any other claims, whether known or unknown, alleged or not alleged in the Lawsuit, suspected or unsuspected, contingent or matured, under federal, state or local law, which the Named Plaintiffs or any

7

member of the Settlement Class had, now has or may in the future have with respect to any conduct, act, omissions, facts, matters, transactions or oral or written statements or occurrences prior to the Effective Date of this Agreement involving, based on, relating to, arising out of or in any way connected with, directly or indirectly, the advertising of the fuel economy or m.p.g. of the HCH, AHM's representations concerning the fuel economy or m.p.g. of the HCH and any claims that were, could have been or should have been brought in the Lawsuit by the Named Plaintiffs and/or the Settlement Class including, without limitation, causes of action for violations of Cal. Bus. & Prof. Code § 17200 et seq., Cal Bus. & Prof. Code § 17500 et seq., Cal. Civ. Code § 1750 et seq. and similar claims under the statutes and common law of other states as well as claims for unjust enrichment. Nothing in this Agreement shall be interpreted to modify or diminish the manufacturer's limited warranty with respect to a Class Vehicle; provided, however, that any such claim of breach of any warranty or any extended warranty based on the advertising or representations made by AHM with respect to fuel economy, mileage or m.p.g. are in fact released.

II.     "Releasees" shall mean AHM and all of its present, former and future officers, directors, employees, agents, attorneys, insurers, insurance agents and brokers, independent contractors, successors, assigns, parents, subsidiaries, affiliates, shareholders, members and legal representatives.

JJ.     "Settlement Administrator" shall mean AHM and independent contractors working under AHM's direction to administer specific components thereof.

KK.     "Settlement Class" shall mean all persons who purchased or leased a new Honda Civic Hybrid automobile model years 2003 through 2008 in the United States of America including the District of Columbia, subject to the exclusions set forth in Paragraph II.1 below.

LL.  "Settlement Class Member" shall mean a member of the Settlement Class as defined in Paragraph I.KK who purchased or leased a new Class Vehicle from an authorized Honda dealer.

MM.  "VIN" shall mean Vehicle Identification Number.

NN.  "Website Notice" shall mean the notice on the HCH Fuel Economy Website directing Settlement Class Members to a copy of the Mailed Notice posted on the website.

## II.  PRELIMINARY CERTIFICATION OF SETTLEMENT CLASS

1.  The Parties stipulate to certification, for settlement purposes only, of a Settlement Class defined as follows:

> All persons who purchased or leased a new Honda Civic Hybrid automobile model years 2003 through 2008 in the United States of America including the District of Columbia.

> Specifically excluded from the Settlement Class are the following persons:

> (i)  AHM and its subsidiaries and affiliates, employees, officers, directors, agents, and representatives and their family members;

> (ii)  Class Counsel; and

> (iii)  All persons who have timely elected to opt out of or exclude themselves from the Settlement Class in accordance with this Court's Orders.

2.  Solely for the purpose of implementing this Agreement and effectuating the settlement, AHM stipulates that the Court may enter an order preliminarily certifying the Settlement Class, appointing the Named Plaintiffs as representatives of the Settlement Class and appointing the following as Class Counsel for the Settlement Class:

> Jonathan W. Cuneo, Esq.
> William H. Anderson, Esq.
> CUNEO GILBERT & LADUCA LLP
> 507 C Street, N.E.
> Washington, D.C. 20002

Nicholas E. Chimicles, Esq.
Denise Davis Schwartzman, Esq.
Chimicles & Tikellis LLP
361 West Lancaster Avenue
Haverford, Pennsylvania 19041

3.    Settlement Administrator.  Solely for the purpose of implementing this Agreement and effectuating the settlement, the Parties stipulate that AHM will be appointed as Settlement Administrator.  For purposes of this Agreement, the Parties agree that AHM may reasonably designate one or more independent contractors working under AHM's direction to administer specific components of this Agreement.

4.    Named Plaintiffs. AHM stipulates that the Named Plaintiffs are adequate representatives of the Settlement Class.

## III.    BENEFITS TO QUALIFYING SETTLEMENT CLASS MEMBERS

5.    To be eligible for any monetary benefits pursuant to this Agreement, a Settlement Class Member must satisfy each of the following Qualifying Preconditions, in addition to performing the specific requirements set forth below:

A.    Access the HCH Fuel Economy Website, enter the VIN of the Settlement Class Member's Class Vehicle and view the Fuel Economy Video (as described in Paragraph I.O) in order to obtain a Preassigned Claim Number and a Claim Form in downloadable form.  The Settlement Class Member must also timely submit a Claim Form that satisfies the requirements of Paragraph  V.6.C; V.7.B; or V.8.C below.

B.    Any Settlement Class Member who cannot access the HCH Fuel Economy Website and view the Fuel Economy Video will be directed by the Mailed Notice to the Settlement Administrator, who will provide instructions on how to view the Fuel Economy Video in order to obtain a Preassigned Claim Number and Claim Form.

10

6. **$1,000 Cash Rebate ("Option A")**

A.     A Purchaser Settlement Class Member who satisfies the Qualifying Preconditions set forth in Paragraph III.5 above may elect Option A to claim a cash payment from AHM of one thousand dollars ($1,000) provided that the following conditions are met: (1) the Purchaser Settlement Class Member must sell or trade in his/her Class Vehicle; and (2) the Purchaser Settlement Class Member must purchase an Eligible Honda Vehicle from an authorized Honda or Acura dealer within the Options A or B Claims Period.

B.     The Purchaser Settlement Class Member may either (i) sell his/her Class Vehicle privately at his/her own risk and expense, or (ii) trade-in his Class Vehicle at an authorized Honda or Acura dealer.

C.     In order to obtain the benefit identified herein as Option A, the Purchaser Settlement Class Member shall submit a completed Claim Form containing the Preassigned Claim Number to the Settlement Administrator electing Option A which the Purchaser Settlement Class Member will submit with proper documentation evidencing (1) the sale or trade in of his/her Class Vehicle and (2) the purchase of an Eligible Honda Vehicle within the Options A or B Claims Period. Upon approval of the foregoing, AHM will pay directly to the Purchaser Settlement Class Member a $1,000 cash payment.

D.     Exercise of Option A shall not make a Purchaser Settlement Class Member ineligible for any other offer of rebate, credit, purchase discount, financing discount or premium of any kind offered by AHM at the time of purchase of the Eligible Honda Vehicle. The Parties acknowledge, however, that AHM has no control over any offers, credits, purchase discounts, financing discounts or premiums offered by dealers.

E.      The right of a Purchaser Settlement Class Member to claim the $1,000 cash payment under Option A is non-transferable.  Lessee Settlement Class Members are ineligible for Option A.

F.      Option A is an exclusive remedy.  A Settlement Class Member who elects Option A is ineligible to elect Options B or C, discussed below.

7.      **$500 Cash Rebate ("Option B")**

A.      A Settlement Class Member who satisfies the Qualifying Preconditions set forth in Paragraph III.5 above may elect Option B to claim a cash payment from AHM of five hundred dollars ($500) provided that the Settlement Class Member purchases an Eligible Honda Vehicle from an authorized Honda or Acura dealer within the Options A or B Claims Period.

B.      In order to obtain the benefit identified herein as Option B, the Settlement Class Member shall submit a completed Claim Form to the Settlement Administrator containing the Preassigned Claim Number electing Option B which the Settlement Class Member will submit with proper documentation evidencing the purchase of an Eligible Honda Vehicle during the Options A or B Claims Period.  Upon approval of the foregoing, AHM will pay directly to the Purchaser Settlement Class Member a $500 cash payment.

C.      Exercise of Option B shall not make a Settlement Class Member ineligible for any other offer of rebate, credit, purchase discount, financing discount or premium of any kind offered by AHM at the time of purchase of the Eligible Honda Vehicle.  The Parties acknowledge, however, that AHM has no control over any offers, credits, purchase discounts, financing discounts or premiums offered by dealers.

D.      The ability of a Settlement Class Member to obtain the $500 payment under Option B shall be transferable to one of the following members of the Settlement Class Member's family:  (i) spouse, (ii) parents, (iii) siblings, (iv)

children, (v) grandparents or (vi) grandchildren (each a "Transferee"). In the event that a Settlement Class Member transfers his/her claim to a Transferee, the Transferee shall provide to the Settlement Administrator proof of the family relationship in addition to other required documentation during the Options A or B Claims Period.

       E.      Option B is an exclusive remedy. A Settlement Class member who elects Option B is ineligible to elect Options A or C.

       8.     **Cash Payment Of $100 ("Option C")**

       A.      A Complaining Settlement Class Member who made a Complaint and satisfies the Qualifying Preconditions set forth in Paragraph III.5 above shall be eligible for a $100 cash payment from AHM, subject to the terms set forth herein.

       B.      To confirm whether a Settlement Class Member is eligible for Option C, the Settlement Class Member shall enter his/her VIN into the designated field on the HCH Fuel Economy Website, which will then indicate whether the Settlement Class Member qualifies for Option C. Alternatively, the Settlement Class Member can contact the Settlement Administrator who will advise the Settlement Class Member as to whether he/she is a Complaining Settlement Class Member.

       C.      In order to obtain the relief identified as Option C, the Complaining Settlement Class Member shall submit a completed Claim Form to the Settlement Administrator during the Option C Claims Period. Upon approval of the foregoing, AHM will pay directly to the Complaining Settlement Class Member a $100 cash payment.

       D.      Option C is an exclusive remedy. Any Complaining Settlement Class Member who is eligible for Option C and elects Option C shall be ineligible to elect either Options A or B.

E.     Within ten (10) days of the Mailed Notice Date, Class Counsel shall provide AHM with business records sufficient to identify all of the eligible Complaining Settlement Class Members who contacted Class Counsel directly.

## IV.     OTHER RELIEF TO SETTLEMENT CLASS MEMBERS

9.     Advertising

A.     As of the Effective Date, AHM shall promptly undertake to review all of the advertising of gasoline consumption (m.p.g.) for the HCH created by or at the direction of AHM in order to modify any disclaimer language accompanying the representations of m.p.g. for the HCH from "actual mileage may vary" to "actual mileage will vary." AHM agrees to use the modified language for a period of no fewer than twenty-four months from the Effective Date.

B.     AHM will complete the review as promptly as practicable and will modify the disclaimer language set out above, provided however, that AHM shall not be required by this Agreement to destroy or modify any advertising already created or contracted for as of the Effective Date.

10.     HCH Fuel Economy Website And Fuel Economy DVD

A.     Not later than forty-five (45) days after the Preliminary Approval Date, the Settlement Administrator will post the Mailed Notice on the HCH Fuel Economy Website as and for the Website Notice.

B.     Not later than forty-five (45) days after the Effective Date, AHM shall provide to Class Counsel in writing the script and the story boards containing the proposed content of the Fuel Economy Video. Class Counsel shall have ten (10) days to review the substantive content of the Fuel Economy Video script and story boards and provide approval thereof, which approval shall not unreasonably be withheld. In the event that Class Counsel does not comment concerning the Fuel Economy Video during the ten-day approval period, approval shall be deemed to have been provided. In the event that the Parties cannot agree

on appropriate content within the ten-day review period, the Parties shall petition the Court for assistance to resolve the dispute. During the period in which the issue is pending before the Court, the ninety-day time period set forth in Paragraph IV.10.C (and all other concomitant deadlines) shall be tolled.

C.   Not later than ninety (90) days after the Effective Date, AHM will post on the HCH Fuel Economy Website the Fuel Economy Video that Settlement Class Members may view in order to access the Claim Form and a sample claim form substantially identical to the Claim Form attached hereto as Exhibit B.

D.   Every Settlement Class Member will, at AHM's expense, receive a DVD containing the Fuel Economy Video whether or not making a claim and whether or not accessing the HCH Fuel Economy Website. The DVD will be mailed to each Settlement Class Member within one hundred twenty (120) days after the Effective Date at the address then on record with AHM.

E.   The HCH Fuel Economy Website shall remain "live" until the conclusion of the Options A and B Claims Period.

F.   Payments made by AHM to Settlement Class Members pursuant to Option A, Option B or Option C shall be issued by checks, each of which shall become void if not cashed within one hundred eighty (180) days of date of issuance.

## V.   CLAIM FORMS AND SETTLEMENT ADMINISTRATION PROCEDURES

11.   The Claim Form shall be without material alteration from Exhibit B.

12.   AHM will bear all costs and expenses related to the dissemination of Mailed Notice and Website Notice to the Settlement Class, handling and processing of claims, distribution of benefits, and general administration of the Settlement.

13.     All of the information on the Claim Form shall be deemed Information in accordance with Paragraph VII.29 below and shall not used for any purpose other than to administer this Agreement and settlement and shall not be releasable or admissible for any other purpose.

14.     To be eligible for any monetary benefit set forth in this Agreement, a Settlement Class Member must (a) truthfully, accurately, and completely fill out the mandatory portion of the Claim Form; (b) sign the Claim Form under penalty of perjury; and (c) either complete the Claim Form online or mail the Claim Form, with first class postage prepaid, to the Settlement Administrator during the Options A or B Claims Period or the Option C Claims Period, as applicable.

15.     To be eligible for any benefit set forth in this Agreement, the Settlement Class Member's identification of the VIN for his or her Class Vehicles must match a VIN identified as a Class Vehicle in AHM's electronic database. There shall be no recovery for any VIN that is not identifiable as an HCH in AHM's electronic database.

16.     Within twenty-one (21) days after the Preliminary Approval Date, AHM shall provide to the Settlement Administrator and Class Counsel an electronic database containing the Class List as well as the VINs of each potential Settlement Class Member's Class Vehicle.

17.     Claim Forms may be submitted by a legally-authorized guardian or representative of an incapacitated, deceased or minor member of the Settlement Class; provided, however, that the limitations on transferability and eligibility as set forth in Paragraphs III.6.E and III.7.D above apply and serve to limit the applicability of this Paragraph V.17.

18.     The duties and obligations of the Settlement Administrator with respect to administering the settlement shall be set forth in full in the Notice Plan and shall include, inter alia, (i) receiving and responding to communications from

16

Settlement Class Members (including requests for exclusion, Claim Forms and questions); (ii) maintaining a dedicated toll-free telephone number that Settlement Class Members may contact; (iii) maintaining a dedicated P.O. Box to which Settlement Class Members can send requests for exclusion and Claim Forms; (iv) providing reasonable translation services to Settlement Class Members upon request; (v) processing Claim Forms and distributing benefits to Settlement Class Members; and (vi) allowing a Settlement Class Member a reasonable opportunity to cure a deficient Claim Form that was submitted to, but denied by, the Settlement Administrator.

19. After the Effective Date, the Settlement Administrator shall report to Class Counsel on a quarterly basis (i) the identities of Settlement Class Members who have elected to exercise Option A, Option B or Option C (including option selected); (ii) the disposition of all Claim Forms submitted to and processed by the Settlement Administrator; and (iii) copies of all Claim Forms submitted by Settlement Class Members which were denied by the Settlement Administrator as deficient Claim Forms.

20. Class Counsel shall have the right to challenge the decision of the Settlement Administrator to deny a deficient Claim Form within ten (10) days of receipt thereof if the Settlement Class Member was not provided with a reasonable opportunity to cure the deficient Claim Form. Class Counsel and Defense Counsel shall cooperate to provide reasonable oversight to ensure the Settlement Administrator properly administers the settlement.

## VI. CLASS NOTICE AND OPT-OUT PROCEDURES

21. The Settlement Administrator shall provide notice to the Settlement Class in accordance with the procedures and processes set forth in the Notice Plan, which shall be submitted to the Court within ten (10) days of the date of filing of the motion for preliminary approval of this settlement.

22. The Settlement Administrator shall be responsible for providing notice to the Settlement Class in accordance with the Notice Plan and shall undertake various administrative tasks, including, without limitation, (i) mailing or arranging for the mailing of the Mailed Notice; (ii) the posting of the Website Notice; (iii) processes and procedures for handling returned mail; (iv) providing to Class Counsel and Defense Counsel within ten (10) business days of receipt copies of notices of intention to appear and requests for exclusion from the Settlement Class, and (v) preparing an Opt-Out List of Settlement Class Members requesting exclusion and submitting an affidavit with the Court before the Final Approval Hearing attesting to the accuracy of that list.

23. The Settlement Administrator shall complete mailing of the Mailed Notice by no later than forty-five (45) days from the Preliminary Approval Date.

24. The Mailed Notice shall advise the Settlement Class Member of the creation of the HCH Fuel Economy Website and the date by which the Settlement Class Member can view the Fuel Economy Video and download a Claim Form with a Preassigned Claim Number, including the time period during which the HCH Fuel Economy Website will be "live." The Mailed Notice shall also contain all information necessary to contact the Settlement Administrator in the event the Settlement Class Member has any questions or is unable to download from or complete a Claim Form on the HCH Fuel Economy Website.

25. On the date that the mailing of Mailed Notices begins, the Settlement Administrator shall cause to be posted on the HCH Fuel Economy Website a copy of the Mailed Notice as Website Notice.

26. All members of the Settlement Class shall have sixty (60) days from the Mailed Notice Date to submit requests for exclusion from the Settlement Class prepared and directed in the manner set forth herein and in the proposed Mailed Notice and Website Notice.

27.    Class Counsel and all other counsel of record for the Named Plaintiffs, Named Plaintiffs, AHM and AHM's counsel hereby agree not to engage in any communications with the media or the press, on the internet, or in any public forum, orally or in writing, that relate to this settlement or the Lawsuit, other than statements that are fully consistent with the Mailed Notice and the Website Notice.

28.    Within ten (10) days after filing for preliminary approval of this Settlement, AHM shall mail by first class mail, postage prepaid, the CAFA Notice to the Attorney General of the United States, and the attorneys general of each state or territory in which a Settlement Class Member resides. The notice will include all of the information AHM is required to provide pursuant to 28 U.S.C. § 1715(b). A form of the CAFA Notice is attached hereto as Exhibit A.

## VII.    CONFIDENTIALITY OF INFORMATION

29.    The Parties agree that the names, addresses and other data concerning members of the Settlement Class used by AHM in effecting this settlement and the electronic data processing and other recordkeeping procedures and other materials to be utilized by AHM in effecting its obligations hereunder ("Information") constitute trade secrets and/or highly confidential and proprietary business information. Therefore:

A.    It is agreed that no person, other than individuals directly employed by AHM or to whom AHM has expressly permitted access, shall be allowed to access any Information except:

(1)    the Parties' respective counsel and the employees of such counsel;

(2)    such other persons as the Court may order after hearing on notice of all counsel of record.

B. The confidentiality of this Information shall be protected and governed by the Stipulated Protective Order entered by the Court on December 21, 2007 in the Lawsuit (Dkt. #50), and shall be treated in all respects as designated "Confidential – Attorneys' Eyes Only, Competitively Sensitive" whether or not expressly so designated.

C. Class Counsel agree to return or destroy all Information and materials obtained from AHM in connection with the settlement and the Lawsuit, including any copies made thereof, within thirty (30) days after the date on which all claims made under this settlement have been resolved, and to retain no copies thereof.

30. Upon the Effective Date, all documents and information marked or designated as Confidential, Confidential -- Attorneys' Eyes Only or Confidential -- Attorneys' Eyes Only, Competitively Sensitive as defined in and subject to the Stipulated Protective Order, entered by the Court on December 21, 2007 (Dkt. #50), shall be returned to counsel for the Party or destroyed within the time frame and according to the procedures set forth in the Stipulated Protective Order.

## VIII. ATTORNEYS' FEE AWARD

31. Attorneys' Fees, Costs and Expenses. Class Counsel agree not to seek from the Court an Attorneys' Fee Award in excess of $2,950,000, and AHM agrees not to contest an award of that sum. Class Counsel shall not be awarded, and shall not accept, any amount in excess of that sum. The Attorneys' Fee Award will be paid to Class Counsel by AHM separate and apart from any other payments AHM must make to Settlement Class Members under this Agreement.

A. Class Counsel will apply to the Court for the Attorneys' Fee Award and Named Plaintiffs' Incentive Awards at the same time that they file their motion in support of the Final Order and Judgment.

B.     The application for the Named Plaintiffs' Incentive Awards shall be (i) for John True in the amount of $12,500, and (ii) for Gonzalo Delgado in the amount of $10,000 to be paid by Class Counsel from the Attorneys' Fee Award.  AHM agrees not to oppose this application.  No Named Plaintiff shall be eligible for an incentive award if he elects to exclude himself (i.e., opts-out) of this settlement.  AHM shall have no obligation whatsoever to pay Named Plaintiffs' Incentive Awards.

C.     Any Attorneys' Fee Award to Class Counsel shall be paid by AHM within ten (10) days of the Effective Date, as defined in Paragraph XII.39 below, provided that Class Counsel has first provided AHM with completed W-9 forms and completed wire transfer forms.  Class Counsel shall pay costs, expenses and Named Plaintiffs' Incentive Awards from the Attorney's Fee Award.

32.     The Parties agree that AHM will not in any event or circumstance be required to pay an Attorneys' Fee Award in excess of $2,950,000.

IX.     **SETTLEMENT APPROVAL PROCESS**

33.     After execution of this Agreement, the Parties shall promptly move the Court to enter the Preliminary Approval Order that is without material alteration from Exhibit E hereto, which:

A.     Preliminarily approves this Agreement;

B.     Certifies the Settlement Class;

C.     Schedules a fairness hearing on final approval of this settlement and Agreement (the "Final Approval Hearing") to consider the fairness, reasonableness and adequacy of the proposed settlement and whether it should be finally approved by the Court, such Final Approval Hearing to be no earlier than seventy-five (75) days after the Mailed Notice Date, subject to Court approval;

D.     Finds that the proposed settlement is sufficiently fair, reasonable and adequate to warrant providing notice to the Settlement Class;

21

E.  Appoints AHM as the Settlement Administrator in accordance with the provisions of Paragraph II.3;

F.  Approves the Mailed Notice, the content of which is without material alteration from Exhibit D hereto, to be sent to the Settlement Class and directs the Settlement Administrator to follow the processes and procedures set forth in the Notice Plan;

G.  Approves the posting of the Website Notice on the HCH Fuel Economy Website as defined in Paragraph VI.24 above;

H.  Finds that the Mailed Notice together with the Website Notice (i) is the best practicable notice, (ii) is reasonably calculated, under the circumstances, to apprise members of the Settlement Class of the pendency of the Lawsuit and of their right to object to or to exclude themselves from the proposed settlement, (iii) is reasonable and constitutes due, adequate and sufficient notice to all persons entitled to receive notice, and (iv) meets all applicable requirements of Due Process and applicable law;

I.  Requires the Settlement Administrator to file proof of mailing of the Mailed Notice and publication of the Website Notice, at or before the Final Approval Hearing;

J.  Requires each member of the Settlement Class who wishes to exclude himself or herself from the Settlement Class to submit an appropriate, timely request for exclusion, postmarked no later than sixty (60) days after the Mailed Notice Date to the Settlement Administrator at the address on the Mailed Notice;

K.  Preliminarily enjoins all members of the Settlement Class unless and until they have timely excluded themselves from the Settlement Class (i) from filing, commencing, prosecuting, intervening in or participating as plaintiff, claimant or class member in any other lawsuit or administrative,

regulatory, arbitration or other proceeding in any jurisdiction based on, relating to or arising out of the claims and causes of action or the facts and circumstances giving rise to the Lawsuit and/or the Released Claims; (ii) from filing, commencing or prosecuting a lawsuit or administrative, regulatory, arbitration or other proceeding as a class action on behalf of any members of the Settlement Class who have not timely excluded themselves (including by seeking to amend a pending complaint to include class allegations or seeking class certification in a pending action), based on, relating to or arising out of the claims and causes of action or the facts and circumstances giving rise to the Lawsuit and/or the Released Claims; and (iii) from attempting to effect an opt-out of a class of individuals in any lawsuit or administrative, regulatory, arbitration or other proceeding based on, relating to or arising out of the claims and causes of action or the facts and circumstances giving rise to the Lawsuit and/or the Released Claims.

        L.     Orders that any member of the Settlement Class who does not submit a timely, written request for exclusion from the Settlement Class will be bound by all proceedings, orders, and judgments in the Lawsuit, even if such member of the Settlement Class has previously initiated or subsequently initiates individual litigation or other proceedings encompassed by the Release;

        M.    Requires each member of the Settlement Class who has not submitted a timely request for exclusion from the Settlement Class and who wishes to object to the fairness, reasonableness or adequacy of this Agreement or the proposed settlement or to the Attorneys' Fee Award to file with the Court and serve on Class Counsel no later than sixty (60) days after the Mailed Notice Date, a statement of the objection signed by the Settlement Class Member containing all of the following information:

        (1)    The objector's full name, address, and telephone number,

(2)    The model year and VIN of the Settlement Class Member's HCH along with proof that the objector has owned or leased the HCH (i.e., a copy of a vehicle title, registration, or license receipt),

(3)    A written statement of all grounds for the objection accompanied by any legal support for such objection,

(4)    Copies of any papers, briefs or other documents upon which the objection is based,

(5)    A statement of whether the objector intends to appear at the Final Approval Hearing, and

(6)    If the objector intends to appear at the Final Approval Hearing through counsel, the objection must also identify the attorney(s) representing the objector who will appear at the Final Approval Hearing.

N.    Any member of the Settlement Class who does not file a timely written objection to the settlement and a notice of his/her intent to appear at the Final Approval Hearing or who fails to otherwise comply with the requirements of Paragraph IX.33 shall be foreclosed from seeking any adjudication or review of this settlement by appeal or otherwise.

O.    Requires any attorney hired by a member of the Settlement Class at the Settlement Class Member's expense for the purpose of objecting to this Agreement or to the proposed settlement or to the Attorneys' Fee Award, to provide to the Settlement Administrator (who shall forward it to Class Counsel and Defense Counsel) and to file with the Clerk of the Court a notice of appearance no later than sixty (60) days after the Mailed Notice Date or as the Court may otherwise direct;

P.    Requires any member of the Settlement Class who files and serves a written objection and who intends to make an appearance at the Final Approval Hearing to provide to the Settlement Administrator (who shall forward it

to Class Counsel and Defense Counsel) and to file with the Court no later than sixty (60) days after the Mailed Notice Date, or as the Court otherwise may direct, a notice of intention to appear;

Q.     Directs AHM to establish a post office box in the name of the Settlement Administrator to be used for receiving requests for exclusion, notices of intention to appear and any other communications, and providing that only the Settlement Administrator, Class Counsel, Defense Counsel, AHM, the Court, the Clerk of the Court and their designated agents shall have access to this post office box, except as otherwise provided in this Agreement;

R.     Directs the Settlement Administrator to promptly furnish Class Counsel, Defense Counsel, AHM and any counsel for Plaintiffs or members of the Settlement Class with copies of any and all written requests for exclusion, notices of intention to appear or other communications that come into its possession, except as expressly provided in this Agreement;

S.     Directs that Class Counsel shall file their application for Attorneys' Fee Award and Named Plaintiffs' Incentive Award application in accordance with the terms set forth in Paragraph VIII.31.A;

T.     Orders the Settlement Administrator to file with the Court the Opt-Out List with an affidavit attesting to the completeness and accuracy thereof no fewer than seventy (70) days after the Mailed Notice Date; and

U.     Contains any additional provisions agreeable to the Parties that might be necessary to implement the terms of this Agreement and the proposed settlement.

## X.     FINAL ORDER AND JUDGMENT

34.     If this Agreement (including any modification thereto made with the consent of the Parties as provided for herein) is approved by the Court following the Final Approval Hearing scheduled by the Court in its Preliminary Approval

Order, the Parties shall request the Court to enter the Final Order and Judgment pursuant to Fed. R. Civ. P. 54(b) and other applicable laws, without material alteration from that attached hereto as Exhibit C that, among other things:

A.  Finds that the Court has personal jurisdiction over the Named Plaintiffs and all members of the Settlement Class and that the Court has subject matter jurisdiction to approve this settlement and Agreement and all Exhibits thereto;

B.  Certifies a Settlement Class solely for purposes of this settlement;

C.  Gives final approval to this Agreement as being fair, reasonable and adequate as to each of the Parties and consistent and in compliance with all requirements of Due Process and applicable law, as to and in the best interests of each of the Parties and members of the Settlement Class, and directs the Parties and their counsel to implement and consummate this Agreement in accordance with its terms and provisions;

D.  Declares this Agreement and the Final Order and Judgment to be binding on and have res judicata and preclusive effect in all pending and future lawsuits or other proceedings encompassed by the Release (as set forth in Paragraph I.GG) maintained by or on behalf of the Named Plaintiffs and all other members of the Settlement Class, as well as their heirs, executors or administrators, successors and assigns;

E.  Finds that the Mailed Notice, Website Notice and the notice methodology implemented pursuant to this Agreement and Notice Plan (i) constitute the best practicable notice, (ii) constitute notice that is reasonably calculated under the circumstances to apprise persons of the Settlement Class and of the pendency of the Lawsuit, their right to object or exclude themselves from the proposed settlement and to appear at the Final Approval Hearing and their right to

seek monetary and other relief, (iii) are reasonable and constitute due, adequate and sufficient notice to all persons entitled to receive notice and (iv) meet all applicable requirements of Due Process and any other applicable law;

F.    Approves the Claim Form, the content of which is without material alteration from Exhibit B hereto, for distribution to members of the Settlement Class, and sets a dates after which Claim Forms shall be deemed untimely;

G.    Finds that Class Counsel and the Named Plaintiffs adequately represented the Settlement Class for purposes of entering into and implementing the settlement and Agreement;

H.    Dismisses the Lawsuit (including all individual and class claims presented thereby) on the merits as to AHM and with prejudice and without fees or costs except as provided herein;

I.    Adjudges that Plaintiffs and the Settlement Class have conclusively compromised, settled, dismissed and released any and all Released Claims against AHM and the Releasees;

J.    Approves the payment of the Attorneys' Fee Award to Class Counsel as set forth in Paragraph VIII.31;

K.    Without affecting the finality of the Final Order and Judgment for purposes of appeal, reserves jurisdiction over AHM, the Named Plaintiffs and the Settlement Class as to all matters relating to the administration, consummation, enforcement and interpretation of the terms of the settlement and Final Order and Judgment and for any other necessary purposes;

L.    Provides that upon the Effective Date, the Named Plaintiffs and all members of the Settlement Class who have not been excluded from the Settlement Class, whether or not they return a Claim Form within the time and in the manner provided for, shall be barred from asserting any Released Claims

27

against AHM, and any such members of the Settlement Class shall have released any and all Released Claims as against AHM;

M.    Determines that the Agreement and the settlement provided for herein and any proceedings taken pursuant thereto are not and should not in any event be offered or received as evidence of, a presumption, concession or an admission of liability or of any misrepresentation or omission in any statement or written document approved or made by AHM; provided, however, that reference may be made to this Agreement and the settlement provided for herein in such proceedings as may be necessary to effectuate the Agreement;

N.    Bars and permanently enjoins all members of the Settlement Class who have not been excluded from the Settlement Class from (i) filing, commencing, prosecuting, intervening in or participating (as class members or otherwise) in any other lawsuit or administrative, regulatory, arbitration or other proceeding in any jurisdiction based on, relating to or arising out of the claims and causes of action or the facts and circumstances giving rise to this Lawsuit or the Released Claims and (ii) organizing members of the Settlement Class who have not been excluded from the class into a separate class for purposes of pursuing as a purported class action any lawsuit or administrative, regulatory, arbitration or other proceeding (including by seeking to amend a pending complaint to include class allegations or seeking class certification in a pending action) based on, relating to or arising out of the claims and causes of action or the facts and circumstances giving rise to the Lawsuit and/or the Released Claims;

O.    Approves the Opt-Out List and determines that the Opt-Out List is a complete list of all Settlement Class Members who have timely requested exclusion from the Settlement Class and, accordingly, shall neither share in nor be bound by the Final Order and Judgment; and

P.    Authorizes the Parties, without further approval from the Court, to agree to and adopt such amendments, modifications and expansions of this Agreement and all Exhibits hereto as (i) shall be consistent in all material respects with the Final Order and Judgment and (ii) do not limit the rights of the members of the Settlement Class.

35.    As of the Effective Date, the Named Plaintiffs and other members of the Settlement Class who have not excluded themselves from the Settlement Class hereby expressly agree that they shall Release the Releasees from all Released Claims.

A.    Without in any way limiting the scope of the Release, this Release covers, without limitation, any and all claims for attorneys' fees, costs or disbursements incurred by Class Counsel or any other counsel representing the Named Plaintiffs or members of the Settlement Class, or any of them, in connection with or related in any manner to the Lawsuit, the settlement of the Lawsuit, the administration of such settlement and/or the Released Claims.

B.    The Named Plaintiffs and the Settlement Class expressly acknowledge that they are familiar with principles of law such as Section 1542 of the Civil Code of the State of California, which provides:

**A GENERAL RELEASE DOES NOT EXTEND TO CLAIMS WHICH THE CREDITOR DOES NOT KNOW OR SUSPECT TO EXIST IN HIS OR HER FAVOR AT THE TIME OF EXECUTING THE RELEASE, WHICH IF KNOWN BY HIM OR HER MIGHT HAVE MATERIALLY AFFECTED HIS OR HER SETTLEMENT WITH THE DEBTOR.**

To the extent that California or other law may be applicable to this Agreement, Named Plaintiffs and the Settlement Class hereby expressly agree that the provisions, rights and benefits of Section 1542 and all similar federal or state laws, rights, rules or legal principles of any other jurisdiction that may be applicable herein are hereby knowingly and voluntarily waived and relinquished by the Named Plaintiffs and the Settlement Class to the fullest extent permitted by

law solely in connection with unknown claims constituting Released Claims, and the Named Plaintiffs and Settlement Class hereby agree and acknowledge that this is an essential term of this Release. In connection with this Release, the Named Plaintiffs and the Settlement Class acknowledge that they are aware that they may hereafter discover claims presently unknown and unsuspected or facts in addition to or different from those which they now know or believe to be true with respect to matters released herein. Nevertheless, it is the intention of the Named Plaintiffs and the Settlement Class in executing this Release fully, finally and forever to settle and release all matters and all claims relating thereto that exist, hereafter may exist or might have existed (whether or not previously or currently asserted in any action) constituting Released Claims.

> C. Nothing in this Release shall preclude any action to enforce the terms of this Agreement, including participation in any of the processes detailed therein.

> D. Subject to Court approval, all members of the Settlement Class who do not exclude themselves from the Settlement Class shall be bound by this settlement and Agreement and all of their claims shall be dismissed with prejudice and released, even if they never received actual notice of the Lawsuit or this settlement.

## XI. WITHDRAWAL FROM OR TERMINATION OF SETTLEMENT

36. Within fifteen (15) days of the occurrence of any of the following events and upon written notice to counsel for all Parties, any Party shall have the right to withdraw from the settlement:

> A. If the Court fails to approve the Agreement as written or if on appeal the Court's approval is reversed or modified; or

> B. If the Court alters any of the terms of the Agreement; or

C.    If the Preliminary Approval Order, as described in Paragraph IX.33, or the Final Approval Order, as described in Paragraph IX.33, is not entered by the Court or is reversed or modified on appeal, or otherwise fails for any reason. In the event of a withdrawal pursuant to this Paragraph XI, any certification of a Settlement Class will be vacated as to that withdrawing Party, without prejudice to any Party's position on the issue of class certification, and the withdrawing Party shall be restored to his or its litigation position existing immediately before the execution of this Agreement.

37.    If one hundred (100) or more Settlement Class Members properly and timely submit requests for exclusion from the Settlement Class as set forth in Paragraph VI.24, thereby becoming Opt-Outs, then, at AHM's option, AHM may withdraw from this Agreement. In that event, all of AHM's obligations under this Agreement shall cease to be of any force and effect; the certification of the Settlement Class shall be vacated without prejudice to AHM's position on the issue of class certification; and AHM shall be restored to its litigation position existing immediately before the execution of this Agreement. In order to elect to withdraw from this Agreement on the basis set forth in this Paragraph XI, AHM must notify Class Counsel in writing of its election to do so within ten (10) days after the Opt-Out List has been served on the Parties. In the event that AHM exercises such right, Class Counsel shall have twenty (20) days or such longer period as agreed to by the Parties to address the concerns of the Opt-Outs. If through such efforts the total number of members of the Opt-Outs is fewer than one hundred (100), then AHM shall withdraw its election to withdraw from the Agreement. In no event, however, shall AHM have any further obligation under this Agreement to Opt-Outs unless such Settlement Class Member withdraws his/her request for exclusion. For purposes of this Paragraph, Opt-Outs shall not include (i) persons who are specifically excluded from the Settlement Class under Paragraph II.1 of

the Agreement (ii) Settlement Class Members who elect to withdraw their request for exclusion and (iii) Opt-Outs who agree to sign an undertaking that they will not pursue an individual or class claim that would otherwise be a Released Claim as defined in this Agreement.

38.     In the event of withdrawal by either Party in accordance with the terms set forth in this Paragraph XI, the Agreement shall be null and void, shall have no further force and effect with respect to any Party in the Lawsuit and shall not be offered in evidence or used in any litigation for any purpose, including the existence, certification or maintenance of any proposed or existing class.  In the event of such withdrawal, this Agreement and all negotiations, proceedings, documents prepared and statements made in connection herewith shall be without prejudice to AHM, Named Plaintiffs or the Settlement Class Members and shall not be deemed or construed to be an admission or confession in any way by any part of any fact, matter or proposition of law and shall not be used in any manner for any purpose, and the Parties to the Lawsuit shall stand in the same position as if this Agreement had not been negotiated, made or filed with the Court.

## XII.     **EFFECTIVE DATE**

39.     The "Effective Date" of this Agreement shall be the date when each and all of the following conditions have occurred:

A.     This Agreement has been fully executed by all Parties and their counsel;

B.     Orders have been entered by the Court certifying a Settlement Class, granting preliminary approval of this Agreement and approving a form of notice and claim form, all as provided above;

C.     The Court-approved Mailed Notice and Website Notice have been duly promulgated as ordered by the Court;

D.    The Court has entered a Final Order and Judgment finally approving this Agreement, as provided above; and

E.    The judgment has become Final as defined in Paragraph XII.40.

40.    "Final," when referring to a judgment or order means that (a) the judgment is a final, appealable judgment; and (b) either (i) no appeal has been taken from the judgment as of the date on which all times to appeal therefrom have expired, or (ii) an appeal or other review proceeding of the judgment having been commenced, such appeal or other review is finally concluded and no longer is subject to review by any court, whether by appeal, petitions or rehearing or reargument, petitions for rehearing en banc, petitions for writ of certiorari, or otherwise, and such appeal or other review has been finally resolved in a such manner that affirms the Final Order and Judgment in all material respects. Provided however, that no appeal from the Attorneys Fee Award or from the Named Plaintiffs' Incentive Awards shall postpone the Effective Date of the settlement.

41.    If, for any reason, this Agreement fails to become effective pursuant to the foregoing paragraph, the orders, judgment and dismissal to be entered pursuant to this Agreement shall be vacated, and the Parties will be returned to the status quo ante with respect to the Lawsuit as if this Agreement had never been entered into.

## XIII.  ADDITIONAL PROVISIONS

42.    The Exhibits to this Agreement are an integral part of the settlement and are expressly incorporated and made a part of this Agreement.

43.    This Agreement is for settlement purposes only.  Neither the fact of nor any provision contained in this Agreement nor any action taken hereunder shall constitute or be construed as an admission of the validity of any claim or any fact alleged in the Lawsuit or of any wrongdoing, fault, violation of law or liability of

any kind on the part of AHM or any admission by AHM of any claim or allegation made in any action or proceeding against AHM. This Agreement shall not be offered or be admissible in evidence against AHM or cited or referred to in any action or proceeding, except in an action or proceeding brought to enforce its terms. Nothing contained herein is or shall be construed or admissible as an admission by AHM that the Named Plaintiffs' claims or any similar claims are suitable for class treatment.

44. In the event that there are any developments in the effectuation and administration of this Agreement that are not dealt with by the terms of this Agreement, then such matters shall be dealt with as agreed upon by the Parties, and failing agreement, as shall be ordered by this Court. The Parties shall execute all documents and perform all acts necessary and proper to effectuate the terms of this Agreement and to take all necessary or appropriate actions to obtain judicial approval of this Agreement in order to give this Agreement full force and effect. The executing of documents must take place prior to the date scheduled for the Final Approval Hearing.

45. No person shall have any claim against the Named Plaintiffs, Class Counsel, AHM, AHM's Counsel, the Settlement Administrator or the Releasees or their agents based on administration of the settlement substantially in accordance with the terms of the Agreement or any order of the Court or any appellate court.

46. This Agreement constitutes the entire agreement between and among the Parties with respect to the settlement of the Lawsuit. This Agreement supersedes all prior negotiations and agreements and may not be modified or amended except by a writing signed by the Parties and their respective counsel. The Parties acknowledge, stipulate, and agree that no covenant, obligation, condition, representation, warranty, inducement, negotiation or understanding

concerning any part of the subject matter of this Agreement has been made or relied on except as expressly set forth in this Agreement.

47.     There shall be no waiver of any term or condition absent an express writing to that effect by the non-waiving Party. No waiver of any term or condition in this Agreement shall be construed as a waiver of a subsequent breach or failure of the same term or condition, or waiver of any other term or condition of this Agreement.

48.     This Agreement may be executed in one or more counterparts, each of which shall be deemed an original as against any Party who has signed it, and all of which shall be deemed a single agreement.

49.     This Agreement shall not be construed more strictly against one Party than another merely because of the fact that it may have been prepared by counsel for one of the Parties, it being recognized that because of the arm's-length negotiations resulting in the Agreement, all Parties hereto have contributed substantially and materially to the preparation of the Agreement. All terms, conditions and Exhibits are material and necessary to this Agreement and have been relied upon by the Parties in entering into this Agreement.

50.     This Agreement shall be construed under and governed by the laws of the State of California without regard to its choice of law provisions.

51.     The Court shall retain continuing and exclusive jurisdiction over the Parties to this Agreement for the purpose of the administration and enforcement of this Agreement.

52.     In the event any one or more of the provisions contained in this Agreement shall for any reason be held to be invalid, illegal or unenforceable in any respect, such invalidity, illegality or unenforceability shall not affect the other provisions, which shall remain in full force and effect as though the invalid, illegal or unenforceable provision had never been a part of this Agreement.

35

53. Whenever, under the terms of this Agreement, a person is required to provide service or written notice to AHM or Class Counsel, such service or notice shall be directed to the individuals and addresses specified below, unless those individuals or their successors give notice to the other Parties in writing:

As to Plaintiffs:

Nicholas E. Chimicles, Esq.                     Jonathan W. Cuneo, Esq.
Denise Davis Schwartzman, Esq.            William H. Anderson, Esq.
Chimicles & Tikellis LLP                         Cuneo Gilbert & LaDuca LLP
361 West Lancaster Avenue                     507 C Street, N.E.
Haverford, Pennsylvania 19041               Washington, D.C. 20002

As to AHM:

Mark S. Mester, Esq.                               Richard H. Otera, Esq.
Livia M. Kiser, Esq.                                 Honda North America, Inc.
Latham & Watkins LLP                           700 Van Ness Avenue
233 South Wacker Drive                          Torrance, California 90501
Suite 5800 Sears Tower
Chicago, Illinois 60606

54. The headings used in this Agreement are for the convenience of the reader only and shall not affect the meaning or interpretation of this Agreement. In construing this Agreement, the use of the singular includes the plural (and vice-versa) and the use of the masculine includes the feminine (and vice-versa).

55. Each Party to this Agreement warrants that he, she or it is acting upon his, her or its independent judgment and upon the advice of his, her or its counsel and not in reliance upon any warranty or representation, express or implied, of any nature of kind by any other Party, other than the warranties and representations expressly made in this Agreement. Each signatory below warrants that he or she has authority to execute this Agreement or any of its Exhibits and bind the Party on whose behalf he or she is executing the Agreement.

EXECUTED as of this ___2nd___ day of _____March_____, 2009.

SIGNED AND AGREED:

Date: _March 2, 2009_      FOR PLAINTIFFS

CHIMICLES & TIKELLIS LLP

By: _____

    Nicholas E. Chimicles
    Denise Davis Schwartzman
    One Haverford Centre
    361 West Lancaster Avenue
    Haverford, Pennsylvania 19041
    Telephone: (610) 642-8500
    Facsimile: (610) 649-3633

Date: _March 2, 2009_      CUNEO GILBERT & LaDUCA LLP

By: _____

    Jonathan W. Cuneo
    William H. Anderson
    507 C Street, N.E.
    Washington, D.C. 20002
    Telephone: (202) 789-3960
    Facsimile: (202) 789-1813


BLECHER AND COLLINS, PC
    Maxwell M. Blecher
    515 South Figueroa Street, 17th Floor
    Los Angeles, California 90071
    Telephone: (213) 622-4222
    Facsimile: (213) 622-1656

1  Date:_____    FOR DEFENDANT

2                            LATHAM & WATKINS LLP

3

4                            By: _____

5                                Mark S. Mester

6                                Livia M. Kiser
                                 233 South Wacker Drive
7                                Suite 5800 Sears Tower
                                 Chicago, Illinois 60606
8                                Telephone: (312) 876-7700
9                                Facsimile: (312) 993-9767

10 Date:____3/2/09____        AMERICAN HONDA MOTOR CO., INC.

11

12

13                           By: _____

14                               John W. Mendel
                                 1919 Torrance Blvd.
15                               Torrance, California 90501
                                 Telephone: (310) 783-2000
16

17

18

19 CH\1085384.2

20

21

22

23

24

25

26

27

28

38

Date: March 2, 2009     FOR DEFENDANT

LATHAM & WATKINS LLP

By: _____
     Mark S. Mester
     Livia M. Kiser
     233 South Wacker Drive
     Suite 5800 Sears Tower
     Chicago, Illinois 60606
     Telephone: (312) 876-7700
     Facsimile: (312) 993-9767

Date:_____     AMERICAN HONDA MOTOR CO., INC.


By: _____
     John W. Mendel
     1919 Torrance Blvd.
     Torrance, California 90501
     Telephone: (310) 783-2000

CH\1085384.2