CUNEO GILBERT & LADUCA LLP
  Jonathan W. Cuneo (*pro hac vice*)
  William H. Anderson (*pro hac vice*)
507 C Street, NE
Washington, DC 20002

CHIMICLES & TIKELLIS LLP
  Nicholas E. Chimicles (*pro hac vice*)
  Denise Davis Schwartzman (*pro hac vice*)
361 West Lancaster Avenue
Haverford, PA 19041

Attorneys for Plaintiffs

LATHAM & WATKINS LLP
  Alan B. Clark
633 West Fifth Street, Suite 4000
Los Angeles, California 90071-2007

LATHAM & WATKINS LLP
  Mark S. Mester (*pro hac vice*)
  Livia M. Kiser (*pro hac vice*)
233 S. Wacker Drive, Suite 5800
Chicago, Illinois 60606

Attorneys for Defendant American Honda Motor Co., Inc.

**UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
EASTERN DIVISION – RIVERSIDE**

| | |
|---|---|
| JOHN TRUE, et al.,<br><br>           Plaintiffs,<br>      v.<br><br>AMERICAN HONDA MOTOR CO., INC.,<br><br>           Defendant.<br>_____ | CASE NO. ED 07-cv-287 VAP-OP |

## [PROPOSED] FINAL ORDER AND JUDGMENT

On March __, 2009, the Court entered a Preliminary Approval Order that preliminarily approved the proposed Agreement in this Lawsuit and specified the manner in which the Defendant American Honda Motor Co., Inc. ("AHM"), as Settlement Administrator, was to provide notice to the Settlement Class. The

Agreement, which is incorporated herein by reference, sets forth the terms and conditions for a settlement and dismissal with prejudice of the Lawsuit. Terms and phrases in this Final Order and Judgment shall have the same meaning as ascribed to them in the Agreement.

Following the dissemination of the Mailed Notice and the posting of Website Notice, Settlement Class Members were given an opportunity to (i) submit timely requests for exclusion from the Settlement Class, or (ii) object to the Settlement Agreement (including Class Counsel's application for an Attorneys' Fee Award and Named Plaintiffs' Incentive Award).

A Fairness Hearing was held on _____, 2009, at which time each person filing timely written objection to the settlement and a notice of his/her intent to appear were given a full opportunity to state any objections to the settlement.

NOW THEREFORE the Court, having fully considered the terms of the Agreement and all submissions made in connection with it, finds that the Agreement and the settlement should be finally approved as fair, reasonable and adequate and the Lawsuit dismissed with prejudice as to all Settlement Class Members who have not excluded themselves from the Settlement Class, and without prejudice as to all persons who timely and validly excluded themselves from the Settlement Class as set forth in the Opt Out List, and further finds that the Released Claims are subject to Release in accordance with Fed. R. Civ. P. 54 and other applicable laws. Accordingly,

IT IS HEREBY ORDERED that:

1. The preliminary certification of the Settlement Class in the Preliminary Approval Order is hereby confirmed and made final for purposes of the Agreement as approved by this Final Order and Judgment. Pursuant to Rule 23 of the Federal Rules of Civil Procedure, the Court hereby certifies, for settlement

CH\1084918.1

purposes only, a Settlement Class defined as follows:

> All persons who purchased or leased a new Honda Civic Hybrid automobile model years 2003 through 2008 in the United States of America including the District of Columbia.
>
> Specifically excluded from the Settlement Class are the following persons:
> (i) AHM and its subsidiaries and affiliates, employees, officers, directors, agents, and representatives and their family members;
> (ii) Class Counsel; and
> (iii) All persons who have timely elected to opt out of or exclude themselves from the Settlement Class in accordance with this Court's Orders.

2. The Court finds it has personal jurisdiction over the Named Plaintiffs and all Settlement Class Members and subject matter jurisdiction to approve the settlement and Agreement and all Exhibits thereto.

3. The Court finds this order is being entered more than ninety (90) days after AHM provided notice of the proposed settlement to the Attorney General of the United States and the attorneys general of the States as required by 28 U.S.C. § 1715(b), complying fully with 28 U.S.C. § 1715(d).

4. The Court finds that the Mailed Notice, Website Notice and the notice methodology implemented pursuant to this Agreement and Notice Plan (i) constitute the best practicable notice, (ii) constitute notice that is reasonably calculated under the circumstances to apprise persons of the Settlement Class and of the pendency of the Lawsuit, their right to object or exclude themselves from the proposed settlement and to appear at the Final Approval Hearing and their right to seek monetary and other relief, (iii) are reasonable and constitute due, adequate and sufficient notice to all persons entitled to receive notice and (iv) meet all applicable requirements of Due Process and any other applicable law and requirement.

5. The Court hereby approves the terms of the Agreement as fair,

3

reasonable and adequate as to each of the Parties and as it applies to the Settlement Class, and consistent and in compliance with all requirements of Due Process and applicable law, as to and in the best interests of each of the Parties and members of the Settlement Class, and directs consummation of all of its terms and provisions.

6. The Court approves the form of Claim Form without material alteration from Exhibit B. The Court directs the Claim Form to be posted on the HCH Fuel Economy Website at the same time that the Fuel Economy Video is posted and within ninety (90) days after the Effective Date. The Court directs that the Claim Form be accessible through the HCH Fuel Economy Website after a Settlement Class Member (i) enters his or her VIN of the Class Vehicle and (ii) views the Fuel Economy Video posted thereon and obtains a Preassigned Claim Number. The Court further directs the Settlement Administrator to provide instructions to Settlement Class Members as needed to view the Fuel Economy Video, obtain a Claim Form and/or Preassigned Claim Number.

7. The Court further orders that Settlement Class Members (or Transferees, as applicable) who qualify for and elect Option A or Option B shall submit their Claim Forms no later than June 30, 2011 and Settlement Class Members who qualify for and elect Option C shall submit Claim Forms no later than _____, or sixty (60) days after the Fuel Economy Video is posted on the HCH Fuel Economy Website. Any Claim Form postmarked after the dates set forth above shall be deemed untimely.

8. The Court finds that Class Counsel and the Named Plaintiffs adequately represented the Settlement Class for purposes of entering into and implementing the settlement and Agreement.

9. The Court awards a Named Plaintiffs' Incentive Award of $_____ to Named Plaintiff John True and $_____ to Named Plaintiff Gonzalo Delgado and directs Class Counsel to pay these incentive awards from the proceeds of the

4

Attorneys' Fee Award.  The Court awards Class Counsel fees in the amount of $_____, and this Final Order and Judgment shall also serve as the Attorneys' Fee Award.

10. The Court declares the Agreement and this Final Order and Judgment to be binding on and have res judicata and preclusive effect in all pending and future lawsuits or other proceedings encompassed by the Release maintained by or on behalf of the Named Plaintiffs and all other Settlement Class Members, as well as their heirs, executors or administrators, successors and assigns.

11. The Court adjudges that Named Plaintiffs and the Settlement Class have conclusively compromised, settled, dismissed and released any and all Released Claims against AHM and the Releasees.

12. The Court dismisses on the merits and with prejudice the First Amended Class Action Complaint in this Lawsuit without fees or costs except as provided in the Agreement.  Upon the Effective Date of the Agreement, the Named Plaintiffs and all members of the Settlement Class who have not been excluded from the Settlement Class, whether or not they submit a Claim Form within the time and in the manner provided for, shall be barred from asserting any Released Claims against AHM, and any such members of the Settlement Class shall have released any and all Released Claims as against the Releasees.

13. The Court finds that all members of the Settlement Class who have not been excluded from the Settlement Class are barred and permanently enjoined from (i) filing, commencing, prosecuting, intervening in or participating (as class members or otherwise) in any other lawsuit or administrative, regulatory, arbitration or other proceeding in any jurisdiction based on, relating to or arising out of the claims and causes of action or the facts and circumstances giving rise to this Lawsuit or the Released Claims and (ii) organizing members of the Settlement Class who have not been excluded from the class into a separate class for purposes

of pursuing as a purported class action any lawsuit or administrative, regulatory, arbitration or other proceeding (including by seeking to amend a pending complaint to include class allegations or seeking class certification in a pending action) based on, relating to or arising out of the claims and causes of action or the facts and circumstances giving rise to the Lawsuit and/or the Released Claims.

14. The Court approves the Opt-Out List attached hereto as Exhibit __ and determines that the Opt-Out List is a complete list of all Settlement Class Members who have timely requested exclusion from the Settlement Class and, accordingly, shall neither share in nor be bound by the Final Order and Judgment

15. The Court finds that the Agreement and the settlement provided for therein and any proceedings taken pursuant thereto are not and should not in any event be offered or received as evidence of, a presumption, concession or an admission of liability or of any misrepresentation or omission in any statement or written document approved or made by AHM; provided, however, that reference may be made to this Agreement and the settlement provided for therein in such proceedings as may be necessary to effectuate the settlement.

16. The Court authorizes the Parties, without further approval from the Court, to agree to and adopt such amendments, modifications and expansions of this Agreement and all Exhibits thereto as (i) shall be consistent in all material respects with the Final Order and Judgment and (ii) do not limit the rights of the Settlement Class Members.

17. If (i) the Effective Date does not occur for any reason whatsoever, or (ii) the Agreement becomes null and void pursuant to the terms of the Agreement, this Final Order and Judgment shall be deemed vacated and shall have no force or effect whatsoever.

18. Without affecting the finality of the Final Order and Judgment in any way, the Court reserves continuing and exclusive jurisdiction over the Parties,

CH\1084918.1

including all Settlement Class Members, and the execution, consummation, administration and enforcement of the terms of the Agreement.

Dated: _____.

_____
Honorable Virginia A. Phillips
United States District Court Judge

CH\1084918.1