```
CUNEO GILBERT & LADUCA LLP
  Jonathan W. Cuneo (pro hac vice)
  William H. Anderson (pro hac vice)
507 C Street, NE
Washington, DC 20002
CHIMICLES & TIKELLIS LLP
  Nicholas E. Chimicles (pro hac vice)
  Denise Davis Schwartzman (pro hac vice)
361 West Lancaster Avenue
Haverford, PA 19041

Attorneys for Plaintiffs

LATHAM & WATKINS LLP
  Alan B. Clark
633 West Fifth Street, Suite 4000
Los Angeles, California 90071-2007

LATHAM & WATKINS LLP
  Mark S. Mester (pro hac vice)
  Livia M. Kiser (pro hac vice)
233 S. Wacker Drive, Suite 5800
Chicago, Illinois 60606

Attorneys for Defendant American Honda Motor Co., Inc.
```

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA
# EASTERN DIVISION – RIVERSIDE

| | |
|---|---|
| JOHN TRUE, et al., | CASE NO. ED 07-cv-287 VAP-OP |
| Plaintiffs, | |
| v. | |
| AMERICAN HONDA MOTOR CO., INC., | |
| Defendant. | |

## [PROPOSED] PRELIMINARY APPROVAL ORDER

The Parties to the above-captioned Lawsuit have entered into a Class Action Settlement Agreement dated March 2, 2009, including the exhibits incorporated therein (the "Agreement") and submitted to the Court on March 2, 2009 to settle

PO.v.iia.1-12-09

the above-captioned lawsuit ("Lawsuit") in its entirety, and Named Plaintiffs have filed a motion for preliminary approval and supporting memorandum (collectively, "Motion for Preliminary Approval"), which Defendant does not oppose. The Agreement, which is incorporated herein by reference, sets forth the terms and conditions for a proposed settlement and dismissal with prejudice of the Lawsuit. Terms and phrases in this Order shall have the same meaning as ascribed to them in the Agreement.

Having reviewed the Agreement and all the Exhibits thereto, the Motion for Preliminary Approval, the pleadings and other papers on file in this action, and statements of counsel, the Court finds that the Motion for Preliminary Approval should be GRANTED and that this Order should be entered. The Court hereby gives its preliminary approval to the Agreement, subject to the Final Approval Hearing for purposes of deciding whether to grant final approval to the settlement, and authorizes the Settlement Administrator to disseminate Mailed Notice and post the Website Notice and further, orders the Parties to take all other required steps necessary to fulfill the pre-conditions to moving the Court to finally approve the Agreement as fair, reasonable and adequate, enter a Final Order and Judgment and dismiss the Lawsuit with prejudice.

IT IS HEREBY ORDERED that:

1.     Pursuant to Rule 23 of the Federal Rules of Civil Procedure the Court hereby preliminarily certifies, for settlement purposes only, a Settlement Class defined as follows:

> All persons who purchased or leased a new Honda Civic Hybrid automobile model years 2003 through 2008 in the United States of America including the District of Columbia.
>
> Specifically excluded from the Settlement Class are the following persons:
>
> (i)     AHM and its subsidiaries and affiliates, employees, officers, directors, agents, and representatives and their family members;

2

CH\1085383.2

      (ii)    Class Counsel; and

      (iii)   All persons who have timely elected to opt out of or exclude themselves from the Settlement Class in accordance with this Court's Orders.

2.    The preliminary certification of the Settlement Class and the Lawsuit as a class action is for settlement purposes only and shall be terminated and without further force or effect and without prejudice to either Party in connection with any future proceedings in the Lawsuit, including any future motion with respect to class certification, if: (i) the Court fails to approve the Agreement as written or if on appeal the Court's approval is reversed or modified; or (ii) the Final Order and Judgment, appended to the Agreement as Exhibit C, is not entered by the Court or is reversed or modified on appeal or otherwise fails for any reason.

3.    The Court preliminarily approves the settlement and Agreement as sufficiently fair, reasonable and adequate to allow dissemination of the Mailed Notice to the Settlement Class Members and posting of the Website Notice. This determination permitting notice is not a final finding that the settlement is fair, reasonable and adequate, but a determination that there is probable cause to disseminate the Mailed Notice and to post the Website Notice to the Settlement Class Members and to hold a Final Approval Hearing on the proposed settlement.

4.    Solely for the purpose of implementing this Agreement and effectuating the settlement, the Parties stipulate that AHM shall be appointed as Settlement Administrator.

5.    The Settlement Administrator will administer this settlement in accordance with the Agreement and the Notice Plan filed with this Court on March __, 2009 (Dkt. #__), and AHM will bear all costs and expenses related to the administration of this settlement. The Settlement Administrator shall be responsible for providing notice to the Settlement Class in accordance with the Notice Plan and shall assist with various administrative tasks, including, without

limitation, (i) mailing or arranging for the mailing of the Mailed Notice; (ii) the posting of the Website Notice; (iii) processes and procedures for handling returned mail; (iv) providing to Class Counsel and Defense Counsel within ten (10) business days of receipt copies of notices of intention to appear and requests for exclusion from the Settlement Class, and (v) preparing an Opt-Out List of Settlement Class Members requesting exclusion and submitting an affidavit with the Court before the Final Approval Hearing attesting to the accuracy of that list.

6. The Court approves the form of the Mailed Notice without material alteration from Exhibit D, and further approves the posting of the Mailed Notice as and for the Website Notice on the HCH Fuel Economy Website. The Court directs that within twenty-one (21) days of entry of this Order, AHM shall deliver to Class Counsel an affidavit providing what AHM believes in good faith to be a complete listing of the names and addresses currently on record at AHM of all persons who AHM believes, after a reasonable and good-faith search, are eligible to receive the Mailed Notice.

7. The Court finds that the Mailed Notice and Website Notice inform the Class Members of the material terms of the Settlement and their rights and responsibilities in connection with the Settlement, and further finds that the Mailed Notice together with the Website Notice (i) is the best practicable notice, (ii) is reasonably calculated, under the circumstances, to apprise members of the Settlement Class of the pendency of the Lawsuit and of their right to object or to exclude themselves from the proposed settlement, (iii) is reasonable and constitutes due, adequate and sufficient notice to all persons entitled to receive notice, and (iv) meets all applicable requirements of Due Process and applicable law.

8. The Court directs the Mailed Notice be mailed by first class mail to the address on record at AHM for each Settlement Class Member within forty-five (45) days of the entry of this order and, for notices returned, that the Settlement

Administrator follow the procedures set forth in the Notice Plan. The Court further directs the Website Notice be posted on the HCH Fuel Economy website within forty-five (45) days of the entry of this order. The Court further orders the Settlement Administrator to file with the Court proof of mailing of the Mailed Notice and publication of the Website Notice at or before the Final Approval Hearing.

9. The Court orders each member of the Settlement Class who wishes to exclude himself or herself from the Settlement Class to submit an appropriate, timely request for exclusion, postmarked no later than sixty (60) days after the Mailed Notice Date to the Settlement Administrator at the address on the Mailed Notice and in accordance with the requirements set forth therein. Any member of the Settlement Class who does not submit a timely, written request for exclusion from the Settlement Class in accordance with the requirements set forth in the Mailed Notice will be bound by all proceedings, orders, and judgments in the Lawsuit, even if such member of the Settlement Class has previously initiated or subsequently initiates individual litigation or other proceedings encompassed by the Release and the Released Claims, as defined in the Agreement. The Court further orders the Settlement Administrator to file with the Court the Opt Out List with an affidavit attesting to the completeness and accuracy thereof no fewer than seventy (70) days after the Mailed Notice Date.

10. The Court hereby enjoins members of the Settlement Class (and anyone who purports to act on the behalf of any Settlement Class Member) unless and until they have timely excluded themselves from the Settlement Class as set forth in the Mailed Notice (i) from filing, commencing, prosecuting, intervening in or participating as plaintiff, claimant or class member in any other lawsuit or administrative, regulatory, arbitration or other proceeding in any jurisdiction based on, relating to or arising out of the claims and causes of action or the facts and

circumstances giving rise to the Lawsuit and/or the Released Claims; (ii) from filing, commencing or prosecuting a lawsuit or administrative, regulatory, arbitration or other proceeding as a class action on behalf of any members of the Settlement Class who have not timely excluded themselves (including by seeking to amend a pending complaint to include class allegations or seeking class certification in a pending action), based on, relating to or arising out of the claims and causes of action or the facts and circumstances giving rise to the Lawsuit and/or the Released Claims; and (iii) from attempting to effect an opt-out of a class of individuals in any lawsuit or administrative, regulatory, arbitration or other proceeding based on, relating to or arising out of the claims and causes of action or the facts and circumstances giving rise to the Lawsuit and/or the Released Claims.

11. The Court orders any member of the Settlement Class who has not submitted a timely request for exclusion from the Settlement Class and who wishes to object to the fairness, reasonableness or adequacy of this Agreement or the proposed settlement or to the Attorneys' Fee Award shall file with the Court and serve on Class Counsel no later than sixty (60) days after the Mailed Notice Date, a statement of the objection signed by the Settlement Class Member and containing all of the following information:

  (a) The objector's full name, address, and telephone number;

  (b) The model year and VIN of the Settlement Class Member's HCH along with proof that the objector has owned or leased the HCH (*i.e.,* a copy of a vehicle title, registration, or license receipt);

  (c) A written statement of all grounds for the objection accompanied by any legal support for such objection;

  (d) Copies of any papers, briefs or other documents upon which the objection is based**;**

CH\1085383.2

   (e) A statement of whether the objector intends to appear at the Final Approval Hearing; and

   (f) If the objector intends to appear at the Final Approval Hearing through counsel, the objector must also identify the attorneys representing the objector who will appear at the Final Approval Hearing.

   (g) Any member of the Settlement Class who does not file a timely written objection to the settlement and a notice of his/her intent to appear at the Final Approval Hearing or who fails to otherwise comply with the requirements of this paragraph shall be foreclosed from seeking any adjudication or review of the settlement by appeal or otherwise.  Failure to adhere to these requirements bars the objection.

  12. Any attorney hired by a member of the Settlement Class at the Settlement Class Member's expense for the purpose of objecting to this Agreement or to the proposed settlement or to the Attorneys' Fee Award shall provide to the Settlement Administrator (who shall forward it to Class Counsel and Defense Counsel) and to file with the Clerk of the Court a notice of appearance no later than sixty (60) days after the Mailed Notice Date.  Attorneys hired by Settlement Class Members who do not adhere to these requirements shall not be heard at the Final Approval Hearing.

  13. Any member of the Settlement Class who files and serves a written objection and who intends to make an appearance at the Final Approval Hearing to provide to the Settlement Administrator (who shall forward it to Class Counsel and Defense Counsel) and to file with the Court no later than sixty (60) days after the Mailed Notice Date.  Settlement Class Members who do not adhere to these requirements shall not be heard at the Final Approval Hearing.

14. The Court hereby directs AHM to establish a post office box in the name of the Settlement Administrator to be used for receiving requests for exclusion, objections, notices of intention to appear and any other communications.

15. The Court orders the Settlement Administrator to promptly furnish Class Counsel, Defense Counsel, AHM and any counsel for Plaintiffs or members of the Settlement Class with copies of any and all written requests for exclusion, notices of intention to appear or other communications that come into its possession, except as expressly provided in the Agreement.

16. Class Counsel may apply to the Court for an Attorneys' Fee Award at the same time that it files its motion in support of the Final Order and Judgment. Class Counsel agree not to seek from the Court or to accept an Attorneys' Fee Award in excess of $2,950,000, and AHM agrees not to contest an award of that sum.

17. Class Counsel also may submit to the Court at the same time that it files its motion in support of the Final Order and Judgment an application for the Named Plaintiffs' Incentive Awards (i) for John True in the amount of $12,500, and (ii) for Gonzalo Delgado in the amount of $10,000 to be paid by Class Counsel. AHM agrees not to oppose this application. Class Counsel shall pay Plaintiffs' Incentive Awards directly to Named Plaintiffs. AHM shall have no responsibility whatsoever for the payment of Plaintiffs' Incentive Awards.

18. Pursuant to Rule 23(e)(2) of the Federal Rules of Civil Procedure and in accordance with 28 U.S.C. § 1715(d), the Final Approval Hearing shall be held on _____ before the undersigned at the United States District Court, Central District of California, Eastern Division – Riverside, 3470 Twelfth Street, Riverside, CA 92501 for the purpose of determining (a) whether the proposed settlement is fair, reasonable and adequate and should be finally approved by the Court; (b) whether to issue a Final Order and Judgment without material alteration

CH\1085383.2

from Exhibit C; and (c) whether to approve the Attorneys' Fee Award and Named Plaintiffs' Incentive Awards as set forth in the Agreement.

19. The Court reserves the right to adjourn or continue the Final Approval Hearing, or any further adjournment or continuance thereof, and to approve the settlement with modifications, if any, consented to by the counsel for the Settlement Class and Defendant without further notice.

20. The Court finds that Defendant has thus far complied in all respects with 28 U.S.C. § 1715 by providing to the Attorney General of the United States and the Attorneys General of the States and territories in which Settlement Class Members reside the information required to be provided pursuant to that statute, and hereby orders Defendants to file documents evidencing continued compliance in advance of the Final Approval Hearing.

21. The Parties shall file any memoranda or other materials in support of final approval of the Agreement and motion for entry of Final Order and Judgment, including response to any timely and properly filed objection to the Agreement, no later than ___ days prior to the Final Approval Hearing. Such materials shall be served on Class Counsel, Defendant's Counsel, and on any member of the Settlement Class (or their counsel, if represented by counsel) to whose objection to the Agreement the memoranda or other materials respond.

22. Pending final determination of the application for approval of this Agreement, all proceedings in this Lawsuit other than settlement approval proceedings shall be stayed.

Dated: _____.

_____
Honorable Virginia A Phillips
United States District Court Judge