

1  LESLI GATTIS GINN
   Assistant Attorney General
2  Texas Bar No. 24050664
   Email: Lesli.Ginn@oag.state.tx.us
3  Tel:  (512) 936-0538
4  JEFF M. GRAHAM
   Assistant Attorney General
5  Texas Bar No. 24028722
   Tel: (512) 475-4393
6  Email: jeff.graham@oag.state.tx.us
   Tel: (512) 475-4393
7  Email: jeff.graham@oag.state.tx.us
8  Office of the Texas Attorney General
   Financial Litigation Division
9  P.O. Box 12548
   Austin, Texas 78711-2548
10  Fax: (512) 477-2348
11 Alternate Fax: (512) 480-8327

12 **ATTORNEYS FOR THE STATE OF TEXAS**

13

14                **UNITED STATES DISTRICT COURT**

15              **CENTRAL DISTRICT OF CALIFORNIA**

16

17
   JOHN TRUE, individually        )   Case No. EDCV 07-287-VAP
18 and on behalf of all others     )   (OPx)
   similarly situated,             )
19                                 )
                                   )
20                                 )
                        Plaintiff, )
21                                 )
                                   )   **OBJECTION TO PROPOSED**
22   v.                            )   **CLASS ACTION SETTLEMENT**
                                   )
23                                 )
   AMERICAN HONDA MOTOR            )
24 CO., INC.,                      )
                                   )
25                     Defendants. )
26 ────────────────────────────────)

27      The State of Texas, by and through the Office of the Texas

28 Attorney General,  submits this objection to the proposed settlement

1  agreement in this class action lawsuit pursuant to the Class Action
2  Fairness Act of 2005 (CAFA).  There are an estimated 177,700 Texans
3  in the Settlement Class who stand to be affected by the proposed
4  settlement.

5  ## I.  Introduction

6       The State of Texas (State) received notice of the proposed
7  settlement in this case when it was sent to the Texas Attorney General,
8  as required by CAFA.  *See* 28 U.S.C.A. § 1715(b).

9       The State is concerned about the fairness and adequacy of the
10 proposed settlement for the reasons stated below.

11 ## II.  Grounds for Objection

12 **A.**   The Minimal Monetary Relief to the Class Under the
13 Proposed Settlement Would Primarily Reward the Defendant,
   Much Like a Coupon Settlement.
14

15      The passage of CAFA was driven by a concern about abuses in the
16 class action system; specifically, outcomes where class members
17 receive little or no benefit.  Coupon settlement were of particular
18 concern to Congress.  *See* Pub. L. 109-2, § 2, Feb. 18, 2005, 1119 Stat.
19 4.

20      Here, the Class has alleged that Defendant American Honda Motor
21 Co., Inc. (Honda) falsely advertised the fuel efficiency of its Honda
22 Civic Hybrid vehicle (the Class Vehicle).  A Class Member, under the
23 proposed settlement, would receive one of following three exclusive
24 remedies, two of which amount to a particularly objectionable kind of
25 coupon: one premised on future purchases that enrich the Defendant.

26 **Option A:  $ 1,000 Cash Rebate**
27      Under Option A, if the Class Member sells or trades in their Class
28 Vehicle and purchases an Eligible Honda Vehicle (defined as a new

1  2009 or 2010 Honda or Acura, excluding the Honda Fit, Honda Insight,
2  Honda Civic Hybrid, or any Honda Certified User Car or Acura
3  Certified Pre-Owned Vehicle) before June 30, 2011, then the Class
4  Member may claim a cash payment of $1,000. (Class Members who
5  purchased a new Class Vehicle from an authorized Honda dealer may
6  claim this Option.)

7         **Option B: $500 Cash Rebate**

8         Under Option B, if the Class Member purchases an Eligible Honda
9  Vehicle from an authorized Honda or Acura Dealer before June 30,
10  2011, then the Class Member may claim a $500 cash payment. (This
11  option is available to all Settlement Class Members, i.e., all persons
12  who purchased or leased a new Class Vehicle model years 2003-2008 in
13  the United States.)

14         **Option C: $100 Cash Payment**

15         Under Option C, certain Class Members may be eligible for a $100
16  cash payment, provided: (1) the Class Member made a complaint
17  regarding the fuel economy of his/her Class Vehicle before the motion
18  for preliminary approval was filed, (2) to Honda or an authorized Honda
19  dealer who then contacted Honda or Class Counsel, and (3) a written
20  record of the complaint was created in the normal course of business.

21         These three options (the possibility of a rebate or $100) provide
22  very minimal relief to the Class Members. Options A and B provide
23  zero benefit to the Class Member until Honda (the defendant here) has
24  first received a substantial benefit through its sale of a new car—from a
25  specified list, no less. The proposed settlement as currently written
26  provides considerably more benefit to Defendant Honda than it does to
27  the Class Members. It is also reminiscent of the coupon settlements the
28  drafters of CAFA were particularly troubled about in that the "relief" to

-3-

1 | the Class Members is of little actual value and is premised on further
2 | enrichment of the Defendant.

3 |      The only option that does not entail a front-end benefit to Honda
4 | is Option C, with its $100 payout.  Putting aside the insignificance of
5 | the amount, a Class Member would have no control over some of the
6 | required elements to qualify for Option C: it would have been up to the
7 | given dealership to forward the complaint and up to Honda to make a
8 | written record of it.  The structure of Option C would also reward
9 | Honda to the extent that Honda failed to create or maintain records of
10 | consumer complaints.

11 |      In light of the fact that the claims made by the Class Members here
12 | involve economic harm (the Class Vehicles sold under the allegedly
13 | misleading advertising were sold at a $7,000 premium over the non-
14 | hybrid Honda Civics), the proposed relief to the Class is inadequate.
15 | (Notably, the Incentive Awards to the Named Plaintiffs and Class
16 | Counsel's attorneys' fees will be paid in actual money, not coupons for
17 | new Honda vehicles.)  And there are serious equitable concerns with
18 | regard to proposed relief that only benefits the Class after it has
19 | benefitted the Defendant exponentially more.

20 |
21 |        B.    The Proposed Fees for Class Counsel are Disproportionate in the Context of the Relief to the Class.

22 |      Another important concern to Congress in enacting CAFA was the
23 | circumstance in which counsel are awarded large fees, while class
24 | members receive coupons or other awards of little or no value. *See* Pub.
25 | L. 109-2, § 2, Feb. 18, 2005, 1119 Stat. 4.

26 |      Here, the Settlement Agreement provides for an award of
27 | attorneys' fees of up to $2.95 million to Class Counsel.  The State is
28 | concerned about the lack of proportion between the categorically

1  inferior coupon relief for the Class Members and the sizeable attorneys'
2  fees to Class Counsel under the proposed settlement.

3  ### III.  Conclusion

4        Because of its concerns about the fairness and adequacy of the
5  proposed settlement in this case, as set out above, the State of Texas
6  hereby submits its objection.

7
8
9                    Respectfully submitted,

10                   GREG ABBOTT
                     Attorney General of Texas

11                   C. ANDREW WEBER
12                   First Assistant Attorney General

13                   DAVID S. MORALES
                     Deputy Attorney General for Civil Litigation
14

15                   DAVID C. MATTAX
                     Division Chief, Financial Litigation Division
16

17
18

19                   LESLI GATTIS GINN
                     Assistant Attorney General
20                   Office of the Texas Attorney General
                     Financial Litigation Division
21                   Texas Bar No. 24050664
                     P.O. Box 12548
22                   Austin, Texas 78711-2548
                     TEL: (512) 936-0538
23                   FAX: (512) 477-2348
                     ALTERNATE FAX: (512) 480-8327
24                   Email: Lesli.Ginn@oag.state.tx.us
25

26                   JEFF M. GRAHAM
                     Assistant Attorney General
27                   Office of the Texas Attorney General
28                   Financial Litigation Division

Texas Bar No. 24028722
P.O. Box 12548
Austin, Texas 78711-2548
TEL: (512) 475-4393
FAX: (512) 477-2348
ALTERNATE FAX: (512) 480-8327
Email: jeff.graham@oag.state.tx.us

**ATTORNEYS FOR THE STATE OF TEXAS**

# CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing *Objection to Proposed Class Action Settlement Agreement* was served by fax* and U.S Mail on the 24th day of April, 2009 to the following:

## ATTORNEYS FOR PLAINTIFFS

Nicholas E. Chimicles
Denise Davis Schwartzman
CHIMICLES & TIKELLIS, LLP
One Haverford Centre
361 West Lancaster Avenue
Haverford, Pennsylvania 19041
ph. (610) 642-8500
fax (610) 649-3633

Jonathan W. Cuneo
William H. Anderson
CUNEO GILBERT & LADUCA, LLP
507 C Street, N.E.
Washington, D.C. 20002
ph. (202) 789-3960
fax (202) 789-1813

Maxwell W. Blecher
BLECHER AND COLLINS, PC
515 South Figueroa St., 17th Floor
Los Angeles, California 90071
ph. (213) 622-4222
fax (213) 622-1656

## ATTORNEYS FOR DEFENDANT

Mark S. Mester
Livia M. Kiser
LATHAM & WATKINS, LLP
233 South Wacker Drive
Suite 5800, Sears Tower
Chicago, Illinois 60606
ph. (312) 876-7700
fax (312) 993-9767

John Mendel
AMERICAN HONDA MOTOR CO., INC.
1919 Torrance Blvd.
Torrance, California 90501
ph. (310) 783-2000

_____
LESLI GATTIS GINN

* where fax numbers are provided