CHIMICLES & TIKELLIS LLP
Nicholas E. Chimicles (*pro hac vice*)
Denise Davis Schwartzman (*pro hac vice*)
361 West Lancaster Avenue
Haverford, PA 19041

CUNEO GILBERT & LADUCA LLP
Jonathan W. Cuneo (*pro hac vice*)
William H. Anderson (*pro hac vice*)
507 C Street, NE
Washington, DC 20002

Attorneys for Plaintiffs

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA
# EASTERN DIVISION – RIVERSIDE

| | |
|---|---|
| JOHN TRUE, et al., | ) CASE NO. ED 07-cv-287 VAP-OP |
| Plaintiffs, | ) |
| v. | ) |
| AMERICAN HONDA MOTOR CO., INC., | ) |
| Defendant. | ) |

**MEMORANDUM IN SUPPORT OF PLAINTIFFS'
SECOND SUPPLEMENTAL MOTION FOR
PRELIMINARY APPROVAL OF SETTLEMENT AGREEMENT**

Plaintiffs[1] submit this Memorandum in Support of Plaintiffs' Second Supplemental Motion for Preliminary Approval of Settlement Agreement ("Plaintiffs' Second Supplemental Motion").

## PROCEDURAL BACKGROUND

On March 2, 2009, Plaintiffs filed a motion seeking preliminary approval of the Settlement Agreement and settlement between and among Plaintiffs, John True, Gonzalo Delgado and the proposed Settlement Class and Defendant American Honda Motor Co., Inc.[2] In support of Plaintiffs' Motion, Plaintiffs submitted the Agreement of the Parties (Dkt. #91) with Exhibits[3] including: Consumer Claim Form, [Proposed] Final Order and Judgment, Class Notice and [Proposed] Preliminary Approval Order which were Exhibits A, C, D and E, respectively.

On March 23, 2009, the Parties appeared before the Court for a hearing on Plaintiffs' Motion after which the Court denied, without prejudice, Plaintiffs' Motion (Dkt. #99), entering its Order on March 25, 2009 ("Order of March 25, 2009) (Dkt. #100). In accordance with the Court's Order of March 25, 2009, on May 4, 2009, Plaintiffs filed Plaintiffs' Supplemental Motion in Support of Motion for Preliminary Approval Order (Dkt. #104) ("Plaintiffs' Supplemental Motion"), attaching and incorporating Revised Exhibits to Agreement as Exhibits A1-A4.

On June 29, 2009, the Court held a hearing on Plaintiffs' Supplemental Motion. (Dkt. #107). Plaintiffs' Second Supplemental Motion is filed in response

---

[1] Capitalized terms not otherwise defined shall have the same meanings as assigned in the Class Action Settlement Agreement and Release.

[2] Motion for Order Granting Preliminary Approval of Settlement ("Plaintiffs' Motion") (Dkt #92).

[3] For more complete description of the terms of the Agreement the Court is respectfully referred to Plaintiffs' Memorandum (Dkt. #93) (citations to documents are as follows Doc, Page:Line). *See* Memo., 2:19-27; 3, 4:1-23 and the Agreement (Dkt. #91).

1

to certain issues that arose at the hearing.

## ARGUMENT

Because of the passage of time between the date of the Agreement (March 2, 2009) and the date of a possible Preliminary Approval Order, in order to effectuate the purpose of the Agreement, the Parties agree it is necessary to modify the Agreement and the Revised Exhibits previously filed with the Court to reflect the four (4) month hiatus.

Although most of the dates in the Agreement are expressed in terms of a relationship to another date or act, for example, the Mailed Notice Date is defined as "no later than forty-five days after the Preliminary Approval Date" (Agreement at 5:15-18),[4] and such dates will automatically adjust for the passage of time since March 23, 2009, some fixed dates and other terms in the Agreement must be modified to correct for the passage of time.

Therefore, the Parties have entered into a Letter Agreement to modify the Agreement ("Letter Agreement") attached hereto as Exhibit 1. As reflected in the Letter Agreement, the following modifications are made to the Agreement.

1. Eligible Honda Vehicle

The definition of "Eligible Honda Vehicle" for Options A or B (Agreement at 4:22-23) is changed to add 2011 model year cars as Eligible Vehicles and to exclude the Honda CRZ, a hybrid model not available until 2011, from the definition of "Eligible Honda Vehicle" so that it now reads

> "Eligible Honda Vehicle" shall mean a new *model year 2009, 2010 or 2011*, Honda or Acura, *excluding* the Honda Fit, Honda Insight, HCH, *Honda CRZ* or any Honda Certified used Car or Acura Certified Pre-Owned Vehicle.

2. Options A or B Claims Period

The Options A or B Claims Period (Agreement at 6:1-4) is extended from

---

[4] The Preliminary Approval Date is the date "of entry of the Preliminary Approval Order on the docket of this Litigation." *Id.* 6:18-20.

2

June 30, 2011 to October 31, 2011 as follows
"Options A or B Claims Period" shall mean the period during which Settlement Class Members may claim Option A or claim Option B, which period shall be up to and including *October 31, 2011.*

3. Potential Transferees Under Option B

In the Court's March 25 Order, the Court expressed its view that domestic partners should be included as potential transferees of the Settlement Class Members' ability to obtain the $500 payment under Option B (Agreement at 12:26-13:6). Accordingly, as reflected in Plaintiffs' Supplemental Motion (Dkt. #104), paragraph III. 7.D of the Agreement is modified to read

> D. The ability of a Settlement Class Member to obtain the $500 payment under Option B shall be transferrable to one of the following members of the Settlement Class Members' family: (i) *spouse/ registered domestic partner/member of civil union*, (ii) parents, (iii) siblings, (iv) children, (v) grandparents (each a "Transferee"). In the event that a Settlement Class Member transfers his/her claim to a Transferee the Transferee shall provide to the Settlement Administrator proof of the family relationship in addition to other required documentation during the Options A or B Claims Period.

4. Modification of Injunction Provisions

The Parties are aware of one individual action now pending filed by a Class Member, *Paduano v. American Honda Motor Co., Inc.* Case No. GIC 852441, San Diego County (Super. Ct.) ("Paduano Action"). It has never been the intention of the Parties to enjoin or bar the prosecution of that individual action unless the Plaintiff does not opt-out of the Settlement Class in this Lawsuit. Accordingly, the provision in the Agreement setting out the terms of the Preliminary Approval Order (Agreement at 22:24-23:13) is modified to read:

> K. Preliminary enjoins all members of the Settlement Class unless and until they have timely excluded themselves from the Settlement Class (i) from filing, commencing, prosecuting, intervening in or participating as plaintiff, claimant or class member in any other lawsuit or administrative, regulatory, arbitration or other proceeding in any jurisdiction based on, relating to or arising out of the claims and causes of action or the facts and circumstances giving rise to the Lawsuit and/or the Released Claims; (ii) from filing, commencing or

prosecuting a lawsuit or administrative, regulatory, arbitration or other proceeding as a class action on behalf of any members of the Settlement Class who have not timely excluded themselves (including by seeking to amend a pending complaint to include class allegations or seeking class certification in a pending action), based on, relating to or arising out of the claims and causes of action or the facts and circumstances giving rise to the Lawsuit and/or the Released Claims; and (iii) from attempting to effect an opt-out of a class of individuals in any lawsuit or administrative regulatory, arbitration or other proceeding based on, relating to or arising out of the claims and causes of action or the facts and circumstances giving rise to the Lawsuit and/or the Released Claims *provided however, that this injunction shall not apply to the individual plaintiff prosecuting the case styled Paduano v. American Honda Motor Co., Inc., Case No. GIC 852441, San Diego County (Super. Ct.), unless the plaintiff in the Paduano case does not timely opt out of the Settlement Class in accordance with subparagraph IX-J, above.*

and the paragraph of the Agreement providing that the Final Order and Judgment shall for a bar of future actions by Class Members (Agreement at 27:25-28:-22) shall be modified to conform to the Preliminary Approval Order as follows:

> N.  Bars and permanently enjoins all members of the Settlement Class who have not been excluded from the Settlement Class from (i) filing, commencing, prosecuting, intervening in or participating (as class members or otherwise) in any other lawsuit or administrative, regulatory, arbitration or other proceeding in any jurisdiction based on, relating to or arising out of the claims and causes of action or the facts and circumstances giving rise to this Lawsuit or the Released Claims and (ii) organizing members of the Settlement Class who have not been excluded from the class into a separate class for purposes of pursuing as a purported class action any lawsuit or administrative, regulatory, arbitration or other proceeding (including by seeking to amend a pending complaint to include class allegations or seeking class certification in a pending action) based on, relating or arising out of the claims and causes of action or the facts and circumstances giving rise to the lawsuit and/or the Released Claims *provided however, that this injunction shall not apply to the individual plaintiff prosecuting the case styled Paduano v. American Honda Motor Co., Inc., Case No. GIC 852441, San Diego County (Super. Ct.), unless the plaintiff in the Paduano case has not timely opted out of the Settlement Class in accordance with subparagraph IX-J, above.*

5.  Exhibits to Agreement

In addition, modifications to the Revised Exhibits to the Agreement are necessary to conform them to the changes to the Agreement described above.

    a.    Consumer Claim Form.[5] The Revised Consumer Claim Form must be modified at pages 1, 4 and 7 to extend the time for electing Options A or B from June 30, 2011 to October 31, 2011. Additionally the description of Eligible Honda or Acura vehicles for Options A or B at pages 3 and 4 is modified to include vehicles of model year 2011 and to exclude the Honda CRZ. The Revised Claim Form at page 4 included domestic partners as transferees of the right of a Settlement Class Member to claim the $500 cash payment.

Attached to this Memorandum as Exhibit 2 for the Court's convenience is the Second Revised Consumer Claim Form, red-lined to the Revised Consumer Claim Form.

    b.    Class Notice. The Revised Class Notice[6] is modified at pages 1 and 4 to incorporate the addition of model year 2011 cars as Eligible Vehicles and to exclude the Honda CRZ, and at pages 4 and 5 to reflect the extension of the claims period for Options A and B to October 31, 2011. The Revised Class Notice already incorporated transferability of Option B benefits to domestic partners.

Attached hereto for the Court's convenience as Exhibit 3 is the Second Revised Class Notice redlined to the Revised Class Notice.

    c.    [Proposed] Preliminary Approval Order. The Revised [Proposed] Preliminary Approval Order[7] is modified to reflect the exclusion of the

---

[5] The Consumer Claim Form was Exhibit B to the Agreement (Dkt. #91). The Revised Consumer Claim Form was Exhibit A-3 to Plaintiffs' Supplemental Motion.

[6] The Class Notice Was Exhibit D to the Agreement. The Revised Class Notice was Exhibit A-4 to the Plaintiffs' Supplemental Motion.

[7] The [Proposed] Preliminary Approval Order was Exhibit E to the Agreement. The Revised [Proposed] Preliminary Approval Order was Exhibit A-1 to Plaintiffs' Supplemental Motion.

1 | plaintiff in the Paduano Action from the injunction at paragraph 13 of the Revised [Proposed] Preliminary Approval Order, to insert the number seven (7) at paragraph 22 for the filing of papers in support of entry of a Final Order and Judgment so as to read "no later than seven (7) days prior to the Final Approval Hearing" and to bring the recitations and references current at pages 1, 2, 3, 5, 8 and 9.

Attached hereto for the Court's convenience as Exhibit 4 is the Second Revised Preliminary Approval Order redlined to the Revised [Proposed] Preliminary Approval Order reflecting these modifications.

    d.    [Proposed] Final Order and Judgment. The Revised [Proposed] Final Order and Judgment is modified to reflect the exclusion of the plaintiff in the Paduano Action from the injunction at paragraph 13 of the Revised [Proposed] Preliminary Approval Order and to bring the recitations and references current at pages 1, 2, and 4.

Attached hereto for the Court's convenience as Exhibit 5 is the Second Revised [Proposed] Final Order and Judgment.

## CONCLUSION

Based upon the foregoing, Plaintiffs request the Court enter a preliminary approval order in the form of the Second Revised [Proposed] Preliminary Approval Order. As set forth in the accompanying Motion, Defendant joins in supporting Preliminary Approval of the proposed Settlement, as modified by these supplemental terms.

/
/
/
/
/
/

| | | |
|---|---|---|
| 1 | Date: July 13, 2009 | FOR PLAINTIFFS |
| 2 | | |
| 3 | | CHIMICLES & TIKELLIS LLP |
| 4 | | |
| 5 | | By: *[signature]* |
| | | Nicholas E. Chimicles |
| 6 | | Denise Davis Schwartzman |
| | | One Haverford Centre |
| 7 | | 361 West Lancaster Avenue |
| | | Haverford, Pennsylvania 19041 |
| 8 | | Telephone: (610) 642-8500 |
| | | Facsimile: (610) 649-3633 |
| 9 | Date: July 13, 2009 | CUNEO GILBERT & LADUCA LLP |
| 10 | | |
| 11 | | By: *[signature]* |
| 12 | | Jonathan W. Cuneo |
| | | William H. Anderson |
| 13 | | 507 C Street, N.E. |
| | | Washington, D.C. 20002 |
| 14 | | Telephone: (202) 789-3960 |
| | | Facsimile: (202) 789-1813 |