CHIMICLES & TIKELLIS LLP
Nicholas E. Chimicles (*pro hac vice*)
Denise Davis Schwartzman (*pro hac vice*)
361 West Lancaster Avenue
Haverford, PA 19041

CUNEO GILBERT & LADUCA LLP
Jonathan W. Cuneo (*pro hac vice*)
William H. Anderson (*pro hac vice*)
507 C Street, NE
Washington, DC 20002

Attorneys for Plaintiffs

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA
# EASTERN DIVISION – RIVERSIDE

| | |
|---|---|
| JOHN TRUE, *et al.*, <br> Plaintiffs, <br> v. <br> AMERICAN HONDA MOTOR CO., INC., <br> Defendant. | CASE NO. ED 07-cv-287 VAP-OP <br><br> **PLAINTIFFS' MEMORANDUM IN SUPPORT OF MOTION FOR ATTORNEYS' FEE AND NAMED PLAINTIFFS' INCENTIVE AWARDS** <br><br> DATE: FEBRUARY 22, 2010 <br> TIME: 10:00 a.m. <br> **COURTROOM 2** |

# TABLE OF CONTENTS

I. INTRODUCTION .......................................................................... 1

II. ATTORNEYS FEE AWARD ....................................................... 1

   A. Standard of Review ............................................................... 1

   B. The Requested Attorneys' Fee is Reasonable and Should be Approved ............................................................... 3

      1. Class Counsel Spent Considerable Time and Expense in Litigating This Case ............................................................... 3

      2. Class Counsel Faced Significant Uncertainty And Risk in Litigating This Case ............................................................... 5

      3. Class Counsel is Experienced in Class Action Litigation ............................................................... 6

      4. The Requested Award is Commensurate With Awards in Similar Cases ............................................................... 7

III. NAMED PLAINTIFFS INCENTIVE AWARDS ......................... 8

   A. Standard of Review ............................................................... 8

   B. The Requested Named Plaintiff Incentive Awards are Reasonable and Should be Approved ............................................................... 9

      1. Notoriety and Risk in Commencing Suit ............................................................... 9

      2. Notoriety and Personal Difficulties Encountered By the Class Representative ............................................................... 9

      3. The Amount of Time and Effort Spent By the Class Representative and Duration Of the Litigation ............................................................... 10

      4. The Personal Benefit (or lack thereof) enjoyed By the Class Representative as a Result Of the Litigation ............................................................... 10

      5. The Requested Awards Warrant Approval ............................................................... 10

IV. CONCLUSION ............................................................................ 11


# TABLE OF AUTHORITIES

**CASES**

*Boeing Co. v. Van Gemert*, 444 U.S. 472 (1980). ............................................. 1

*D'Emanuele v. Montgomery Ward & Co.*,
904 F.2d 1379 (9th Cir. 1990). .............................................................................. 2

*Fishel v. Equitable Life Assurance Society of U.S.*,
307 F.3d 997 (9th Cir. 2002). ................................................................................ 2

*Glass v. UBS Financial Services, Inc.*,
2007 U.S. Dist. LEXIS 8476 (N.D. Cal. Jan. 26, 2007). ..................................... 9

*Grays Harbor Adventist Christian Sch. v. Carrier Corp.*,
2008 U.S. Dist. LEXIS 106515 (W.D. Wash. Apr. 24, 2008). ....................... 9, 11

. *In re Chiron Securities Litigation*,
2007 U. S. Dist. LEXIS 91140 (N.D. Ca., November 30, 2007). ..................... 2, 7

. *In re Oracle Sec. Litig.*, No. 90-0931,
1994 U.S. Dist. LEXIS 21593 (N.D. Cal. June 18, 1994). ................................... 8

*McPhail v. First Command Fin. Planning, Inc.*,
2009 U.S. Dist. LEXIS 26544 (S.D. Cal. Mar. 30, 2009). ................................... 8

*Mills v. Elec. Auto-Lite Co.*, 396 U.S. 375 (1997). .............................................. 1

*Paul, Johnson, Alston & Hunt v. Gaulty*,
886 F.2d 268 (9th Cir. 1989). ................................................................................ 2

*Pelletz v. Weyerhaeuser Co.*,
592 F. Supp. 2d 1322 (W.D. Wash. 2009). ..................................................... 9, 11

*PLCM Group v. Drexler*,
22 Cal.4th 1084 (2000)). ........................................................................................ 2

*Quesada v. Thomason*,
850 F.2d 537 (9th Cir. 1988). ................................................................................ 3

*Rausch v. Hartford Fin. Servs. Group*,
2007 U.S. Dist. LEXIS 14740 (D. Or. Feb. 26, 2007). ...................................... 11

*Razilov v. Nationwide Mut. Ins. Co.*,
2006 U.S. Dist. LEXIS 82723 (D. Or. Nov. 13, 2006). ..................................... 11

*Smith v. Tower Loan of Miss., Inc.*,
216 F.R.D. 338 (S.D. Miss. 2003). ........................................................................ 8

*Staton v. Boeing Co.*,
327 F.3d 938 (9th Cir. Wash. 2003). .................................................................... 7

*Wilson v. Airborne, Inc.*,
2008 U.S. Dist. LEXIS 110411 (C.D. Cal. Aug. 13, 2008). ........................... 2, 11

*Van Vranken v. Atlantic Richfield Co.*,
901 F. Supp. 294 (N.D. Cal. 1995). ........................................................... 8

## I. INTRODUCTION

In connection with Plaintiffs' Motion for Final Approval of Settlement, Plaintiffs now move for approval of an Attorneys' Fee Award in the amount of $2,950,000 and Named Plaintiffs' Incentive Awards in the amounts of $12,500 and $10,000 for Named Plaintiffs True and Delgado, respectively.[1] The requested Attorneys' Fee Award and Named Plaintiffs' Incentive Awards are well within the realm of what is considered reasonable within this Circuit. As such, Plaintiffs respectfully move this Court to approve Plaintiffs' request for an Attorneys' Fee Award and Named Plaintiff Incentive Awards.

## II. ATTORNEYS' FEE AWARD

Plaintiffs' request approval of an Attorneys' Fee Award in the amount of $2,950,000. This fee is well within the realm of what is considered reasonable within this Circuit under similar circumstances.

### A. Standard of Review

Class Counsel is entitled to compensation for bringing the case and obtaining a fair settlement. *Mills v. Elec. Auto-Lite Co.*, 396 U.S. 375, 392 (1997) (attorneys' fees are recoverable where plaintiff has maintained a suit that confers a common benefit). The Supreme Court has recognized that litigants and lawyers who recover benefits for persons other than themselves or their clients are entitled to a reasonable attorney's fee. *Boeing Co. v. Van Gemert*, 444 U.S. 472, 478 (1980). This is a "well-recognized exception" to the general rule that parties are responsible for their own attorney's fees. *Id.*

In the Ninth Circuit, a district court may ascertain the reasonableness of an award of attorney's fees using two methodologies: the percentage-of-the-fund

---

[1] Capitalized terms not otherwise defined herein shall have the same meanings as ascribed to them in the Settlement Agreement and Release (Dkt. #91) and Plaintiffs' Memorandum in Support of Final Approval of Settlement (filed concurrently herewith).

1

method[2] or the lodestar method. *Fishel v. Equitable Life Assurance Society of U.S.*, 307 F.3d 997, 1006 (9th Cir. 2002); *Paul, Johnson, Alston & Hunt v. Gaulty*, 886 F.2d 268, 272 (9th Cir. 1989). Although Plaintiffs obtained a common benefit for the Settlement Class in this case, no common fund was created. Therefore, Plaintiffs submit that the lodestar method is the most appropriate method for evaluating the reasonableness of the requested Attorneys' Fee Award.

To calculate the amount of attorney's fees under the lodestar method, a court must "multiply the number of hours reasonably expended by the attorney on the litigation by a reasonable hourly rate." *Wilson v. Airborne, Inc.*, 2008 U.S. Dist. LEXIS 110411, *29 (C.D. Cal. Aug. 13, 2008) (citing *McElwaine v. US West, Inc.*, 176 F.3d 1167, 1173 (9th Cir. 1999) and *PLCM Group v. Drexler*, 22 Cal.4th 1084, 1095, 95 Cal. Rptr. 2d 198, 997 P.2d 511 (2000)). With respect to the lodestar method, there is a "strong presumption" that the lodestar figure represents a reasonable fee. *D'Emanuele v. Montgomery Ward & Co.*, 904 F.2d 1379, 1384 (9th Cir. 1990), overruled on other grounds by *Burlington v. Dague*, 505 U.S. 557 (1992). Courts may consider the following factors -- at least those most relevant under the circumstances -- in evaluating the lodestar figure: (1) the time and labor required; (2) the novelty and difficulty of the questions involved; (3) the skill requisite to perform the legal service properly; (4) the preclusion of other employment by the attorney due to acceptance of the case; (5) the customary fee; (6) whether the fee is fixed or contingent; (7) time limitations imposed by the client or the circumstances; (8) the amount involved and the results obtained; (9) the experience, reputation, and ability of the attorneys; (10) the "undesirability" of the case; (11) the nature and length of the professional relationship with the client; and (12) awards in similar cases. *Quesada v. Thomason*, 850 F.2d 537, 539 n.1

---

[2] The Ninth Circuit generally follows a 25 percent "benchmark" in percentage-of-the-fund cases that can be adjusted upward or downward to account for any unusual circumstances involved in the case. *In re Chiron Securities Litigation*, 2007 U. S. Dist. LEXIS 91140 *15 (N.D. Ca., November 30, 2007) citing *Paul, Johnson, Altmon & Hunt v. Graulty*, 886 F.2d 268, 273 (9th Cir. 1989)

(9th Cir. 1988) (citing *Kerr v. Screen Extras Guild, Inc.*, 526 F.2d 67, 70 (9th Cir. 1975)).

### B. The Requested Attorneys' Fee is Reasonable and Should Be Approved

Plaintiffs submit that Class Counsel's collective lodestar, approximately $3.6 million as of January 31, 2010, is reasonable applying these factors.[3] Since the requested Attorneys' Fee Award of $2.95 million is significantly less than Class Counsel's collective lodestar of approximately $3.6 million, the requested Attorneys' Fee Award is well within the realm of what is considered reasonable within this Circuit.[4] Furthermore, this requested fee will be paid separate and apart from any benefits available to the Settlement Class under the Settlement, further supporting its reasonableness.[5]

#### 1. Class Counsel Spent Considerable Time and Expense in Litigating this Case

Factor 1 (time and labor required) and factor 4 (preclusion of other employment by the attorneys due to acceptance of the case) speak to the stage of proceedings at the time settlement was reached and the efforts extended by Class Counsel in prosecuting the Lawsuit.

As more fully described in Plaintiffs' Memorandum in Support of Final Approval, Class Counsel was actively engaged in this litigation for two years at the point mediation was convened, which eventually led to settlement. Pl. Final Appr. Mem. at VI.D. Plaintiffs prevailed on AHM's motion to dismiss, and Plaintiffs conducted sufficient discovery to enter into settlement discussions with enough

---

[3] Plaintiffs submit that factor (7) (time limitations imposed by the client or the circumstances) and factor (11) (nature and length of the professional relationship with the client) are not relevant in the context of a consumer false advertising class action case.

[4] Delcaration of Jonathan W. Cuneo in Support of Motion for Attorneys' Fee Award ("Cuneo Lodestar Declaration") (attached hereto as Exhibit A); Declaration of Nicholas E. Chimicles in Support of Motion for Attorneys' Fee Award ("Chimicles Lodestar Declaration")(attached hereto as Exhibit B).

[5] Agreement, §VII.31 (Dkt. #91).

information concerning the facts of the case to support a fair, adequate, and reasonable compromise. Pl. Final Appr. Mem. at VI.D. In connection with Plaintiffs' Motions for Preliminary Approval, Class Counsel submitted detailed declarations describing the amount of discovery conducted. Joint Declaration of Class Counsel ("Joint Declaration")(Dkt. # 94), Supplemental Joint Declaration of Co-Lead Counsel ("Supplemental Joint Declaration") (Exh. B to Plaintiffs' Supplemental Motion for Preliminary Approval, Dkt #104). As outlined in these declarations, Class Counsel had been actively engaged in this litigation for approximately two years at the point mediation led to Settlement discussions. As the Court is aware, the Parties engaged in extensive discovery and discovery-related motion practice and Class Counsel reviewed thousands of pages of relevant documents produced by AHM and third parties. Class Counsel took four depositions of AHM executives and third parties including AHM's advertising agency, RPA. Additionally, Class Counsel engaged experts knowledgeable about the subject matter of the Lawsuit to assist them in the review and analysis of information obtained through discovery, including an automotive engineer who advised Plaintiffs on the question of quantifying the "hybrid premium," which is the measure of damages Plaintiffs would seek if this litigation were to proceed to trial, as well as an economic expert experienced in settlement valuation. In connection with the mediation, Class Counsel drafted and exchanged several comprehensive mediation statements including analysis of supporting documents generated through investigation and discovery as well as a survey of case law to support the merits of Plaintiffs' legal arguments, and completed two separate two-day mediation sessions in an effort to reach an acceptable settlement. Joint Declaration at ¶¶ 48-66 (Dkt# 94 ).

Additionally, with only two law firms participating in the prosecution of this Lawsuit, the Chimicles & Tikellis ("C&T") and Cuneo, Gilbert & LaDuca ("CGL") firms were able to effectively monitor the Litigation so as to avoid

1  duplicative efforts. *See, e.g.,* Joint Declaration at ¶13, 21, 45 (Dkt# 94 ) (providing
2  examples of C&T's and CGL's efforts to avoiding duplicative work). The
3  collective hours spent by Class Counsel prosecuting this litigation, 8,129.3, are
4  commensurate with the activities described in these declarations. Cuneo Lodestar
5  Declaration (Exhibit A); Chimicles Lodestar Declaration (Exhibit B). Additionally,
6  Class Counsel estimates that the C&T and CGL firms will spend a collective 150
7  additional hours in connection with approval and administration of this Settlement,
8  which, at a blended hourly rate of $500/hr, will add approximately $75,000 to this
9  lodestar total. This factor supports the reasonableness of the requested fee.

**2. Class Counsel Faced Significant Uncertainty and Risk in Litigating this Case**

12  Factor 2 (the novelty and difficulty of the questions involved), factor 6
13  (whether the fee is fixed or contingent), and factor 10 (the "undesirability" of the
14  case) speak to the uncertainty and risk faced by Class Counsel in litigating this
15  case. As more fully described in Plaintiffs' Memorandum in Support of Final
16  Approval, this Lawsuit required Class Counsel to address complex legal and
17  procedural issues such as preemption, class certification, and application of state
18  law to a nationwide class without guarantee of success. Pl. Final Appr. Mem. at
19  VI.A.. Class Counsel's risk was exacerbated by the contingent fee arrangement in
20  place for this Litigation, where Class Counsel advanced significant expense and
21  efforts towards litigation with the possibility that the litigation would result in no
22  recovery. With only two law firms involved in the prosecution of this case, the
23  C&T and CGL firms were able to manage and monitor the litigation with an
24  efficiency often absent in class action cases spearheaded by multiple nationwide
25  class action firms each vying for their own slice of the potential recovery. *See, e.g.,*
26  Joint Declaration of Class Counsel (Dkt# 94 ) at ¶13, 21, 45 (providing examples
27  of C&T's and CGL's efforts to avoiding duplicative work). Class Counsel's
28  combined lodestar amount of approximately $3.8 million as of January 31, 2010, is

reasonable in light of the uncertainty and risk faced by Class Counsel in litigating this case. Cuneo Lodestar Declaration (Exhibit A); Chimicles Lodestar Declaration (Exhibit B). Because the requested Attorneys' Fee Award is significantly less than this collective lodestar, this factor supports the reasonableness of the requested fee.

### 3. Class Counsel is Experienced in Class Action Litigation

Factor 3 (the skill requisite to perform the legal service properly) and factor 9 (the experience, reputation, and ability of the attorneys) speak to the experience of Class Counsel and Class Counsel's ability to effectively manage the litigation. As more fully described in Plaintiffs' Memorandum in Support of Final Approval, Class Counsel has over half a century of combined experience litigating complex class action cases, including the prosecution of several very notable class action cases. For example, Co-Lead Counsel Nicholas E. Chimicles was lead trial counsel for a class of investors in a six-week jury trial that, after hearing testimony from over 25 witnesses and reviewing over 500 exhibits, returned a verdict of over $185 million, one of the top 10 largest verdicts of 2002 according to the National Law Journal. Joint Declaration at ¶4 (Dkt. #94) (discussing *In re Real Estate Associates Limited Partnerships Litigation*, Case No. CV 98-7035 (C.D. Cal)(Pregerson, J.). Chimicles also served as President of the National Association of Shareholders and Consumer Attorneys from 1998-1999. *Id.* at ¶4. Co-Lead Counsel Jonathan W. Cuneo served as lead counsel in *Galanti v. Goodyear Tire & Rubber Co.*, achieving an impressive $340 million settlement in favor of property owners who installed defective hoses in their homes. Cuneo also served as co-lead counsel in *Rosner, et al. v. United States*, the so-called "Hungarian Gold Train" litigation ,resulting in a one-of-a-kind settlement for a class of survivors of the Holocaust in Hungary and earning Cuneo and two colleagues the honor of being selected finalists for the prestigious Trial Lawyer of the Year award conferred by Trial Lawyers for Public Justice. *Id.* at ¶ 2. These notable achievements highlight the exceptional skill and reputation of Class Counsel in this case. Furthermore, Class

1 Counsel effectively utilized younger associates to assist with the prosecution of this case, effectively blending experience with fresh legal ideas while at the same time managing litigation costs. Pl. Final Appr. Mem. at. VI.E. This factor supports the reasonableness of the requested fee.

### 4. The Requested Award is Commensurate with Awards in Similar Cases

Factor 5 (the customary fee), factor 8 (the amount involved and the results obtained), and factor 12 (awards in similar cases) speak to the fit between the fee as compared to similar cases in this Circuit as well as the fit between Class Counsel's lodestar and the benefits conferred upon the Settlement Class. The Court can look to the value of the benefits conferred upon the class as a cross-check on the reasonableness of the lodestar amount. *See Staton v. Boeing Co.*, 327 F.3d 938, 973 (9th Cir. Wash. 2003). As more fully described in Plaintiffs' Memorandum in Support of Final Approval, the combined cash and non-cash benefits offered to the class in this settlement have an estimated total value between $23,610,649 and $45,893,083.[6] Here, the requested fee (inclusive of costs, expenses and incentive bonuses) is between 6% and 12% of the estimated value of the benefit to the class of the Settlement. This is well below even the 25% benchmark often used by the Ninth Circuit in common fund cases. *In re Chiron Securities Litigation*, 2007 U. S. Dist. LEXIS 91140 *15 (N.D. Ca., November 30, 2007) citing *Paul, Johnson, Altmon & Hunt v. Graulty*, 886 F.2d 268, 273 (9th Cir. 1989) (noting that the Ninth Circuit generally follows a 25 percent "benchmark" in percentage-of-the-fund cases that can be adjusted upward or downward to account for any unusual circumstances involved in the case).

In sum, where, as here, the requested fee amount is less than Class Counsel's actual lodestar, and falls well below the 25% benchmark often used in the Ninth

---

[6] Objectors' criticisms of Plaintiffs' expert's valuation of the settlement benefits are addressed in Plaintiffs' Consolidated Response to Objections, filed concurrently herewith, at pgs 9-16.

1 Circuit to evaluate common fund cases, approval of the requested fee is warranted. *McPhail v. First Command Fin. Planning, Inc.*, 2009 U.S. Dist. LEXIS 26544 (S.D. Cal. Mar. 30, 2009) (finding that reasonableness of a proposed attorneys' fee award was buttressed by the fact that the requested award was less than class counsel's lodestar).

## III. NAMED PLAINTIFFS INCENTIVE AWARDS

Plaintiffs move for approval of Named Plaintiffs' Incentive Awards in the amounts of $12,500 and $10,000 for Named Plaintiffs True and Delgado, respectively. These requested awards are well within the realm of what has been considered reasonable within this Circuit.

### A.   Standard of Review

Courts recognize that a class representative is entitled to compensation for the expense he or she incurred on behalf of the class lest individuals find insufficient inducement to lend their names and services to the class action. *In re Oracle Sec. Litig.*, No. 90-0931, 1994 U.S. Dist. LEXIS 21593, 1994 WL 502054, at *1 (N.D. Cal. June 18, 1994). Incentive awards are approved when, as here, they are reasonable in light of applicable circumstances, and not unfair to other class members. *Smith v. Tower Loan of Miss., Inc.*, 216 F.R.D. 338, 368 (S.D. Miss. 2003). The criteria courts may consider in determining whether to grant an incentive award include (1) the risk to the class representative in commencing suit, both financial and otherwise; (2) the notoriety and personal difficulties encountered by the class representative; (3) the amount of time and effort spent by the class representative; (4) the duration of the litigation; and (5) the personal benefit (or lack thereof) enjoyed by the class representative as a result of the litigation. *Van Vranken v. Atlantic Richfield Co.*, 901 F. Supp. 294, 299 (N.D. Cal. 1995).

**B.     The Requested Named Plaintiff Incentive Awards are Reasonable and Should be Approved**

Examining these factors, the proposed incentive awards of $12,500 for Plaintiff True and $10,000 for Plaintiff Delgado are reasonable, as they are commensurate with Plaintiffs' efforts in this litigation and are consistent with awards in similar cases within this Circuit. Furthermore, the proposed incentive awards will not reduce the benefits available to the Settlement Class, as they will be paid out of the Attorneys' Fee Award, further supporting the reasonableness of the requested awards.[7]

**1. Notoriety and risk in commencing suit.**

Plaintiffs submit that in the consumer context, this factor has less importance than in other class contexts such as employment or antitrust, where plaintiffs might risk retaliation from employers, future employers or suppliers for having brought suit. *See, e.g., Glass v. UBS Financial Services, Inc.*, 2007 U.S. Dist. LEXIS 8476, *52 (N.D. Cal. Jan. 26, 2007) (class representatives were securities brokers still currently employed in the securities industry). Here this factor weighs neither for nor against the requested incentive awards.

**2. Notoriety and personal difficulties encountered by the class representative.**

Again in the consumer context, Plaintiffs submit that this factor has less relevance and this factor weighs neither for nor against the requested incentive awards in a consumer class action case such as this. *See, e.g, Pelletz v. Weyerhaeuser Co.*, 592 F. Supp. 2d 1322, 1329-1330 (W.D. Wash. 2009) (notoriety not in list of factors enumerated by court supporting approval of incentive award in consumer class action); *Grays Harbor Adventist Christian Sch. v. Carrier Corp.*, 2008 U.S. Dist. LEXIS 106515, *17 (W.D. Wash. Apr. 24, 2008) (same). Plaintiffs here did face the risk that fulfilling their duties as class

---

[7] Agreement, §VII.31.B

representatives could interfere with their employment, particularly the necessity to be deposed. *See* Supplemental Delgado Decl. at ¶¶ 20-22 (Pl. Final App. Memo, Exhibit D).

### 3. The amount of time and effort spent by the class representative and duration of the litigation.

Plaintiffs provided declarations outlining the time and effort spent during this litigation. Delgado estimates he spent close to 40 hours performing his duties as Named Plaintiff. These duties included responding to numerous discovery requests (which required extra effort for Plaintiff Delgado, as Plaintiff Delgado was required to obtain a police report regarding his vehicle's break-in) as well as being deposed (which caused significant inconvenience to Plaintiff Delgado, as his deposition was rescheduled several times, and lasted until 11:00pm). Supplemental Delgado Decl. at ¶¶ 16-22 (Pl. Final App. Memo, Exhibit D). True estimates he spent over 100 hours in connection with this Litigation, including making appearances at three hearings in this case. Supplemental True Decl. at ¶ 25 (Pl. Final App. Memo, Exhibit E). These hours were spent over the nearly three years that this Lawsuit has been pending. This factor weighs in favor of granting the requested incentive awards.

### 4. The personal benefit (or lack thereof) enjoyed by the class representative as a result of the litigation.

Absent the incentive awards, the personal benefit to be received by Named Plaintiffs is the same as all other Class Members. Supplemental Delgado Decl. at ¶ 27; Supplemental True Decl. at ¶ 23.

### 5. The requested awards warrant approval

Courts in the Ninth Circuit approve incentive awards where, as here, Plaintiffs (1) assisted counsel with the preparation of the pleadings; (2) produced relevant documents and responded to other written discovery; (3) provided (or were willing to provide) their product for inspection; (4) stayed abreast of the

10

settlement negotiations; (5) provided deposition or other testimony; and (6) prepared and submitted declarations to the court. *See, e.g. Pelletz v. Weyerhaeuser Co.*, 592 F. Supp. 2d 1322, 1329-1330 (W.D. Wash. 2009) (listing facts supporting incentive awards in consumer class action); *Grays Harbor Adventist Christian Sch. v. Carrier Corp.*, 2008 U.S. Dist. LEXIS 106515, *17 (W.D. Wash. Apr. 24, 2008) (citing same factors in support of granting incentive awards in class action alleging defects in furnaces).

The amounts of $10,000 and $12,500 are reasonable and commensurate with other awards granted in this circuit. *See, e.g. Rausch v. Hartford Fin. Servs. Group*, 2007 U.S. Dist. LEXIS 14740 (D. Or. Feb. 26, 2007) (approving incentive award of $10,000 to plaintiff in Fair Credit Reporting Act class action); *Razilov v. Nationwide Mut. Ins. Co.*, 2006 U.S. Dist. LEXIS 82723 (D. Or. Nov. 13, 2006) (same). Cases within this Circuit where lower incentive fees were approved generally reflect early settlement, no deposition taken or multiple plaintiffs. *See, e.g., Wilson v. Airborne, Inc.*, 2008 U.S. Dist. LEXIS 110411, *29 (C.D. Cal. Aug. 13, 2008) (reducing requested award of $10,000 to $2,500 award where Named Plaintiff was never deposed, and where settlement was reached at a very early stage of litigation).[8] As such, the proposed incentive awards should be approved.

## VI. CONCLUSION

Based on the foregoing arguments, Plaintiffs request that this Court approve the requested Attorneys' Fee Award and authorize payment of the requested Named Plaintiff Incentive Awards out of the requested Attorneys' Fee Award.

---

[8] But note, in the *Pelletz and Grays Harbor Adventist Christian School* cases, which settled at a very early stage and/or involved multiple plaintiffs, the total awards exceed the total incentive award sought here. *Pelletz*, 592 F. Supp. 2d at 1329-1330 (approving $7,500 each to five plaintiffs where case settled after only 4 months of litigation and plaintiffs had not been deposed); *Grays Harbor Adventist Christian Sch*, 2008 U.S. Dist. LEXIS 106515 at *17 (approving "modest" incentive fee of $3,500 to plaintiffs where class representative duties were spread between 11 named plaintiffs).

11

| | | |
|---|---|---|
| 1 | Respectfully Submitted, | |
| 2 | | |
| 3 | Date: February 8, 2010 | FOR PLAINTIFFS |
| 4 | | CHIMICLES & TIKELLIS LLP |
| 5 | | |
| 6 | | By: _____ |
| | | Nicholas E. Chimicles |
| 7 | | Denise Davis Schwartzman |
| | | One Haverford Centre |
| 8 | | 361 West Lancaster Avenue |
| | | Haverford, Pennsylvania 19041 |
| 9 | | Telephone: (610) 642-8500 |
| | | Facsimile: (610) 649-3633 |
| 10 | Date: February 8, 2010 | CUNEO GILBERT & LaDUCA, LLP |
| 11 | | |
| 12 | | By: _____ |
| 13 | | Jonathan W. Cuneo |
| | | William H. Anderson |
| 14 | | 507 C Street, N.E. |
| | | Washington, D.C. 20002 |
| 15 | | Telephone: (202) 789-3960 |
| | | Facsimile: (202) 789-1813 |