LATHAM & WATKINS LLP
  Wendy Harper (#223690)
633 West Fifth Street, Suite 4000
Los Angeles, California 90071-2007
Telephone: (213) 485-1234
Facsimile: (213) 891-8763
E-mail: wendy.harper@lw.com

LATHAM & WATKINS LLP
  Mark S. Mester (*pro hac vice*)
  Livia M. Kiser (*pro hac vice*)
233 South Wacker Drive, Suite 5800
Chicago, Illinois 60606
Telephone: (312) 876-7700
Facsimile: (312) 993-9767
E-mail: mark.mester@lw.com
        livia.kiser@lw.com

*Attorneys for Defendant American Honda Motor Co., Inc.*

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

EASTERN DIVISION – RIVERSIDE

| | |
|---|---|
| JOHN TRUE and GONZALO DELGADO, individually and on behalf of all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>AMERICAN HONDA MOTOR CO., INC.,<br><br>Defendant. | CASE NO. 5:07-cv-00287-VAP-OP<br><br>The Hon. Virginia A. Phillips<br><br>**RESPONSE OF AMERICAN HONDA MOTOR CO., INC. TO MEMORANDUM OF OBJECTORS GOLDBERG, NANNERY AND BURGHARDT**<br><br>Hearing Date: February 22, 2010<br>Hearing Time: 2:00 p.m. PST |

LATHAM & WATKINS LLP
ATTORNEYS AT LAW
CHICAGO

Case Number: 5:07-cv-00287-VAP-OP
Response of American Honda Motor Co., Inc. to
Memorandum of Objectors Goldberg, Nannery and
Burghardt

Defendant American Honda Motor Co. Inc. ("American Honda") hereby submits the following response to the February 17, 2010 submission by Objectors Katherine A. Burghardt, Joseph K. Goldberg and Valerie M. Nannery (collectively, "the Objectors"):[1]

## I. INTRODUCTION

In their submission, the Objectors make statements that are in some instances untrue and in other cases misleading. American Honda, therefore, briefly responds to the misstatements and inaccuracies in the Objectors' recent submission.

## II. AMERICAN HONDA FULLY COMPLIED WITH LOCAL RULE 79-5.1 AND OTHER APPLICABLE RULES

The Objectors claim that American Honda filed its brief "without following the procedure set out in Local Rule 79-5.1." See Objectors' Mem. at 2. The Objectors, however, know this is false. See disc. infra at p.2. Local Rule 79-5.1 provides that "no case or document shall be filed under seal without prior approval by the Court. Where approval is required, a written application and a proposed order shall be presented to the judge . . . ." See Local Rule 79-5.1.

In this case, prior approval by the Court was provided in the Stipulated Protective Order (dkt.#50). The Court signed the Stipulated Protective Order on December 18, 2007, and that Order requires the parties to "file[ ] in sealed envelopes" briefs and other documents that "contain 'CONFIDENTIAL' or 'CONFIDENTIAL – ATTORNEYS' EYES ONLY' information." See Stipulated Protective Order (dkt.#50) at 10.

Notably, counsel for American Honda explained all of this to Michael Kirkpatrick, counsel for the Objectors on February 11, 2010. See Declaration of

---

[1] As used herein, capitalized terms have the same definitions ascribed to them in the Class Action Settlement Agreement and Release ("Settlement Agreement") entered into in connection with this settlement.

LATHAM&WATKINS LLP
ATTORNEYS AT LAW
CHICAGO

1

Case Number: 5:07-cv-00287-VAP-OP
Response of American Honda Motor Co., Inc. to Memorandum of Objectors Goldberg, Nannery and Burghardt

1  Livia Kiser ("Kiser Decl."), Ex. A hereto, at ¶ 4. More specifically, counsel for
2  American Honda explained to Mr. Kirkpatrick that American Honda had
3  confirmed with the Clerk's office that the Stipulated Protective Order (dkt.#50)
4  authorized American Honda to file the Submission Of American Honda Motor Co.,
5  Inc. Regarding Final Approval (dkt.#149) ("American Honda's Final Approval
6  Submission") under seal and that no further order was required. See Kiser Decl.,
7  Ex. A hereto, at ¶ 4.

8  Counsel for American Honda further explained to Mr. Kirkpatrick on
9  February 12, 2010 that counsel were in communication with the Clerk's office as
10 to whether procedures existed to also publicly file a redacted version of a brief, but
11 that she had not yet received a definitive answer. See Kiser Decl., Ex. A hereto, at
12 ¶ 5. And, indeed, Objectors point to no local rule that provides for such a parallel
13 filing. See generally Objectors' Mem. Objectors' claim, therefore, that American
14 Honda is somehow guilty of "procedural improprieties" is without foundation, as
15 they well know.[2] See generally Kiser Decl., Ex. A hereto; see also disc. supra at
16 pp.1-2.

### III. AMERICAN HONDA READILY PROVIDED TO OBJECTORS' COUNSEL UPON REQUEST AN UNREDACTED VERSION OF AMERICAN HONDA'S FINAL APPROVAL SUBMISSION

19 Objectors further insinuate that as class members, they have somehow been
20 denied access to American Honda's Final Approval Submission. See Objectors'
21 Mem. at 2. They are conspicuously silent, however, as to the fact that when their
22 counsel requested a copy of the American Honda's Final Approval Submission
23 from American Honda, it was readily provided to Mr. Kirkpatrick in unredacted
24 form after he confirmed that he would not publicly disseminate American Honda's

---

[2] American Honda was subsequently able to confirm today, February 19, 2010, the appropriate procedure with the Clerk's office and has filed a redacted version of American Honda's Final Approval Submission (dkt.#160).

LATHAM&WATKINS LLP
ATTORNEYS AT LAW
CHICAGO

2

Case Number: 5:07-cv-00287-VAP-OP
Response of American Honda Motor Co., Inc. to Memorandum of Objectors Goldberg, Nannery and Burghardt

1  confidential and proprietary information. See Kiser Decl., Ex. A hereto, at ¶ 7; see
2  also Objectors' Mem. at 7 (discussing, without admitting they had a copy of,
3  American Honda's Final Approval Submission).
4      American Honda worked cooperatively and expeditiously to provide
5  Objectors with the information they requested. See Kiser Decl., Ex. A hereto, at
6  ¶ 3-7. Accordingly, the fact that the Objectors misleadingly fail to acknowledge
7  that American Honda's Final Approval Submission was provided to them is
8  troubling at best and otherwise suggests that they and their counsel may be
9  pursuing agendas that have little or nothing to do with the best interests of the
10 Settlement Class. See id. and Exs. 1 and 2 thereto.

### IV. OBJECTORS' CONTENTION THAT THE SIDE LETTER PRESENTS A "POTENTIALLY SERIOUS PROCEDURAL PROBLEM" IS UNSUPPORTED IN LAW

13     Objectors mischaracterize the February 5, 2010 letter from American Honda
14 as the "settling parties [having] returned to the negotiating table." See Objectors'
15 Mem. at 1. In truth, American Honda provided these clarifications and de minimis
16 modifications voluntarily and did not "negotiate" with anyone. See Kiser Decl.,
17 Ex. A hereto, at ¶ 9 (attaching February 5, 2010 Letter). In fact, these minor
18 clarifications and amendments do not create any "procedural problem," much less
19 one that is "serious." Compare Objectors' Mem. at 2, with In re Wireless
20 Facilities, Inc. Sec. Litig., 253 F.R.D. 607, 616 (S.D. Cal. 2008) (observing that
21 "[t]he Court may approve the Settlement, with such modifications as may be
22 agreed to by the Settling Parties, if appropriate, without further notice to the
23 Settlement Class); In Re Napster, Inc. Copyright Litig., No. C-MDL-00-1369,
24 2007 WL 2907892, at *4 (N. D. Cal. Oct. 2, 2007) (same); In re Diet Drugs Prods.
25 Liab. Litig., 226 F.R.D. 498, 506 (E.D. Pa. 2005) (no additional notice to class
26 required for five "technical changes" to the settlement agreement). Nor do the
27 Objectors point to any authority that would suggest otherwise. See Objectors'
28

LATHAM&WATKINS LLP
ATTORNEYS AT LAW
CHICAGO

3

Case Number: 5:07-cv-00287-VAP-OP
Response of American Honda Motor Co., Inc. to Memorandum of Objectors Goldberg, Nannery and Burghardt

1 | Mem. at 2.

2 | Moreover, the Settlement Agreement in this case expressly provides that the Parties can "agree to and adopt such amendments, modifications or expansions of this Agreement . . . as (ii) do not limit the rights of the members of the Settlement Class." <u>See</u> Settlement Agreement at ¶44. Indeed, these kinds of provisions are routinely held to be enforceable and appropriate. <u>See</u>, e.g., <u>In re Conseco Life Ins. Co. Cost of Ins. Litig.</u>, MDL No. 04-1610, 2007 WL 3170134, at *5 (C.D. Cal. July 3, 2007) (observing that the parties to a class action settlement may agree to "amend, modify, or expand the terms and provisions of the Settlement Agreement and its implementing documents without notice to the Class or approval from the Court, provided that such changes are consistent with this Final Judgment and do not materially limit the rights of Class Members under the Settlement Agreement."). Thus, the Objectors' dire warning about the so-called "procedural problem" is baseless and utterly without merit.

In any event, however, should the Court deem it appropriate to advise the 584 settlement class members who requested exclusion of the minor modifications reflected in the February 5, 2010 letter from American Honda in order to give them an opportunity to (as the Objectors describe it) "change their decision," (tacitly conceding the inherent value of Option A and Option B) American Honda would be more than happy to do so.[3]

---

[3] The Objectors' contentions concerning the Fuel Economy DVD and their cursory dismissal of the serious manageability issues that would arise if the claims in this case were tried on a class basis are fully addressed in American Honda's Final Approval Submission and, therefore, are not reiterated here. <u>See</u> American Honda's Final Approval Submission (dkt.#149) at pp.15-22.

LATHAM&WATKINS LLP
ATTORNEYS AT LAW
CHICAGO

4

Case Number: 5:07-cv-00287-VAP-OP
Response of American Honda Motor Co., Inc. to Memorandum of Objectors Goldberg, Nannery and Burghardt

| | | |
|---|---|---|
| 1 | Dated: February 19, 2010 | Respectfully submitted, |
| 2 | | LATHAM & WATKINS LLP |
| 3 | | By /s/ Livia M. Kiser |
| 4 | | One of the Attorneys for Defendant AMERICAN HONDA MOTOR CO., INC. |

LATHAM & WATKINS LLP
   Wendy Harper (#223690)
633 West Fifth Street, Suite 4000
Los Angeles, California 90071-2007
Telephone: (213) 485-1234
Facsimile: (213) 891-8763
E-mail: wendy.harper@lw.com

LATHAM & WATKINS LLP
   Mark S. Mester (*pro hac vice*)
   Livia M. Kiser (*pro hac vice*)
233 South Wacker Drive, Suite 5800
Chicago, Illinois 60606
Telephone: (312) 876-7700
Facsimile: (312) 993-9767
E-mail: mark.mester@lw.com
       livia.kiser@lw.com

*Attorneys for Defendant American Honda Motor Co., Inc.*

LATHAM & WATKINS LLP
ATTORNEYS AT LAW
CHICAGO

5

Case Number: 5:07-cv-00287-VAP-OP
Response of American Honda Motor Co., Inc. to Memorandum of Objectors Goldberg, Nannery and Burghardt