CUNEO GILBERT & LADUCA LLP
Jonathan W. Cuneo (*pro hac vice*)
William H. Anderson (*pro hac vice*)
507 C Street, NE
Washington, DC 20002
Telephone: (202) 789-3960
Facsimile: (202) 789-1812

CHIMICLES & TIKELLIS LLP
Nicholas E. Chimicles (*pro hac vice*)
Denise Davis Schwartzman (*pro hac vice*)
361 West Lancaster Avenue
Haverford, PA 19041
Telephone: (610) 642-8500
Facsimile: (610) 649-3633

Attorneys for Plaintiffs John True and Gonzalo Delgado

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA
# EASTERN DIVISION – RIVERSIDE

| | |
|---|---|
| JOHN TRUE, et al., <br><br> Plaintiffs, <br><br> v. <br><br> AMERICAN HONDA MOTOR CO., INC., <br><br> Defendant. | CASE NO. ED 07-cv-287 VAP-OP <br><br> **PLAINTIFFS' THIRD SUPPLEMENTAL STATUS REPORT** <br><br> **DATE: AUGUST 20, 2010** <br> **TIME: 2:00 pm** <br> **STATUS CONFERENCE** |

Counsel for Named Plaintiffs John True and Gonzalo Delgado ("Plaintiffs' Counsel") submit this third supplemental status report, and state as follows:

Recent Case Developments

1. Since Plaintiffs last status report was filed, there have been significant new developments in this case that directly relate to the underlying legal claims asserted in this action as well as to the claims currently pending in the two parallel actions in California state court and a newly filed federal action.

2. It appears that in its efforts to improve fuel economy for the Honda Civic Hybrid ("HCH") and deliver the 50 MPG promised in its advertising, Honda made certain adjustments directly affecting its unique Integrated Motor Assist ("IMA" or "hybrid") system for at least model years 2006 through 2008 that may have expanded the battery operating range in order to achieve better EPA and consumer fuel economy numbers.[1] As it turns out, these adjustments caused the IMA battery to deteriorate and wear out prematurely, rendering the HCH not only unable to achieve the advertised fuel economy of 50 MPG, but also creating a safety hazard for drivers by dangerously underpowering the vehicle.

3. Instead of undertaking to replace all of the IMA batteries under warranty or otherwise, which could cost Honda between $2,000 and $3,000 per battery for the tens of thousands of HCHs affected, Honda instead shifted the burden to class members by embarking on an undisclosed effort to swap out batteries for some customers who complained or to install a so-called "software fix" to re-program the car's hybrid system in a way that reduces

---

[1] Sam Abuelsamid, "Honda's fix for prematurely dying Civic hybrid batteries hurting fuel economy, performance?" August 16, 2010, at http://www.autoblog.com/2010/08/16/hondas-fix-for-prematurely-dying-civic-hybrid-batteries-hurting/

strain on the battery and prolongs its failure until the expiration of the warranty period.[2] This "software fix" also has the effect of drastically reducing performance and fuel economy.

4. Honda's undisclosed adjustment program also caught the eye of the California Air Resources Board, which regulates vehicle emissions and which was not properly notified of the modification, resulting in discussions with Honda to determine whether the updates increase emissions (a potential legal violation that could trigger a mandatory recall, fines, or both).[3]

5. In response, Honda has sent an August 2010 "product update" offering a free software update to all model year 2006 through 2008 HCH owners. The product update is attached as <u>Exhibit A.</u>

6. Honda admits in the service bulletin that:

  a. When the car is at Auto Idle Stop (*e.g.* traffic lights) the gasoline engine will restart sooner;

  b. Even when the IMA battery displays four bars, Auto Idle Stop may not occur (gasoline engine may not cut out);

  c. The IMA system will reserve battery power reducing IMA assist as vehicle speed increases (putting more demand on the gasoline engine); and

  d. The battery "state of charge" will stay in the middle of the gauge much longer (reflecting limited usage of the IMA electric motor and greater demand on the gasoline engine).

7. The more demand on the gasoline engine, the more gasoline is consumed by the HCH.

---

[2] <u>Id.</u>

[3] Ken Bensinger, <u>Los Angeles Times</u>, "Fix for Civic Hybrid's Dying Batteries May Hurt Gas Mileage, Acceleration," August 14, 2010.

8. The August 2010 service bulletin from Honda and the circumstances leading up to it constitute a watershed event that is closely intertwined with Plaintiffs' existing claims concerning the false advertising of the HCH's fuel economy and have resulted in Plaintiffs' Counsel's taking the following actions:

   a. On August 18, 2010, Plaintiffs' Counsel filed an action in the Central District of California, *Gibble v. American Honda Motor Co., Inc.*, Case No: CV10- 6148 (C.D. Cal.), alleging breach of warranty and false advertising claims on behalf of a nationwide class with respect to the IMA battery in the 2006-2008 HCH models. A copy of the *Gibble* Complaint is attached as <u>Exhibit B.</u> The *Gibble* case was designated as a related case to the *True* litigation. Other class representatives may step forward with similar claims, and Plaintiffs' Counsel may seek leave to amend the operative complaint in the *True* action and move to consolidate all of the federal cases, as the new false advertising and breach of warranty claims are closely intertwined with the pending claims asserting Honda's false advertising of the fuel economy for the HCH.

   b. On August 16, 2010, Plaintiffs' Counsel filed an amended complaint in *Thieben v. American Honda Motor Co., Inc.*, Case No. BC 441454 (Los Angeles County Superior Court) pending in the Superior Court of Los Angeles County, to add false advertising and breach of warranty claims to the existing false advertising claims as a result of these significant developments concerning the HCH battery. (Plaintiffs filed a Corrected Amended Complaint on August 17, 2010, which is attached as <u>Exhibit C</u>).

9. Under these circumstances, no plaintiff's counsel can responsibly address at this time the subject of settlement of <u>any</u> false advertising, breach of

warranty or related claims concerning the fuel economy of the HCH. Plaintiffs' Counsel will require full and complete discovery of the systemic problems that historically have plagued the HCH's performance and fuel economy.

10. These new developments will materially impact the course of the *True* litigation. Honda's alleged false advertising and breach of warranty with respect to the IMA battery, all of which became a focal point on the heels of Honda's August 2010 service bulletin, are clearly intertwined with the original false advertising claims relating to the HCH fuel economy. Indeed, there appears to be a causal link between the demonstrably inferior HCH mileage performance and Honda's wholly inadequate efforts to increase mileage output by adjusting the IMA system. Those adjustments have now apparently created a whole new series of HCH performance and safety problems.

Plaintiffs' Position

11. Had it not been for these recent developments, Plaintiffs' Counsel would likely have been requesting this Court's assistance in protecting its jurisdiction over a conditionally certified class covering nearly 200,000 HCH owner class members to whom notice of pendency has already been mailed.

12. It is well-established that a court can exercise jurisdiction over absent class members when the class members have received notice and have been given an opportunity to opt out. *Phillips Petroleum Co. v. Shutts*, 472 U.S. 797, 812 (1985).

13. Before the unfolding of the recent case developments, Plaintiffs' position would have been to characterize Honda's behavior of shifting its mediation efforts away from the mediator selected in this case as the manifestation of Honda's transparent effort to conduct a reverse auction in the State court,

to the detriment of the noticed settlement class.[4] Such conduct would be the proper subject of a motion pursuant to the All Writs Act to enjoin any act by Honda to settle the *True* claims anywhere other than in this Court. *In re Diet Drugs Product Liability Litigation*, 282 F.3d 220, 236 (3d Cir. 2002); see also *Hanlon v. Chrysler Corp.*, 150 F.3d 1011, 1025 (9th Cir.1998) (affirming the district court's injunction of state court proceedings where it had preliminarily approved a nationwide class settlement).

14. Plaintiffs' Counsel respectfully suggest that at the August 20, 2010 status conference the following be addressed:

   a. A schedule to consolidate the federal actions so that all claims relating to the HCH fuel economy issues are set forth in a single unitary pleading;

   b. A schedule for conducting discovery in support of and relating to plaintiffs' class certification motion;

   c. The *Lockabey*-related mediation.

---

[4] As Defendant reported in its Status Report of August 13, 2010 (Dkt. # 189), Defendants participated in a full-day mediation session before Justice Howard B. Wiener (ret.) (Dkt # 189 at ¶ 8) in connection with the *Lockabey* case pending in San Diego County Superior Court. Plaintiffs' Counsel were not invited to participate in this mediation session, nor were Plaintiffs' Counsel even informed that the mediation session had been scheduled. After the mediation session had been concluded, at the apparent request of Justice Wiener, on July 29, 2010 counsel for the *Lockabey* plaintiffs reached out to Plaintiffs' Counsel to invite their participation in further mediation. On August 10, 2010, Plaintiffs' Counsel informed Justice Wiener that they would only participate in mediation after conferring with and receiving approval from this Court. See Exhibit D. We expect the Court is as curious as Plaintiffs' Counsel as to what Honda's counsel means when they describe the mediation as "productive" (see Dkt. # 189 at ¶ 9).

6

Respectfully Submitted,

Date: August 18, 2010

                    CHIMICLES & TIKELLIS LLP

                    By: /s/ Nicholas E. Chimicles

                        Nicholas E. Chimicles

                    Denise Davis Schwartzman
                    One Haverford Centre
                    361 West Lancaster Avenue
                    Haverford, Pennsylvania 19041
                    Telephone: (610) 642-8500
                    Facsimile: (610) 649-3633

Date: August 18, 2010

                    CUNEO GILBERT & LaDUCA LLP

                    By: /s/ Jonathan W. Cuneo

                        Jonathan W. Cuneo

                    William H. Anderson
                    507 C Street, N.E.
                    Washington, D.C. 20002
                    Telephone: (202) 789-3960
                    Facsimile: (202) 789-1813

*Counsel for Plaintiffs John True and Gonzalo Delgado*

## CERTIFICATE OF SERVICE

I, Denise Davis Schwartzman, hereby certify that on this 18th day of August, 2010, I served the foregoing Plaintiffs' Third Supplemental Status Report through the Court's CM/ECF system upon all counsel registered with that system.

/s/ Denise Davis Schwartzman
Denise Davis Schwartzman