LATHAM & WATKINS LLP
  Wendy Harper (SB#223690)
355 South Grand Avenue
Los Angeles, California 90071-1560
Telephone: (213) 891-7767
Facsimile: (213) 891-8763
E-mail: wendy.harper@lw.com

LATHAM & WATKINS LLP
  Mark S. Mester (*pro hac vice*)
233 South Wacker Drive, Suite 5800
Chicago, Illinois 60606
Telephone: (312) 876-7700
Facsimile: (312) 993-9767
E-mail: mark.mester@lw.com

BARACK FERRAZZANO KIRSCHBAUM
& NAGELBERG LLP
  Livia M. Kiser, Esq. (*pro hac vice*)
200 West Madison Street, Suite 3900
Chicago, Illinois 60606
Telephone: (312) 984-3100
Facsimile: (312) 984-3150
E-mail: livia.kiser@bfkn.com

*Attorneys for Defendant American Honda Motor Co., Inc.*

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**
**EASTERN DIVISION - RIVERSIDE**

| | |
|---|---|
| JOHN TRUE, et al., | **CASE NO. 5:07-cv-00287-VAP-OP** |
| Plaintiffs, | **MEMORANDUM OF AMERICAN HONDA MOTOR CO., INC. REGARDING THE COURT'S PRIOR CERTIFICATION OF A SETTLEMENT CLASS** |
| v. | |
| AMERICAN HONDA MOTOR CO., INC., | |
| Defendant. | **PRETRIAL CONF. & TRIAL DATE: NOT YET SCHEDULED** |

As requested by the Court at the June 20, 2011 status hearing in Gibble v. American Honda, Case No. 2:10-cv-06148-VAP-OP (C.D. Cal.), and Stouch v. American Honda, Case No. 2:10-cv-06236-VAP-OP (C.D. Cal.), American Honda Motor Co., Inc. ("American Honda") submits the following memorandum

regarding the status of the Court's prior certification of a settlement class in this matter:

## I. INTRODUCTION AND FACTUAL BACKGROUND

On March 2, 2009, Plaintiffs John True and Gonzalo Delgado ("Plaintiffs") sought preliminary approval of a settlement class. See Pls.' March 2, 2009 Mot. Mot. for Preliminary Approval (Dkt. #92); Pls.' March 4, 2009 Mem. in Supp. of Mot. for Preliminary Approval (Dkt. #97). As specified in their moving papers, Plaintiffs and their counsel asked the Court to enter a preliminary approval order "<u>conditionally</u> certifying <u>for</u> <u>settlement</u> <u>purposes</u> <u>only</u> a Settlement Class . . . and providing for notice to members of the Settlement Class." See Pls.' March 4, 2009 Mem. in Supp. of Mot. for Preliminary Approval (Dkt. #97) at 1 (emphasis supplied).

On August 27, 2009, this Court, in turn, certified a settlement class consisting of the following persons:

> All persons who purchased or leased a new Honda Civic Hybrid automobile model years 2003 through 2008 in the United States of America including the District of Columbia.

Aug. 27, 2009 Preliminary Approval Order (Dkt. #114) at 3-4. The Court's August 27, 2009 Preliminary Approval Order, however, makes clear that the certification of the Settlement Class was provisional and for settlement purposes only: "[T]he Court hereby preliminarily certifies, for settlement purposes only, a Settlement Class . . ." See id. at 3. The Court's August 27, 2009 Preliminary Approval Order further provided as follows:

> The preliminary certification of the Settlement Class and the Lawsuit as a class action is <u>for settlement purposes only</u> and <u>shall be terminated and without further force or effect and without prejudice to either Party in connection with any future proceedings in the Lawsuit</u>, including any future motion with respect to class certification, if: (i) the Court fails to approve the Agreement as written or if on appeal the Court's approval is reversed or modified; or (ii) the Final Order and Judgment is not entered by the Court or is reversed or modified on appeal or otherwise fails for any reason.

Id. at 4 (emphasis supplied).

2

Memorandum of American Honda Motor Co., Inc. Regarding
The Court's Prior Certification Of A Settlement Class
True, et al., v. American Honda Motor Co., Inc.
Case No. 5:07-cv-00287-VAP-OP

1   Following the Court's certification of a settlement class, Plaintiffs' counsel
2   filed a motion for final approval of the aforementioned settlement.  See Pls.' Feb.
3   8, 2010 Motion for Final Approval of Settlement (Dkt. #144).  On February 26,
4   2010, however, the Court denied Plaintiffs' motion without prejudice.  See Feb. 26,
5   2010 Order (Dkt. #166).  In so doing, the Court issued a comprehensive written
6   opinion and identified six (6) principal concerns with the proposed settlement.  See
7   id.; see also American Honda's April 19, 2010 Status Report (Dkt. #173) at 2-3
8   (identifying the six principal concerns).

9   In an effort to address each of the concerns identified by the Court, the
10  parties engaged in further mediation efforts before Judge William A. Cahill as well
11  as Justice Howard B. Wiener.[1]  See American Honda's April 19, 2010 Status
12  Report (Dkt. #173); June 14, 2010 Joint Status Report (Dkt. #176); American
13  Honda's June 21, 2010 Status Report (Dkt. #180); American Honda's July 23,
14  2010 Response to Pls.' Joint Status Report (Dkt. #188); American Honda's Aug.
15  13, 2010 Supplemental Status Report (Dkt. #189); Dec. 15, 2010 Joint Status
16  Report (Dkt. #201); March 25, 2011 Joint Status Report (Dkt. #204); May 11, 2011
17  Joint Status Report (Dkt. #206).  Those efforts continued over a period of months.
18  See id.

19  Last summer, however, additional class cases were filed by Plaintiffs'
20  counsel.  See Compl., Gibble v. American Honda, Case No. 2:10-cv-06148-VAP-
21  OP (C.D. Cal.) (Dkt. #1); Compl., Stouch v. American Honda, Case No. 2:10-cv-
22  06236-VAP-OP (C.D. Cal.) (Dkt. #1).  Those cases raised additional claims and

---

[1] Shortly after the Court issued its February 26, 2010 Order, a class action was filed in San Diego County Superior Court, making similar claims to those asserted in this case.  See Lockabey v. American Honda, Case No. 37-1010-00087755-CU-BT-CTL (San Diego County Superior Court).  Lockabey was assigned to Judge Timothy B. Taylor, and on July 2, 2010, Judge Taylor directed the parties to mediation before Justice Howard B. Wiener.  See American Honda's July 23, 2010 Response to Pls.' July 19, 2010 Supplemental Status Report (Dkt. #188) at 1-3; American Honda's Aug. 13, 2010 Supplemental Status Report (Dkt. #189) at 2-3.

3

Memorandum of American Honda Motor Co., Inc. Regarding
The Court's Prior Certification Of A Settlement Class
True, et al., v. American Honda Motor Co., Inc.
Case No. 5:07-cv-00287-VAP-OP

1 allegations that were <u>not</u> included in this case, namely claims involving the IMA
2 battery in Model Year 2006-2008 Civic Hybrids and a software update that
3 American Honda issued in July of 2010.[2]  <u>See</u> <u>id.</u>

4     Due to the presence of these additional claims, the mediation efforts before
5 Justice Wiener extended through the fall and early winter.  <u>See</u>, <u>e.g.</u>, Dec. 15, 2010
6 Joint Status Report (Dkt. #201).  As part of those efforts, a substantial amount of
7 discovery was exchanged, with American Honda providing class counsel with over
8 17,000 pages of documents relating to the IMA battery and system, responses to
9 written questions and the opportunity for class counsel and their experts to inspect
10 and test a Civic Hybrid with and without the update issued in July of 2010.  <u>See</u>
11 Kiser Decl., Ex. 1 to March 25, 2011 Joint Status Report (Dkt.#204).

12     At a final mediation session before Justice Wiener on April 28, 2011, the
13 parties reached agreement on all material settlement terms, subject to
14 memorialization in a comprehensive written agreement. <u>See</u> June 13, 2011 Joint
15 Status Report, <u>Gibble v. American Honda</u>, Case No. 2:10-cv-06148-VAP-OP
16 (C.D. Cal.) (Dkt.#34); June 13, 2011 Joint Status Report, <u>Stouch v. American</u>
17 <u>Honda</u>, Case No. 2:10-cv-06236-VAP-OP (C.D. Cal.) (Dkt.#23).  In that
18 agreement, the parties addressed each of the issues raised by this Court in its
19 February 26, 2010 Order, and the parties also addressed the IMA claims included
20 in <u>Gibble</u>, <u>Stouch</u> and <u>Thieben</u>.  <u>See</u> <u>id.</u>

21     On June 20, 2011, the parties appeared before this Court for a status hearing
22 in <u>Gibble</u> and <u>Stouch</u>.  <u>See</u> May 11, 2011 Order Setting Scheduling Conference,

---

[2] In all, three additional cases were filed by Plaintiffs' counsel:  (1) <u>Gibble v. American Honda</u>, Case No. 2:10-cv-06148-VAP-OP (C.D. Cal.); (2) <u>Stouch v. American Honda</u>, Case No. 2:10-cv-06236-VAP-OP (C.D. Cal.); and (3) <u>Thieben v. American Honda</u>, Case No. BC 441454 (Los Angeles County Superior Court). <u>Gibble</u> and <u>Stouch</u> were filed in this district and later consolidated with this case. <u>See</u> Oct. 27, 2010 Order re Transfer, <u>Gibble v. American Honda</u>, Case No. 2:10-cv-06148-VAP-OP (C.D. Cal.) (Dkt. #24); Oct. 27, 2010 Order re Transfer, <u>Stouch v. American Honda</u>, Case No. 2:10-cv-06236-VAP-OP (C.D. Cal.) (Dkt. #15). <u>Thieben</u> remains pending in the Los Angeles County Superior Court.

28

4

Memorandum of American Honda Motor Co., Inc. Regarding
The Court's Prior Certification Of A Settlement Class
True, <u>et al.</u>, v. American Honda Motor Co., Inc.
Case No. 5:07-cv-00287-VAP-OP

Gibble v. American Honda, Case No. 2:10-cv-06148-VAP-OP (C.D. Cal.) (Dkt. #32); May 11, 2011 Order Setting Scheduling Conference, Stouch v. American Honda, Case No. 2:10-cv-06236-VAP-OP (C.D. Cal.) (Dkt. #21). At that hearing, the Court raised the prior certification of a settlement class in this case and asked the parties to address the significance of that provisional certification vis-à-vis the contemplated approval process for the comprehensive settlement agreement the parties reached in the mediation before Justice Wiener. See June 20, 2011 Hr'g Tr. at 8-10.

## II. DISCUSSION

As Judge Walker noted in In re TD Ameritrade, this is an "unusual situation." See In re TD Ameritrade, 266 F.R.D. 418, 424 (N.D. Cal. 2009); see also, e.g., Sylvester v. Cigna Corp., 383 F. Supp. 2d 194, 198 (D. Me. 2005) (noting the conditional nature of certification of a settlement class). The denial of final approval, however, abrogates the provisional certification of a settlement class:

> Denial of final approval of the proposed settlement presents an unusual situation. The May 1, 2009 order of preliminary approval granted "provisional certification of the settlement class" and confirmed Kamber Edelson LLC, Parisi & Havens LLP, Scott A Kamber and Ethan Mark Preston ("Kamber et al") as lead counsel. As the certification was provisional and preliminary to final approval, denial of final approval abrogates provisional class certification and the interim appointment of Kamber et al as class counsel. Hence, no class has been certified and no appointment of class counsel has been made under FRCP 23(g).

In re TD Ameritrade, 266 F.R.D. at 424 (citation omitted) (emphasis supplied); see also, e.g., Buchet v. ITT Consumer Finance Corp., 845 F. Supp. 684, 689 (D. Minn. 1994) (decertifying settlement class following denial of final approval).

As noted above, the settlement class certified by this Court on August 27, 2009 was provisionally certified for purposes of facilitating notice to the settlement class and seeking final approval of the proposed settlement. See Aug. 27, 2009 Preliminary Approval Order (Dkt. #114) at 2-3 (certifying Settlement Class

5

Memorandum of American Honda Motor Co., Inc. Regarding
The Court's Prior Certification Of A Settlement Class
True, et al., v. American Honda Motor Co., Inc.
Case No. 5:07-cv-00287-VAP-OP

"preliminarily" and "for purposes of settlement only"). As the Court's Preliminary Approval Order also made clear, however, the provisional certification of the settlement class was "terminated and without further force or effect" when the Court declined to enter the Final Order and Judgment. See id. at 4. Accordingly, because final approval was denied, the parties should be "returned to the status quo each occupied before entry of [the preliminary approval order]." See Sylvester, 383 F. Supp. 2d at 198.[3]

### III. CONCLUSION

American Honda respectfully submits that under the circumstances, and pursuant to the August 27, 2009 Preliminary Approval Order previously entered by the Court, the Court's prior certification of a settlement class has been or should be abrogated. In the event, however, that the Court has any remaining questions or concerns, we would be happy to address them.

Dated: September 2, 2011          Respectfully submitted,

COUNSEL FOR AMERICAN HONDA MOTOR CO., INC.

By: /s/ Mark S. Mester

LATHAM & WATKINS LLP
Mark S. Mester (*pro hac vice*)
233 South Wacker Drive, Suite 5800
Chicago, Illinois 60606
Telephone: (312) 876-7700
Facsimile: (312) 993-9767
E-mail: mark.mester@lw.com

---

[3] Because the provisional certification of a settlement class was abrogated by the Court's denial of final approval, the requirements of Fed. R. Civ. P. 23(e) should not apply. See Fed. R. Civ. P. 23(e) (addressing the requirements for the settlement, voluntary dismissal or compromise of the claims of a certified class); see also id. Fed. R. Civ. P. 23 advisory committee's note on 2003 Amendments ("The new rule requires approval only if the claims, issues, or defenses of a certified class are resolved by a settlement, voluntary dismissal, or compromise.") (emphasis supplied).

6

Memorandum of American Honda Motor Co., Inc. Regarding
The Court's Prior Certification Of A Settlement Class
True, et al., v. American Honda Motor Co., Inc.
Case No. 5:07-cv-00287-VAP-OP

LATHAM & WATKINS LLP
Wendy Harper (SB#223690)
355 South Grand Avenue
Los Angeles, California 90071-1560
Telephone: (213) 891-7767
Facsimile: (213) 891-8763
E-mail: wendy.harper@lw.com

BARACK FERRAZZANO KIRSCHBAUM & NAGELBERG LLP
Livia M. Kiser, Esq. (*pro hac vice*)
200 West Madison Street, Suite 3900
Chicago, Illinois 60606
Telephone: (312) 984-3100
Facsimile: (312) 984-3150
E-mail: livia.kiser@bfkn.com

*Attorneys for Defendant*
*American Honda Motor Co., Inc.*

7

Memorandum of American Honda Motor Co., Inc. Regarding
The Court's Prior Certification Of A Settlement Class
True, et al., v. American Honda Motor Co., Inc.
Case No. 5:07-cv-00287-VAP-OP